1   ANDREW P. GORDON, ESQ.
    Nevada Bar No. 3421
2   McDONALD CARANO WILSON LLP
    2300 West Sahara Avenue, Suite 1000
3   Las Vegas, Nevada  89102
    (702) 873-4100
4   agordon@mcdonaldcarano.com
5   *Attorneys for Defendant Rational Poker School Limited*

6                UNITED STATES DISTRICT COURT
                      DISTRICT OF NEVADA
7

8   1ST TECHNOLOGY LLC,                    Case No.:  06-cv-1110

9

10                                         **RATIONAL POKER SCHOOL
    vs.                                    LIMITED'S MOTION FOR MORE
11                                         DEFINITE STATEMENT PURSUANT TO
                                           FED.R.CIV.P. 12(e)**
12  RATIONAL ENTERPRISES LTDA,
    RATIONAL POKER SCHOOL LIMITED,         Oral Argument Requested
13  BODOG ENTERTAINMENT GROUP S.A.,
    BODOG.NET, BODOG.COM, and
14  FUTUREBET SYSTEMS LTD.,

15                    Defendants.

16      Rational Poker School Limited ("Rational Poker School"), by and through counsel, hereby

17  moves this Court for an Order pursuant to Fed. R. Civ. P. 12(e) requiring a more definite

18  statement by Plaintiff 1st Technology LLC. ("Plaintiff").

19      This Motion is made and based upon the papers and pleadings on file herein, the

20  following Memorandum of Points and Authorities, and any oral argument the Court may permit.

21      Dated this / 4th day of December, 2006.

22

23                                         McDONALD CARANO WILSON LLP

24

25                                         _____
                                           Andrew P. Gordon, Esq. (#3421)
26                                         2300 West Sahara Avenue, Suite 1000
                                           Las Vegas, Nevada  89102
27                                         *Attorneys for Defendant Rational Poker
                                           School Limited*

28

*(left margin, vertical text)* McDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The Complaint of Plaintiff 1st Technology LLC ("Plaintiff") fails to name the products or actions it asserts infringe the asserted patent, United States Patent No. 5,564,001 (the "'001 Patent"), entitled "Method and System for Interactively Transmitting Multimedia Information Over a Network Which Requires a Reduced Bandwidth." Without this information, Rational Poker School Limited ("Rational Poker School") cannot reasonably formulate a response to the charges in the Complaint. Rational Poker School therefore seeks an order under Fed. R. Civ. P. 12(e) for a more definite statement of the claims against it, to allow it to formulate a proper response.

## II.    STATEMENT OF FACTS

On September 8, 2006, Plaintiff filed its Complaint against Rational Poker School and other parties, asserting that they had infringed the '001 Patent. Plaintiff's assertion of infringement against Rational Poker School was limited to the following statements:

> Rational Poker School has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent. Rational Poker School has infringed the '001 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271. (Complaint, ¶ 6)
>
> . . .
>
> Rational Poker School has infringed and continues to infringe at least Claim 26 of the '001 Patent. (Complaint, ¶ 16)

Plaintiff also stated that the alleged infringement was willful, and sought an injunction against the sale of "products or services that come within the scope of the '001 Patent." Complaint, ¶ 22. Nowhere in the Complaint does Plaintiff specify which Rational Poker School "software products" allegedly infringe the '001 Patent.

## III.    ARGUMENT

Rule 8(a)(2) requires a plaintiff to provide a "short and plain statement of the claim showing the claimant is entitled to relief." Fed. R. Civ. 8(a)(2). Rule 12(e) allows a party to move for a more definite statement "if a pleading to which a responsive pleading is permitted is so

Page 2

McDONALD·CARANO·WILSON℠
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

1  vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[1]

2  These rules offer clarity to the court and litigants as to who is being sued and on what grounds,

3  "thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Indus.,*

4  *Inc. v. Tru-Arx Mfg., LLC,* 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006) (citing *McHenry v.*

5  *Renne,* 84 F.3d 1172, 1179-1180 (9th Cir. 1996)). Moreover, these rules prevent unintelligble

6  claims to which a defendant cannot effectively respond. *See Woods v. Reno Commodities, Inc.,*

7  600 F. Supp. 574, 580 (D. Nev. 1984).

