ANDREW P. GORDON, ESQ.
Nevada Bar No. 3421
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
(702) 873-4100
agordon@mcdonaldcarano.com
*Attorneys for Defendant Rational Poker School Limited*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC, | Case No.: 06-cv-1110 |
| vs. | **RATIONAL POKER SCHOOL LIMITED'S REPLY IN SUPPORT OF ITS MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV P. 12(e)** |
| RATIONAL ENTERPRISES LTDA, RATIONAL POKER SCHOOL LIMITED, BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, BODOG.COM, and FUTUREBET SYSTEMS LTD., | Oral Argument Requested |
| Defendants. | |

Rational Poker School Limited ("Poker School"), by and through counsel, hereby files its Reply in support of its Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e). This Reply is made and based upon the papers and pleadings already on file herein, the following Memorandum of Points and Authorities, and any oral argument the Court may permit.

Dated this ⟋⟍ day of January, 2007.

MCDONALD CARANO WILSON LLP

Andrew P. Gordon (#3421)
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
*Attorneys for Rational Poker School Limited*

McDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

1st Technology LLC's ("1st Technology") Opposition makes it clear that it knows the product that it is accusing of infringement and can adequately identify that product. Nevertheless, the Complaint provides no notice whatsoever that the only accused product is the software available for download from Poker School's web site. The Court should require 1st Technology to amend its Complaint to put the identity of the accused software where it properly belongs -- in the Complaint itself. Otherwise the Complaint is unmoored from the facts allegedly justifying its filing and the efficient progression of this case will be hindered.

## II.    ARGUMENT

1st Technology's assertion that Poker School simply takes exception to its failure to name the accused products is a straw man. The issue is not 1st Technology's failure to use the software's "name," but rather the Complaint's singular lack of any identifying facts regarding the accused software. The Complaint nowhere states that the '001 Patent is an invention used in online gaming software, and that the software available for download from Poker School's www.pokerstars.net web site embodies that patented invention, as Form 16 of the Federal Rules suggests is required.[1] The statements in paragraph 13 of the Complaint are not directed to the asserted '001 patent, but to unknown patents not at issue in this case. *See* Complaint at ¶ 13. The Complaint, on its face, does not provide sufficient information to put Poker School on notice of what is accused of infringement and does not allow Poker School to prepare a complete Answer without undue uncertainty and prejudice.

Moreover, Poker School did not receive any communications from 1st Technology before 1st Technology filed this suit. Recognizing this failure, 1st Technology attempts to confuse the issue by referring to its communications with another defendant, Rational Enterprises LTDA

---

[1]    The example in Form 16 specifies that the patent involved in the case covered a particular product, an electric motor, and identifies the allegedly infringing product as being an electric motor embodying the patented invention.

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

("REL")   Regardless of any alleged similarities between their websites, Poker School is not REL and the software available for download from its web site is not the same as REL's.   1st Technology never communicated its infringement allegations to Poker School prior to filing this action.

1st Technology's Opposition, which states that "the software being offered through Rational Poker School's PokerStars.net website is that which 1st Technology is accusing of infringing the '001 Patent," is the first document informing Poker School of the software that is accused of infringing the '001 Patent.  Indeed, 1st Technology goes to great lengths to provide details specifying the accused software in its Opposition, going so far as to quote end-user agreements found on Poker School's PokerStars.net website and producing screen shots of that website.  However, no matter how much detail 1st Technology presented in its Opposition regarding the allegedly infringing software, 1st Technology cannot avoid the fact that the governing pleading -- the Complaint -- lacks all of this detail.

1st Technology should not be permitted to maintain a vague, open-ended Complaint, when it knows precisely for which software it believes it has a legally sufficient basis (in conformance with Rule 11) to allege infringement of the '001 Patent.  To allow otherwise would lead to unnecessary discovery disputes, inefficient pleadings, and overall inefficient resolution of the case.  *See Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006).  Nor should 1st Technology be allowed to use its Opposition to rectify the deficiencies of its Complaint.  Another court faced with an insufficiently detailed Complaint but pleadings providing details about the accused products still required the plaintiff to file an amended complaint.  The court in *Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152, *6 (S.D.N.Y. Oct. 19, 2004), faced with a complaint that simply accused Defendant of "mak[ing], sell[ing], or offer[ing] products for sale … that infringe [Plaintiff]'s patents," stated:

> Although [Plaintiff]'s papers submitted in opposition to [Defendant]'s various motions suggest that [Defendant] possesses at least four infringing products, those products have not been formally accused.  Under these circumstances, [Defendant] is entitled to know which of its products or services are alleged to

Page 3

McDONALD·CARANO·WILSON℠
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

1    In this case, 1st Technology's Opposition makes it clear that it is accusing only one

2    software of infringement -- "the software being offered through Rational Poker School's

3    PokerStars net website." Opposition at 4. As in *Agilent*, this Court should require Plaintiff to

4    amend its complaint to formally accuse that single software in order to ensure that Poker School's

5    Answer is efficient, complete, and limited to the issues presented in this case.

6    **III.    CONCLUSION**

7    For the foregoing reasons, Poker School respectfully requests that this Court require 1st

8    Technology to amend its Complaint to contain a more definite statement of its claims.

9    RESPECTFULLY submitted this _12_ day of January, 2007.

10   McDONALD CARANO WILSON LLP

11

12   Andrew P. Gordon, Esq. (#3421)
     2300 West Sahara Avenue, Suite 1000

13   Las Vegas, Nevada 89102
     *Attorneys for Rational Poker School Limited*

14

15   **CERTIFICATE OF SERVICE**

16   I HEREBY CERTIFIY that on this _12_ day of January, 2007, I mailed a copy of the

17   foregoing ***RATIONAL POKER SCHOOL LIMITED'S RELY IN SUPPORT OF ITS MOTION***

18   ***FOR MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(e)*** to the following:

19

20   HUTCHISON & STEFFEN, LLC
     Mark A. Hutchison, Esq. (#4639)

21   L. Kristopher Rath, Esq. (#5749)
     10080 W. Alta Drive, Suite 200

22   Las Vegas, Nevada 89145
     *Attorneys for Plaintiff 1st Technology LLC*

23

24

25   An Employee of McDonald Carano Wilson LLP

26   126648 1

27

28

McDONALD·CARANO·WILSON⸚
2300 WEST SAHARA AVENUE • NO. 10. SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966