UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1ST TECHNOLOGY LLC, ) | Case No.: 2:06-cv-1110-RLH-GWF |
| Plaintiff, ) | **O R D E R** |
| vs. ) | (Motion for a More Definite Statement–#8) |
| RATIONAL ENTERPRISES LTDA, ) RATIONAL POKER SCHOOL LIMITED, ) BODOG ENTERTAINMENT GROUP S.A., ) BODOG.NET, and BODOG.COM, ) | |
| Defendants. ) | |

Before the Court is Defendant Rational Poker School Limited's ("Rational Poker") **Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e)** (#8), filed December 14, 2006. The Court has also considered Plaintiff 1st Technology LLC's ("1st Technology") Opposition (#13), filed December 29, 2006, and Defendant's Reply (#14), filed January 12, 2007. The Court notes that Rational Poker requests oral argument in the present matter. However, on the basis of the filings before the Court, the Court feels that a hearing on these papers would be fruitless, and declines Rational Poker's request.

////

////

AO 72
(Rev. 8/82)

1

# BACKGROUND

1st Technology initiated this action on September 7, 2006, alleging infringement of United States Patent No. 5,564,001, entitled "Method and System for Interactively Transmitting Multimedia Information Over a Network Which Requires Reduced Bandwidth" ("the '001 Patent"). 1st Technology alleges that Rational Poker has infringed and continues to infringe at least Claim 26 of the '001 Patent. (Compl. ¶ 16.) Rational Poker now moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Specifically, Rational Poker requests that 1st Technology expressly state which Rational Poker product allegedly infringes the '001 Patent.

# DISCUSSION

## I. Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e)

### A. Standard

A motion for a more definite statement should not be granted unless the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). This liberal standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that contain a "short and plain statement of the claim." Rule 12(e) motions are disfavored and rarely granted because of the minimal pleading requirements of the Federal Rules. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) (citing *In re Am. Int'l Airways, Inc.*, 66 B.R. 642, 645 (E.D. Pa. 1986)). Parties are expected to use the discovery process, not pleadings, to learn the specifics of the claims being asserted. *Id.* Where the substance of a claim has been alleged but some of the details have been omitted, the motion will likely be denied. *Boxall v. Sequoia High Sch. Dist.*, 464 F. Supp. 1104, 1113-14 (N.D. Cal. 1979).

### B. 1st Technology's Complaint

In the instant motion, Rational Poker argues that the Complaint does not provide sufficient information to put it on notice of which product allegedly infringes the '001 Patent.

The Complaint alleges that 1st Technology is the assignee and owner of all right, title, and interest in the '001 Patent (Compl. ¶ 4), that Rational Poker has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent (Compl. ¶ 6), and that Rational Poker has infringed and continues to infringe at least Claim 26 of the '001 Patent (Compl. ¶ 16). Yet, Rational Poker argues that it has not been afforded fair notice absent an allegation of specific products that infringe the '001 Patent. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding Rule 8(a) requires a statement "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

The appendix to the Federal Rules of Civil Procedure provides the following form as a guideline for pleading patent infringement: "Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court." *See* Fed. R. Civ. P. app. Form 16; *see also* Fed. R. Civ. P. 84 (stating that forms in the appendix to the Federal Rules of Civil Procedure "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate"). Here, 1st Technology's allegation that Rational Poker is infringing 1st Technology's patent by selling software products containing at least Claim 26 of the '001 Patent is sufficiently specific to withstand a Rule 12(e) motion.

In support of its motion, Rational Poker relies on distinguishable patent infringement cases from other circuits in which the courts granted Rule 12(e) motions. In the present case, there is not a plethora of patent claims from various patents to be applied to several hundred possibly infringing products. *See In re Papst Licensing GmbH Patent Litigation*, No. Civ. A. MDL 1298, 2001 WL 179926, *1 (E.D. La., Feb. 22, 2001). Nor is this case one in which Rational Poker would be required to "compare its approximately 40 products to at least 20 claims" without any limiting parameters. *See Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 WL 3469599, *1-2 (E.D. Wis., Nov. 29, 2006). In another case cited by Rational Poker School,

1  the court required a more detailed pleading from the plaintiff, but distinguished its decision from one where there "was a finite set of potentially infringing products under identified patents." *See Agilent Technologies, Inc. v. Micromuse, Inc.*, No. 4 Civ. 3090, 2004 WL 2346152, *5 (S.D.N.Y., Oct. 19, 2004). 1st Technology has identified a specific claim of a single patent which it alleges Rational Poker's software products are infringing. By setting forth such a limiting parameter, 1st Technology does not place an unreasonable burden on Rational Poker in answering the Complaint. A greater degree of specificity is not required by the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Rational Poker's Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) (#8) is DENIED.

Dated: February 20, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**