8        Prior to filing this suit on September 8, Plaintiff did not communicate with Rational Poker

9  School and did not inform Rational Poker School which of its products and/or actions allegedly

10  infringe the '001 Patent. Continuing this pattern, Plaintiff's Complaint also does not identify any

11  Rational Poker School products or actions that allegedly infringe the '001 Patent. Rational Poker

12  School, therefore, cannot formulate a concise, efficient, and complete response to the Complaint.

13        Under similar circumstances, courts have ordered plaintiffs to provide a more definite

14  statement setting forth which products they are accusing of infringement. In *Agilent Techs., Inc.*

15  *v. Micromuse, Inc.,* 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004), the plaintiff's Complaint, like

16  the Complaint in this case, merely alleged that defendant "makes, sells, or offers products for

17  sale" that infringed the plaintiff's patents without specifying the accused products. *Agilent*

18  *Techs.,* 2004 WL 2346152 at *6. The court stated that "[defendant] is entitled to know which of

19  its products and services are alleged to have infringed [plaintiff's] patents," and granted

20  defendant's motion for a more definite statement under Rule 12(e). *Id.* at *6. Other courts have

21  noted that "[d]efendant[s] cannot realistically be expected to frame a responsive pleading without

22  risk of prejudice in the absence of any indication as to which of its products are accused." *eSoft,*

23  *Inc. v. Astaro Corp.,* 2006 WL 2164454, *2 (D. Colo. July 31, 2006); *see also In re Papst*

24  *Licensing GmbH Patent Litigation,* 2001 WL 179926 (E.D. La. Feb. 22, 2001) (ordering plaintiff

25  to specify the allegedly infringing products in an amended complaint). An Amended Complaint

26  specifying the accused products will also serve the interests of judicial efficiency, by focusing the

27

28    [1]  A Rule 12(e) motion is committed to the discretion of the Court. *See Rendon v. Fresno Police Dept.,* 2005 WL 1925859, at *2 (E.D. Cal. Aug. 11, 2005).

McDONALD·CARANO·WILSON<sup>LLP</sup>
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

1    discovery process on the appropriate products and limiting potential controversies in discovery.

2    *See Bay Indus.*, 2006 WL 3469599 at *2.

3            Requiring Plaintiff to amend its Complaint to provide a more definite statement of its

4    claim again Rational Poker School should not unreasonably burden Plaintiff. To comply with its

5    Rule 11 obligation, Plaintiff should have identified the accused products and made a good-faith

6    comparison of the asserted claims to them prior to filing suit. The Federal Circuit has held that

7    Rule 11 requires attorneys in patent infringement actions to "interpret the asserted patent claims

8    and *compare the accused device with those claims* before filing a claim alleging infringement."

9    *See Q-Pharma, Inc. v. The Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004)

10    (emphasis added); *Bay Indus.*, 2006 WL 3469599 at *2 (stating that the Rule 11 requirement

11    "insures that plaintiff has a proper basis for bringing suit in the first place"). Requiring Plaintiff

12    simply to reveal the names of those products in an Amended Complaint places no significant

13    burden on it. *Bay Indus.*, 2006 WL 3469599 at *2 ("if a plaintiff cannot describe with some

14    specificity the product he claims infringes his patent, there is reason to question" whether plaintiff

15    has made a "reasonable inquiry . . . to insure that the factual allegations have evidentiary

16    support"). "Assuming plaintiff has properly investigated his claim before filing suit, there is no

17    reason not to inform [Rational Poker School] precisely which products are at issue." *Bay Indus.*,

18    2006 WL 3469599 at *2.

19    **IV.    CONCLUSION**

20            For the reasons discussed herein, Rational Poker School respectfully requests that the

21    Court order Plaintiff to amend its Complaint under Fed. R. Civ. P. 12(e) to provide a more definite

22    statement and specifically identify the allegedly infringing product and/or conduct.

23            RESPECTFULLY submitted this /4th day of December, 2006.

24

25            McDONALD CARANO WILSON LLP

26            Andrew P. Gordon, Esq. (#3421)

27            2300 West Sahara Avenue, Suite 1000
        Las Vegas, Nevada  89102

28            *Attorneys for Rational Poker School Limited*

McDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that on this __14__ day of December, 2006, I mailed a copy of the

foregoing *RATIONAL POKER SCHOOL LIMITED'S MOTION FOR MORE DEFINITE*

*STATEMENT PURSUANT TO FED.R.CIV.P. 12(e)* to the following:

    HUTCHISON & STEFFEN, LLC
    Mark A. Hutchison, Esq. (#4639)
    L. Kristopher Rath, Esq. (#5749)
    10080 W. Alta Drive, Suite 200
    Las Vegas, Nevada 89145
    *Attorneys for Plaintiff 1st Technology LLC*

_____
An Employee of McDonald Carano Wilson LLP

125560 1

Page 5