1 | Charles McCrea (NV State Bar No. 104)
**LIONEL SAWYER & COLLINS**
2 | 1700 Bank of America Plaza
300 South Fourth Street
3 | Las Vegas, Nevada 89101
Tel 702.383.8981
4 | Fax 702.383.8845
cmccrea@lionelsawyer.com
5 |
James D. Nguyen (CA State Bar No. 179370)
6 | Uleses C. Henderson, Jr. (CA State Bar No. 225246)
*Pro Hac Vice Applications To Be Submitted*
7 | **FOLEY & LARDNER LLP**
2029 Century Park East, 35th Floor
8 | Los Angeles, California 90067-3021
Tel: 310-277-2223; Fax: 310-557-8475
9 | jnguyen@foley.com
uhenderson@foley.com
10 |
Attorneys for Specially Appearing Defendants
11 | **BODOG ENTERTAINMENT GROUP S.A.,** and
erroneously named Specially Appearing Defendants
12 | **BODOG.NET** and **BODOG.COM**

13 |

14 | **UNITED STATES DISTRICT COURT**

15 | **DISTRICT OF NEVADA**

16 | **FIRST TECHNOLOGY LLC,**                    Case No: 2:06-cv-1110-RLH-GWF

17 |                Plaintiff,

18 |

19 |        vs.

20 | **RATIONAL ENTERPRISES LTDA.,**              **MOTION OF SPECIALLY APPEARING DEFENDANTS BODOG ENTERTAINMENT GROUP S.A. AND ERRONEOUSLY NAMED SPECIALLY APPEARING DEFENDANTS BODOG.NET AND BODOG.COM TO SET ASIDE DEFAULT JUDGMENT**
**RATIONAL POKER SCHOOL**
21 | **LIMITED, BODOG**
**ENTERTAINMENT GROUP S.A.,**
22 | **BODOG.NET, BODOG.COM, AND**
**FUTUREBET SYSTEMS LTD.,**
23 |
24 |                Defendants.

25 |

26 |

27 |

28 |

MOTION TO SET ASIDE DEFAULT JUDGMENT
2:06-cv-11105-RLH-GWF

LACA_867338.1

Dockets.Justia.com

1    Specially Appearing Defendants Bodog Entertainment Group S.A., and

2  erroneously named Specially Appearing Defendants Bodog.net and Bodog.com

3  (collectively "Bodog Entertainment") hereby move the Court pursuant to Rule

4  55(c) of the Federal Rules of Civil Procedure to set aside the default judgment

5  entered by the Clerk on July 25, 2007.

6    This motion is brought on the ground that good cause to lift the default

7  judgment exists under Fed. R. Civ. P. 55(c) because service of the summons and

8  complaint was defective and because counsel for plaintiff First Technology LLC

9  ("First Technology") failed to notify counsel for Bodog Entertainment before

10  moving to enter default judgment.

11    This motion is made and based upon Fed. R. Civ. P. 55(c), the Memorandum

12  of Points and Authorities filed herewith, the Declaration of Diane E. Tucker, the

13  Declaration of Gerardo Umana, the entire court file in this action, and all other

14  evidence and argument that may be introduced at a hearing.

15

16  Dated:  August 31, 2007                    Respectfully submitted,

17

18                          By:  _____/s/ Charles McCrea_____
                                 Charles McCrea
19                               **LIONEL SAWYER & COLLINS**

20
                                 Attorneys for Specially Appearing Defendants
21                               **BODOG ENTERTAINMENT GROUP S.A.,**
                                 and erroneously named Specially Appearing
22                               Defendants **BODOG.NET** and
                                 **BODOG.COM**
23

24

25

26

27

28

LACA_867338.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Having never effected proper service of this lawsuit; and without having first inquired counsel for Bodog Entertainment of its intention to proceed, First Technology caused the entry of default judgment in this case.  Not only does this District therefore have no jurisdiction over Bodog Entertainment, but counsel for First Technology violated his obligation under Nevada Rule of Professional Conduct 3.5A.  Pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, there is good cause for this court to set aside an entry of default judgment.

## II.    FACTUAL BACKGROUND

This lawsuit involves allegations of infringement of an Internet related method patent by a prolific patent litigant.  The merits of this case have never been litigated.    Instead, default judgment was simply entered against Bodog Entertainment absent proper notice.

Within one week of the Clerk's entry of default judgment in this case, First Technology caused a judgment of $48,937,456.00 to be enforced in Superior Court of the State of Washington, King County.  See Exhibit A.  In accordance with the state court's enforcement, thousands of Bodog Entertainment's registered domain names (as well as domain names of other entities not defendants in this action) were seized on August 21, 2007, and are currently being held to be liquidated in satisfaction of the nearly $50 million judgment in favor of First Technology.  Even worse, thousands of domain names were seized even though not authorized by the Washington state seizure order.

. . . .

. . . .

. . . .

LACA_867338.1

## III.    THIS COURT SHOULD SET ASIDE THE DEFAULT JUDGMENT AGAINST BODOG ENTERTAINMENT

Rule 55(c) of the Federal Rules of Civil Procedure states that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Although Rule 55(c) requires a showing of "good cause" to vacate a default, as a practical matter "when considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b)." *Hawaii Camenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Rule 60(b) states that "the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." Moreover, "[d]efault judgments are ordinarily disfavored, [as] [c]ases should be decided upon their merit whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A.    Bodog Entertainment Was Never Properly Served In This Case

When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity. *Gallo v. Crawford*, 2007 U.S. Dist. LEXIS 17291 (D. Nev. 2007). Failure to properly serve a defendant with process pursuant to Fed. R. Civ. P. 4 constitutes good cause to set aside an entry of default judgment. *See generally Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 425-26 (9th Cir. 1973) (failure to serve properly constituted a lack of jurisdiction to enter default judgment, thus default judgment was set aside); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where a plaintiff fails to serve process properly); *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 2007 U.S. Dist. LEXIS 60708 (D. Nev. 2007).

LACA_867338.1

The requirements for service upon corporations pursuant to Fed. R. Civ. P. 4(h)(1) is instructive on this issue. Rule 4(h) requires that service on a corporation must be effected by delivering a copy of the summons and complaint to "an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." On November 23, 2006, First Technology allegedly served Bodog Entertainment by leaving Victoria Mora with the Summons and Complaint in this action at an office address in San Jose, Costa Rica. However, Victoria Mora, an administrative assistant at Bodog Entertainment, is neither an officer, managing or general agent, or any other agent authorized to accept service of process on behalf of Bodog Entertainment. Umana Decl., ¶ 3.

Consequently, having never been properly served in this lawsuit, this District Court lacks jurisdiction over Bodog Entertainment. *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ("[A] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). First Technology's default judgment against Bodog Entertaiment is therefore void. *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 425-26 (9th Cir. 1973).

"Bodog.com" and "Bodog.net" were also allegedly served in the same manner. First Technology bears the burden to sufficiently specify the identity of a defendant such that the Court can determine whether the defendant is a real person or entity amenable to suit in federal court. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999). Since domain names are not proper entities, they too were improperly served. Accordingly, the default judgment against the domain names must also be void.

LACA_867338.1

**B.**    **Counsel for Plaintiff Failed to Notify Bodog Entertaiment Before Entering Default**

The Nevada Rule of Professional Conduct 3.5A provides that, "[w]hen a lawyer knows or reasonably should know the identity of a lawyer representing an opposing party, he or she should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed."

The Nevada Supreme Court has held that the language currently in the Nevada Rule of Professional Conduct 3.5A requires one party to notify the opposing party before entering default. *Cen Val Leasing Corp. v. Bockman*, 99 Nev. 612, 668 (Nev. 1983); *Estes v. S. Nev. Adult Mental Health*, 2006 U.S. Dist. LEXIS 81550 (D. Nev. 2006). Failure to do so requires a district court to set aside default judgment. *Id.*

In late December 2006, First Technology had filed a separate lawsuit against Riptown.com Media captioned *First Technology, LLC v. Riptown.com Media*, District of Nevada, Case No. 2:06-CV-1650-JCM-GWF. Service was attempted on Riptown.com Media. The lawsuit was personally served on Diane E. Tucker, General Counsel for various "Bodog" businesses.

In late April 2007, Diane E. Tucker, General Counsel for various "Bodog" businesses, sent to L. Kristopher Rah, counsel for First Technology, a letter regarding *First Technology, LLC v. Riptown.com Media*. Declaration of Diane E. Tucker ("Tucker Decl."), ¶ 1-2, *See* Exhibit B. The letter explained that Riptown.com Media is a fictitious business name of another entity, and thus attempted service was defective. Tucker Decl., Exhibit B. Following that correspondence, Mr. Rah never contacted Ms. Tucker regarding *First Technology, LLC v. Riptown.com Media*. Nor did Mr. Rah ever contact Ms. Tucker regarding this case (until his attempted service on or about August 21, 2007 of a Judgment

LACA_867338.1

1  Enforcement Action in Washington state court.  Of course, by then, default
2  judgment had already been entered in this District).  Tucker Decl., ¶ 3.

3      Having previously received correspondence relating to *First Technology,*
4  *LLC v. Riptown.com Media*, Mr. Rah should have reasonably known that Ms.
5  Tucker also or likely represented Bodog Entertainment.  Mr. Rah's failure to cause
6  the entry of a default judgment against Bodog Entertainment without first inquiring
7  about Ms. Tucker's intention to proceed violates Nevada Rule of Processional
8  Conduct 3.5A.  As a consequence, this district court must set aside the default.
9  *Cen Val Leasing Corp.*, 99 Nev. 612, 668 (1983) ("[T]he district court was
10 **required** to set aside the default."  Emphasis added.); *Estes v. S. Nev. Adult Mental*
11 *Health*, 2006 U.S. Dist. LEXIS 81550 (D. Nev. 2006) (The District Court of
12 Nevada set aside an entry of default because plaintiff's counsel failed to contact
13 defendants' counsel prior to moving for the clerk's entry of default).

14     **C.**    **Setting Aside The Default Judgment Will Not Prejudice First**
15             **Technology**

16     "To be prejudicial, the setting aside of a judgment must result in greater
17 harm than simply delaying resolution of the case."  *TCI Group Life Ins. Plan v.*
18 *Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).  For instance, "the delay must result
19 in tangible harm such as loss of evidence, increased difficulties of discovery, or
20 greater opportunity for fraud or collusion."  *Id.* (quoting *Thompson v. American*
21 *Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).  "[M]erely being forced to
22 litigate on the merits cannot be considered prejudicial for purposes of lifting a
23 default."  *TCI Group*, 244 F.3d at 701.  Since cases should be decided upon their
24 merits whenever reasonably possible, Bodog Entertainment should be allowed to
25 litigate this case on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.
26 1986).

27 . . . .

28

LACA_867338.1

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, defendants respectfully request that this Court lift the default entered against them on July 25, 2007, and permit them to defend this case on the merits. Should this Court issue an order lifting the default, defendants are prepared to file a response to the Complaint within 20 days of the entry of such order.

Dated: August 31, 2007                    Respectfully submitted,


By:    ___/s/ Charles McCrea___
Charles McCrea
**LIONEL SAWYER & COLLINS**

Attorneys for Specially Appearing Defendants
**BODOG ENTERTAINMENT GROUP S.A.,**
and erroneously named Specially Appearing
Defendants **BODOG.NET** and
**BODOG.COM**

LACA_867338.1

# EXHIBIT A

# EXHIBIT A

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9    1st Technology LLC,

10                    Plaintiff,

11           v.

12    BODOG ENTERTAINMENT GROUP S.A.,
      BODOG.NET, AND BODOG.COM,

13

14                    Defendants.

Case No.   No. 07-2-25305-0 SEA

NOTICE TO BODOG OF ORDER
GRANTING WRIT OF EXECUTION
AND SALE

15    TO:    **BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND
             BODOG.COM**

16

17    Plaintiff 1st Technology LLC hereby provides you notice (pursuant to RCW

18    RCW 6.17.130) that the Court entered the Order granting its Motion for a Writ

19    of Execution, a copy of which is attached.  Plaintiff further provides notice

20    that it may commence auction/sales procedures with respect to any or all of

21

22    the domain names listed in Exhibit A to the Order – such auction may

23    commence on or after August 31, 2007.   Copies of RCW 6.15.010 and

24    6.15.060 are attached hereto.

25

26    _____
      Venkat Balasubramani, WSBA No. 28269

27    Attorney for 1st Technology LLC

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

**CERTIFICATE OF SERVICE**

I hereby certify and declare that on August 24, 2007, I caused (i) the attached

Notice of Order and Sale; (ii) copies of the Order; (iii) copies of RCW 6.15.010

and 6.15.060; and (iv) copies of appraisals for the following domain names:

BODOG.COM, BODOG.NET, BODOGMUSIC.COM,

BODOGBATTLEOFTHEBANDS.COM, BODOG.CO.UK, BODOGPOKER.COM,

BODOGCASINO.COM, BODOGFIGHT.COM, BODOGNATION.COM,

BODOGSPORTSBOOK.COM, BODOGAFFILIATE.COM, BODOGAFFILIATES.COM, to

be mailed via (1) first class US Mail and (2) registered mail to Defendants at the

following address:

> **Oficentro Ejecutive Sabana Sur, Edificio 7**
> **5 Piso San Jose**
> **San Jose, Costa Rica 01017**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24th, 2007, at Seattle, Washington.

Venkat Balasubramani, WSBA No. 28269
Attorney for 1st Technology LLC

NOTICE TO BODOG
OF ORDER GRANTING
WRIT OF EXECUTION AND SALE - 2

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

FILED

07 AUG 21 PM 2:55

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 1st Technology LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>BODOG ENTERTAINMENT GROUP S.A.,<br>BODOG.NET, AND BODOG.COM,<br><br>     Defendants. | CASE NO:  07-2-25305-0 SEA<br><br>[PROPOSED] ORDER GRANTING<br>MOTION FOR WRIT OF<br>EXECUTION RE DOMAIN NAMES<br><br>BODOG.COM;<br>BODOG.NET;<br>BODOG.CO.UK;<br>BODOGPOKER.COM;<br>BODOGCASINO.COM;<br>BODOGSPORTSBOOK.COM;<br>BODOGAFFILIATE.COM;<br>BODOGAFFILIATES.COM;<br>BODOGNATION.COM;<br>BODOGFIGHT.COM; AND<br><br>ANY OTHER DOMAIN NAMES<br>LISTED IN EXHIBIT A |

TO:    the eNom Inc., and any other registrar(s) of the domain names listed on **Exhibit A**, attached hereto (the "**Registrar**"):

(1)    The Registrar is DIRECTED to confirm registration of the foregoing domain names and to produce a list of any other domain names registered to Defendants or any of Defendants' affiliated entities ("**Defendants**"), including those registered through an entity affiliated with Registrar;

[PROPOSED] ORDER GRANTING MOTION FOR WRIT
OF EXECUTION RE DOMAIN NAMES - 1

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

(2)   With respect to the domain names that are registered to Defendants (the "**Domain Names**"), the Registrar is hereby ORDERED to transfer control over all of the Domain Names to Plaintiff;

(3)   The Registrar is hereby ORDERED to cooperate with Plaintiff with respect to the selling, liquidation (via the Registrar's auction mechanism or another mechanism of Plaintiff's choosing), or other use of all of the Domain Names.

(4)   In the event Plaintiff desires to auction any of the Domain Names, Plaintiff shall set reserve pricing at 10% of the amount determined via an appraisal for the Domain Names either through the Registrar or through any other reputable third party (the "**Appraisal**"). Plaintiff shall then transmit the Appraisal to the Court as part of the official record of the auction procedure (i.e., at the conclusion of the auction; prior notice is not required) (with a copy to Defendants at their last known address, as listed on the Application of Transfer for Foreign Judgment). Provided Plaintiff complies with the procedure set forth herein, Plaintiff shall not be held liable for breach or violation of any duties with respect to the auction of the Domain Names. Nothing herein shall preclude Plaintiff, or any third parties affiliated with it from bidding on and registering (and subsequently exploiting or using) any of the Domain Names.

(5)   The Court makes clear that the intent of this Order is to allow Plaintiff to liquidate or otherwise monetize the Domain Names without incurring any expense.  Plaintiff may decide not to auction the Domain Names, and instead may operate the Domain Names in any manner it sees fit, including exploiting any traffic to the sites accessible via the Domain Names.  In the event Plaintiff wishes to transfer the Domain Names to itself, it may obtain an appraisal either through the Registrar or through any other reputable third party (the "**Appraisal**").  Plaintiff shall transmit the Appraisal to the Court as part of the

BALASUBRAMANI LAW
8426 40ᵀᴴ AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

official record of the transfer (with a copy to Defendants at their last known address, as listed on the Application of Transfer for Foreign Judgment).

(6)     Plaintiff shall have the right to use Defendant's trademarks (and shall be granted a license to such trademarks, as necessary) if required to effect this Order and Plaintiff shall not otherwise be interfered with by Defendants, Defendants' agents, the Registrar or ICCAN (Internet Corporation for Assigned Names and Numbers), in effecting this Order. The Registrar and ICCAN are to comply with this Order.

(7)     Defendants and any third parties are forever ENJOINED from using in any way the Domain Names and are prohibited from attempting to re-register the Domain Names (either directly or through an agent) with any entity whatsoever.

(8)     The Registrar is hereby ORDERED to reject any request to change registrars or otherwise move, transfer, or cancel the Domain names unless directed otherwise in writing by the Plaintiff.


Herein fail not, and have you then and there this Writ.


_____
Hon. Superior Court Judge
this 21st day of Augus , 2007.

(9) Plaintiff shall provide statutory notice to defendants of entry of this order granting motion for writ of execution. ᴶᴾᴮ

(10) In the event of sale or transfer of the above-mentioned assets upon which plaintiff has executed any surplus funds shall be deposited into the Registry of the Court. ᴶᴾᴮ

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**EXHIBIT A**

DOMAIN NAMES

BALASUBRAMANI LAW
8426 40ᵀᴴ AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

bodog.com
bodog.net
bodog.co.uk
bodogpoker.com
bodogcasino.com
bodogsportsbook.com
bodogaffiliate.com
bodogaffiliates.com
bodognation.com
bodogfight.com


bodog.org
bodog.info
bodog.mobi
bodog.biz
bodog.us
bodog.co.uk
bodog.tv
bodog.cc
bodog.eu
bodog.nu
bodog.ca
bodog.name
bodog.ac
bodog.me.uk
bodog.am
bodog.ms
bodog.at
bodog.net.cn
bodog.be
bodog.nl
bodog.bz
bodog.cn
bodog.org.cn
bodog.org.nz
bodog.co.nz
bodog.com.cn
bodog.org.uk
bodog.com.mx
bodog.com.tw
bodog.de
bodog.fm

bodog.tc
bodog.in
bodog.io
bodog.it
bodog.jp
bodog.vg
bodog.ws
bodog.la
bodogpoker.com
bodogpoker.net
bodogpoker.org
bodogpoker.info
bodogpoker.mobi
bodogpoker.biz
bodogpoker.us
bodogpoker.co.uk
bodogpoker.tv
bodogpoker.eu
bodogpoker.ca
bodogpoker.nl
bodogpoker.cn
bodogpoker.de
bodogpoker.ws
bodogpoker.za.com
bodogcasino.com
bodogcasino.net
bodogcasino.org
bodogcasino.mobi
bodogcasino.biz
bodogcasino.us
bodogcasino.co.uk
bodogcasino.tv
bodogcasino.cc
bodogcasino.eu
bodogcasino.cn
bodogcasino.de
bodogcasino.za.com
bodogsportsbook.com
bodogsportsbook.net
bodogsportsbook.org
bodogsportsbook.info
bodogsportsbook.mobi
bodogsportsbook.biz
bodogsportsbook.us

bodogsportsbook.eu
bodogsportsbook.cn
bodogsportsbook.co.nz
bodogfight.com
bodogfight.net
bodogfight.org
bodogfight.info
bodogfight.mobi
bodogfight.biz
bodogfight.us
bodogfight.co.uk
bodogfight.tv
bodogfight.cc
bodogfight.eu
bodogfight.ca
bodogfight.at
bodogfight.be
bodogfight.nl
bodogfight.bz
bodogfight.cn
bodogfight.com.mx
bodogfight.de
bodogfight.in
bodogfight.it
bodogfight.ws
bodogmusic.com
bodogmusic.net
bodogmusic.org
bodogmusic.info
bodogmusic.mobi
bodogmusic.biz
bodogmusic.us
bodogmusic.co.uk
bodogmusic.tv
bodogmusic.cc
bodogmusic.eu
bodogmusic.ca
bodogmusic.name
bodogmusic.at
bodogmusic.be
bodogmusic.nl
bodogmusic.cn
bodogmusic.de
bodogmusic.it

bodogmusic.jp
bodogmusic.ws
bodogmusic.la
bodognation.com
bodognation.net
bodognation.org
bodognation.info
bodognation.mobi
bodognation.biz
bodognation.us
bodognation.co.uk
bodognation.tv
bodognation.eu
bodognation.ca
bodognation.at
bodognation.be
bodognation.nl
bodognation.cn
bodognation.co.nz
bodognation.com.mx
bodognation.com.tw
bodognation.de
bodognation.in
bodognation.it
bodognation.jp
bodognation.ws
bodognation.za.com
bodogbattleofthebands.com
bodogbattleofthebands.net
bodogbattleofthebands.org
bodogbattleofthebands.info
bodogbattleofthebands.mobi
bodogbattleofthebands.biz
bodogbattleofthebands.us
bodogbattleofthebands.co.uk
bodogbattleofthebands.tv
bodogbattleofthebands.cc
bodogbattleofthebands.eu
bodogbattleofthebands.ca
bodogbattleofthebands.at
bodogbattleofthebands.net.cn
bodogbattleofthebands.be
bodogbattleofthebands.nl
bodogbattleofthebands.de

bodogbattleofthebands.it
bodogbattleofthebands.jp
bodogbattleofthebands.ws
bodogbattleofthebands.la
bodogaffiliates.com
bodogaffiliates.net
bodogaffiliates.org
bodogaffiliates.info
bodogaffiliates.mobi
bodogaffiliates.biz
bodogaffiliates.us
bodogaffiliates.co.uk
bodogaffiliates.eu
bodogaffiliates.ca
bodogaffiliates.at
bodogaffiliates.be
bodogaffiliates.co.nz
bodogaffiliates.in
bodogaffiliates.jp
bodogaffiliates.ws
bodogaffiliate.com
bodogaffiliate.net
bodogaffiliate.org
bodogaffiliate.info
bodogaffiliate.mobi
bodogaffiliate.biz
bodogaffiliate.us
bodogaffiliate.co.uk
bodogaffiliate.eu
bodogaffiliate.ca
bodogaffiliate.at
bodogaffiliate.net.cn
bodogaffiliate.be
bodogaffiliate.nl
bodogaffiliate.cn
bodogaffiliate.co.nz
bodogaffiliate.com.mx
bodogaffiliate.de
bodogaffiliate.sa.com
bodogaffiliate.de.com
bodogaffiliate.in
bodogaffiliate.it
bodogaffiliate.jp
bodogaffiliate.ws

bodogtv.com
bodogtv.net
bodogtv.org
bodogtv.info
bodogtv.mobi
bodogtv.biz
bodogtv.us
bodogtv.tv
bodogtv.cc
bodogtv.cn
bodogtv.la
bodogbeat.com
bodogbeat.net
bodogbeat.org
bodogbeat.info
bodogbeat.mobi
bodogbeat.biz
bodogbeat.us
bodogbeat.co.uk
bodogbeat.tv
bodogbeat.eu
bodogbeat.ca
bodogbeat.at
bodogbeat.be
bodogbeat.cn
bodogbeat.co.nz
bodogbeat.com.mx
bodogbeat.com.tw
bodogbeat.de
bodogbeat.in
bodogbeat.it
bodogbeat.jp
bodogbeat.ws
bodogbeat.za.com
bodoglotto.net
bodoglotto.org
calvinayre.com
calvinayre.net
calvinayre.org
calvinayre.info
calvinayre.mobi
calvinayre.biz
calvinayre.us
calvinayre.tv

calvinayre.ca
calvinfoundation.com
calvinfoundation.net
calvinfoundation.org
calvinfoundation.biz
calvinfoundation.us
calvinfoundation.tv
calvinfoundation.cc
calvinfoundation.la
calvinayrefoundation.com
calvinayrefoundation.net
calvinayrefoundation.org
calvinayrefoundation.info
calvinayrefoundation.mobi
calvinayrefoundation.biz
calvinayrefoundation.us
calvinayrefoundation.co.uk
calvinayrefoundation.tv
calvinayrefoundation.cc
calvinayrefoundation.eu
calvinayrefoundation.nu
calvinayrefoundation.ca
calvinayrefoundation.name
calvinayrefoundation.at
calvinayrefoundation.net.cn
calvinayrefoundation.be
calvinayrefoundation.nl
calvinayrefoundation.bz
calvinayrefoundation.cn
calvinayrefoundation.com.mx
calvinayrefoundation.de
calvinayrefoundation.in
calvinayrefoundation.io
calvinayrefoundation.it
calvinayrefoundation.jp
calvinayrefoundation.vg
calvinayrefoundation.ws
calvinayrefoundation.la
bodogsports.com
bodogsports.net
bodogsports.org
bodogsports.info
bodogsports.mobi
bodogsports.biz

bodogsports.tv
bodogsports.eu
bodogsports.ca
bodogsports.net.nz
bodogsports.cn
bodog-tv.com
bodog-tv.net
bodogbackgammon.com
bodogbackgammon.net
bodogbingo.com
bodogbingo.net
bodogbingo.org
bodogbingo.info
bodogbingo.mobi
bodogbingo.biz
bodogbattle.com
bodogbattle.net
bodogbattle.org
bodogbattle.info
bodogbattle.mobi
bodogbattle.biz
bodogbattle.us
bodogbattle.co.uk
bodogbattle.tv
bodogbattle.cc
bodogbattle.eu
bodogbattle.ca
bodogbattle.at
bodogbattle.be
bodogbattle.net.nz
bodogbattle.nl
bodogbattle.co.nz
bodogbattle.de
bodogbattle.in
bodogbattle.it
bodogbattle.jp
bodogbattle.la
bodoggames.com
bodoggames.net
bodoggames.info
bodoggames.mobi
bodoggames.co.uk
bodoggame.com
bodoggame.net

bodoggame.info
bodoggame.mobi
bodoggame.co.uk
betbodog.com
betbodog.net

1    Presented by:

2

3    _____

4    Balasubramani Law (Venkat Balasubramani)
     Attorneys for Plaintiff
5    Bar No. 28269

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] ORDER GRANTING MOTION FOR WRIT
OF EXECUTION RE DOMAIN NAMES - 5

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

How To Use This Site | About Us | Contact Us | Search

Legislature Home | Senate | House of Representatives

Print Version | No disponible en español

RCWs > Title 6 > Chapter 6.15 > Section 6.15.010

Beginning of Chapter  <<  6.15.010 >>    6.15.020

## Inside the Legislature

* Find Your Legislator
* Visiting the Legislature
* Agendas, Schedules and Calendars
* Bill Information
* Laws and Agency Rules
* Legislative Committees
* Legislative Agencies
* Legislative Information Center
* E-mail Notifications (Listserv)
* Students' Page
* History of the State Legislature

## Outside the Legislature

* Congress - the Other Washington
* TV Washington
* Washington Courts
* ▀ OFM Fiscal Note Website



## RCW 6.15.010
# Exempt property.

Except as provided in RCW 6.15.050, the following personal property shall be exempt from execution, attachment, and garnishment:

(1) All wearing apparel of every individual and family, but not to exceed one thousand dollars in value in furs, jewelry, and personal ornaments for any individual.

(2) All private libraries of every individual, but not to exceed fifteen hundred dollars in value, and all family pictures and keepsakes.

(3) To each individual or, as to community property of spouses maintaining a single household as against a creditor of the community, to the community:

(a) The individual's or community's household goods, appliances, furniture, and home and yard equipment, not to exceed two thousand seven hundred dollars in value for the individual or five thousand four hundred dollars for the community, said amount to include provisions and fuel for the comfortable maintenance of the individual or community;

(b) Other personal property, except personal earnings as provided under RCW 6.15.050(1), not to exceed two thousand dollars in value, of which not more than two hundred dollars in value may consist of cash, and of which not more than two hundred dollars in value may consist of bank accounts, savings and loan accounts, stocks, bonds, or other securities;

(c) For an individual, a motor vehicle used for personal transportation, not to exceed two thousand five hundred dollars or for a community two motor vehicles used for personal transportation, not to exceed five thousand dollars in aggregate value;

(d) Any past due, current, or future child support paid or owed to the debtor, which can be traced;

(e) All professionally prescribed health aids for the debtor or a dependent of the debtor; and

(f) To any individual, the right to or proceeds of a payment not to exceed sixteen thousand one hundred fifty dollars on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or the right to or proceeds of a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. The exemption under this subsection (3)(f) does not apply to the right of the state of Washington, or any agent or assignee of the state, as a lienholder or subrogee under RCW 43.20B.060.

(4) To each qualified individual, one of the following exemptions:

(a) To a farmer, farm trucks, farm stock, farm tools, farm equipment, supplies and seed, not to exceed five thousand dollars in value;

(b) To a physician, surgeon, attorney, clergyman, or other professional person, the individual's library, office furniture, office equipment and supplies, not to exceed five thousand dollars in value;

(c) To any other individual, the tools and instruments and materials used to carry on his or her trade for the support of himself or herself or family, not to exceed five thousand dollars in value.

For purposes of this section, "value" means the reasonable market value of the debtor's interest in an article or item at the time it is selected for exemption, exclusive of all liens and encumbrances

Case 2:06-cv-01110-RLH-GWF     Document 36     Filed 08/31/2007     Page 27 of 46

thereon.

(5) Tuition units, under chapter 28B.95 RCW, purchased more than two years prior to the date of a bankruptcy filing or court judgment.

[2005 c 272 § 6; 2002 c 265 § 1; 1991 c 112 § 1; 1988 c 231 § 5; 1987 c 442 § 301; 1983 1st ex.s. c 45 § 8; 1979 ex.s. c 65 § 1; 1973 1st ex.s. c 154 § 13; 1965 c 89 § 1; 1886 p 96 § 1; Code 1881 § 347; 1879 p 157 § 1; 1877 p 73 § 351; 1869 p 87 § 343; 1854 p 178 § 253; RRS § 563. Formerly RCW 6.16.020.]

Notes:

     **Severability -- 1988 c 231:** See note following RCW 6.01.050.

     **Severability -- 1973 1st ex.s. c 154:** See note following RCW 2.12.030.

How To Use This Site | About Us | Contact Us | Search

Legislature Home | Senate | House of Representatives

Print Version | No disponible en español

### Inside the Legislature

* Find Your Legislator
* Visiting the Legislature
* Agendas, Schedules and Calendars
* Bill Information
* Laws and Agency Rules
* Legislative Committees
* Legislative Agencies
* Legislative Information Center
* E-mail Notifications (Listserv)
* Students' Page
* History of the State Legislature

### Outside the Legislature

* Congress - the Other Washington
* TV Washington
* Washington Courts
* ▪OFM Fiscal Note Website



RCWs > Title 6 > Chapter 6.15 > Section 6.15.010

Beginning of Chapter << 6.15.010 >> 6.15.020

# RCW 6.15.010
# Exempt property.

Except as provided in RCW 6.15.050, the following personal property shall be exempt from execution, attachment, and garnishment:

   (1) All wearing apparel of every individual and family, but not to exceed one thousand dollars in value in furs, jewelry, and personal ornaments for any individual.

   (2) All private libraries of every individual, but not to exceed fifteen hundred dollars in value, and all family pictures and keepsakes.

   (3) To each individual or, as to community property of spouses maintaining a single household as against a creditor of the community, to the community:

   (a) The individual's or community's household goods, appliances, furniture, and home and yard equipment, not to exceed two thousand seven hundred dollars in value for the individual or five thousand four hundred dollars for the community, said amount to include provisions and fuel for the comfortable maintenance of the individual or community;

   (b) Other personal property, except personal earnings as provided under RCW 6.15.050(1), not to exceed two thousand dollars in value, of which not more than two hundred dollars in value may consist of cash, and of which not more than two hundred dollars in value may consist of bank accounts, savings and loan accounts, stocks, bonds, or other securities;

   (c) For an individual, a motor vehicle used for personal transportation, not to exceed two thousand five hundred dollars or for a community two motor vehicles used for personal transportation, not to exceed five thousand dollars in aggregate value;

   (d) Any past due, current, or future child support paid or owed to the debtor, which can be traced;

   (e) All professionally prescribed health aids for the debtor or a dependent of the debtor; and

   (f) To any individual, the right to or proceeds of a payment not to exceed sixteen thousand one hundred fifty dollars on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or the right to or proceeds of a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. The exemption under this subsection (3)(f) does not apply to the right of the state of Washington, or any agent or assignee of the state, as a lienholder or subrogee under RCW 43.20B.060.

   (4) To each qualified individual, one of the following exemptions:

   (a) To a farmer, farm trucks, farm stock, farm tools, farm equipment, supplies and seed, not to exceed five thousand dollars in value;

   (b) To a physician, surgeon, attorney, clergyman, or other professional person, the individual's library, office furniture, office equipment and supplies, not to exceed five thousand dollars in value;

   (c) To any other individual, the tools and instruments and materials used to carry on his or her trade for the support of himself or herself or family, not to exceed five thousand dollars in value.

   For purposes of this section, "value" means the reasonable market value of the debtor's interest in an article or item at the time it is selected for exemption, exclusive of all liens and encumbrances

thereon.

(5) Tuition units, under chapter 28B.95 RCW, purchased more than two years prior to the date of a bankruptcy filing or court judgment.

[2005 c 272 § 6; 2002 c 265 § 1; 1991 c 112 § 1; 1988 c 231 § 5; 1987 c 442 § 301; 1983 1st ex.s. c 45 § 8; 1979 ex.s. c 65 § 1; 1973 1st ex.s. c 154 § 13; 1965 c 89 § 1; 1886 p 96 § 1; Code 1881 § 347; 1879 p 157 § 1; 1877 p 73 § 351; 1869 p 87 § 343; 1854 p 178 § 253; RRS § 563. Formerly RCW 6.16.020.]

Notes:

Severability -- 1988 c 231: See note following RCW 6.01.050.

Severability -- 1973 1st ex.s. c 154: See note following RCW 2.12.030.

Glossary of Terms | Comments about this site | Privacy Notice | Accessibility Information | Disclaimer

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

| | |
|---|---|
| Appraisal Number: | 115959 |
| Domain Name Appraisal for: | BODOG.COM |
| Estimated Value: | $630.00 - $1,638.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

| | |
|---|---|
| Appraisal Number: | 115966 |
| Domain Name Appraisal for: | BODOG.NET |
| Estimated Value: | $536.00 - $1,394.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

| | |
|---|---|
| Appraisal Number: | 115967 |
| Domain Name Appraisal for: | BODOGMUSIC.COM |
| Estimated Value: | $35,740.00 - $92,924.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

| | |
|---|---|
| Appraisal Number: | 115975 |
| Domain Name Appraisal for: | BODOGBATTLEOFTHEBANDS.COM |
| Estimated Value: | $48.00 - $139.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/22/2007

| | |
|---|---|
| Appraisal Number: | 116030 |
| Domain Name Appraisal for: | BODOG.CO.UK |
| Estimated Value: | $254.00 - $660.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

| | |
|---|---|
| Appraisal Number: | 115971 |
| Domain Name Appraisal for: | BODOGPOKER.COM |
| Estimated Value: | $3,050.00 - $7,930.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

EXPRESS DOMAIN NAME APPRAISAL - 08/21/2007

Appraisal Number:           115970

Domain Name Appraisal for:  BODOGCASINO.COM

Estimated Value:            $56.00  -  $162.00

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

EXPRESS DOMAIN NAME APPRAISAL - 08/21/2007

Appraisal Number:           115968

Domain Name Appraisal for:  BODOGFIGHT.COM

Estimated Value:            $3,722.00  -  $9,677.00

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

Appraisal Number:          115969

Domain Name Appraisal for:    BODOGNATION.COM

Estimated Value:           $48.00  -  $134.00

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

Appraisal Number:          115972

Domain Name Appraisal for:    BODOGSPORTSBOOK.COM

Estimated Value:           $48.00  -  $134.00

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

| | |
|---|---|
| Appraisal Number: | 115973 |
| Domain Name Appraisal for: | BODOGAFFILIATE.COM |
| Estimated Value: | $54.00  -  $140.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

**EXPRESS DOMAIN NAME APPRAISAL** - 08/21/2007

| | |
|---|---|
| Appraisal Number: | 115974 |
| Domain Name Appraisal for: | BODOGAFFILIATES.COM |
| Estimated Value: | $48.00  -  $134.00 |

*Provided by GoDaddy.com The #1 Domain Name Registrar*

Your appraisal is based on a variety of factors related to the name itself. We have compared the name to recent sales of similar domains, evaluated recent market trends, and applied a desirability factor based on these trends. Your appraisal is backed by the #1 Domain Registrar in the World, *GoDaddy.Com*.

RECEIVED

07-2-25305-0 SEA

**SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| 1st Technology LLC, | |
| Plaintiff, | CASE NO. |
| v. | JUDGMENT SUMMARY |
| BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM, | |
| Defendants. | |

**JUDGMENT SUMMARY**

| | |
|---|---|
| Judgment Creditor: | 1st Technology LLC |
| Judgment Debtor: | BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM |
| Total Judgment Including pre and post-judgment Interest: | $48,937,456 |
| Judgment Amount: | $46,597,849 |
| Interest (319 pre , 49 days post-judgment): | $2,339,607 (4.98% /2,028,078 (pre) + $311,529 (post)) |
| Attorney's Fees/Costs: | $0.00 (Plaintiff reserves the right to petition for collection costs and fees) |
| Attorney for Judgment Creditor: | Venkat Balasubramani |
| Original Filing Date of Judgment in Court | June 13, 2007 |

JUDGMENT SUMMARY - 1

BALASUBRAMANI LAW

8426 40th Ave SW
Seattle, Washington 98136
(206) 529-4827

Expiration Date of Judgment        June 13, 2017
Under the Law in the State of its
Entry

Attached as **Exhibit A** hereto is an exemplified copy of the

Judgment

DATED this 1st day of August, 2007.

**BALASUBRMANI LAW**

By:

Venkat Balasubramani, WSBA No. 28269

8426 40th Ave SW
Seattle, Washington 98136
(206) 529-4827 phone
(206) 206-3966 fax

**ATTORNEYS FOR 1ST TECHNOLOGY LLC**

JUDGMENT SUMMARY - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**CERTIFIED COPY OF JUDGMENT**

BALASUBRAMANI LAW

8426 40th Ave SW
Seattle, Washington 98136
(206) 529-4827

AO 132  (Rev. 12/03) Exemplification Certificate

# UNITED STATES DISTRICT COURT

District of _____

## EXEMPLIFICATION CERTIFICATE

I, _____ Lance S. Wilson _____ , Clerk of this United States District Court, keeper of the records and seal, certify that the attached documents:

2:06-cv-01110-RLH-GWF 1st Technology LLC v. Rational Enterprises Ltda. et al
Document # 33,  DEFAULT JUDGMENT

are true copies of records of this Court.

In testimony whereof I sign my name and affix the seal of this Court, in this District, at Las Vegas _____ on _____ 7/25/2007 _____

| | |
|---|---|
| City | Date |
| **LANCE S. WILSON** | _signature_ |
| Clerk | (By) Deputy Clerk |

I, _____ Judge Roger L. Hunt _____ , a Judicial Officer of this Court, certify that _____ Lance S. Wilson _____ , named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal, and that this certificate, and the attestation of the record, are in accordance with the laws of the United States.

7/30/07 _____

Date

_signature_

Signature of Judge

Honorable Judge Roger L. Hunt _____

Title

I, _____ Lance S. Wilson _____ , Clerk of this United States District Court, keeper of the seal, certify that the Honorable _____ Judge Roger L. Hunt _____ ,

Judge

named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judge's Rilicial signature and know and certify the above signature to be that of the Judge.

In testimony whereof I sign my name, and affix the seal of this Court at Las Vegas _____ in this State, on _____ 07-30-

City

**LANCE S. WILSON** _signature_

Clerk                                    (By) Deputy Clerk

1   L. Kristopher Rath (5749)
    Hutchison & Steffen, LLC
2   Peccole Professional Park
    10080 Alta Drive, Suite 200
3   Las Vegas, Nevada 89145
    Telephone: (702) 385-2500
4   Facsimile:  (702) 385-2086

5   Attorneys for Plaintiff
    1ˢᵗ TECHNOLOGY LLC

6

                UNITED STATES DISTRICT COURT

7

                  DISTRICT OF NEVADA

8

9   1ST TECHNOLOGY LLC,      )    2:06-cv-01110-RLH-GWF

                      )

10         Plaintiff,      )

                      )

11   v.               )    **ORDER GRANTING PLAINTIFF**

                      )    **1ˢᵀ TECHNOLOGY LLC'S**

12   RATIONAL ENTERPRISES LTDA.,  )    **APPLICATION FOR DEFAULT**

    RATIONAL POKER SCHOOL LIMITED, )    **JUDGMENT AGAINST**

13   BODOG ENTERTAINMENT GROUP  )    **DEFENDANTS BODOG**

    S.A., BODOG.NET, BODOG.COM, and )    **ENTERTAINMENT GROUP S.A.;**

14   FUTUREBET SYSTEMS LTD.,    )    **BODOG.NET; AND BODOG.COM**

                      )    **AND ENTRY OF DEFAULT**

15         Defendants.    )    **JUDGMENT**

                      )

16

17       The Court has considered Plaintiff 1ˢᵗ Technology LLC's (hereinafter "1ˢᵗ Technology")

Application for Default Judgment Against Defendants Bodog Entertainment Group, S.A.;

18

Bodog.Net; and Bodog.Com (hereinafter the "Bodog Entities"), including the affidavit and all

19

exhibits attached thereto. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court has

20

determined that an evidentiary hearing is not necessary and that the information and affidavit

21

provided by Plaintiff is sufficient to enter default in this matter. *Time Warner Cable of New York*

22

*City v. Foote*, 2002 WL 1267993 (E.D.N.Y. 2002) (citing *Auction S.A. v. Marc Rich & Co.*, 951

23

F.2d 504, 508 (2ⁿᵈ Cir. 1991), cert. denied, 503 U.S. 1006 (1992); *Fustok v. Conticommodity*

24

*Services Inc.*, 873 F.2d 38, 40 (2ⁿᵈ Cir. 1989)).

25       The Court further finds that the amount of the default judgments is reasonably calculable

26

as set forth in detail in Mr. Lewis' Affidavit and the attached documentary evidence.

27   / / /

28

1   Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that judgment is

2   entered in this matter in favor of Plaintiff 1st Technology LLC and against the Bodog Entities,

3   jointly and severely, in the amount of FORTY SIX MILLION FIVE HUNDRED NINETY SEVEN

4   THOUSAND EIGHT HUNDRED AND FORTY-NINE DOLLARS ($46,597,849.00).  Pre and

5   post judgment interest shall accrue on said judgment at the statutory rate.

6

7   DATED:  June 13, 2007.

8                                        _____

9                                        Chief United States District Judge

10  Respectfully Submitted by:

11  HUTCHISON & STEFFEN, LLC

12

13  L. Kristopher Rath (5749)
    Peccole Professional Park
14  10080 Alta Drive, Suite 200
    Las Vegas, Nevada 89145
15
    Attorneys for Plaintiff
16  1st TECHNOLOGY LLC

17

18

19

20      I hereby attest and certify on ⁷⁻²⁵⁻⁰⁷

21      that the foregoing document is a full, true
        and correct copy of the original on file in my
22      legal custody.

23      CLERK, U.S. DISTRICT COURT
            DISTRICT OF NEVADA

24      By_____ Deputy Clerk

25

26

27

28



HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145

RECEIVED
In King County Superior Court Clerk's Office

AUG 0 1 2007

Cashier Section
Superior Court Clerk

**SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| 1st Technology LLC, | CASE NO. |
| Plaintiff, | **NOTICE OF FILING OF FOREIGN JUDGMENT AND CERTIFICATION OF MAILING** |
| v. | |
| BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM, | |
| Defendants. | |

TO:    BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM.

PLEASE TAKE NOTICE that an application for transfer of a foreign judgment, a copy of which is attached hereto, will be filed in Court on or before August 1, 2007.

DATED this 1st day of August, 2007.

**BALASUBRMANI LAW**

By: _____

Venkat Balasubramani, WSBA No. 28269
8426 40th Ave SW
Seattle, Washington 98136
(206) 206-3966 fax

ATTORNEYS FOR 1st TECHNOLOGY LLC

NOTICE OF FILING OF
FOREIGN JUDGMENT- 1

BALASUBRAMANI LAW

8426 40th Ave SW
Seattle, Washington 98136
(206) 529-4827

RECEIVED
In King County Superior Court Clerk

AUG 01 2007

Cashier Section
Superior Court Clerk

**SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

1st Technology LLC,

        Plaintiff,

      v.

BODOG ENTERTAINMENT GROUP
S.A., BODOG.NET, and
BODOG.COM,

        Defendants.


CASE NO. 07-2-25305-0 SEA

APPLICATION CERTIFICATE FOR
TRANSFER OF FOREIGN JUDGMENT

1.   I, Venkat Balasubramani, certify under RCW 6.36.025 and 6.36.035 as follows.

2.   I am one of the attorneys for Plaintiff and make this certificate on its behalf.

3.   Plaintiff has a foreign judgment dated June 13, 2007, from the United States District Court, District of Nevada in the amount of $48,937,456.00 (including pre- and post-judgment interest to date), entered against Defendants (jointly and severally). The Judgment is wholly unpaid and unsatisfied.

4.   Plaintiff is a Nevada Limited Liability Company.

5.   Defendants are foreign entities headquartered in Costa Rica.

**APPLICATION CERTIFICATE OF
TRANSFER OF
FOREIGN JUDGMENT- 1**

BALASUBRAMANI LAW

8426 40th Ave SW
Seattle, Washington 98136
(206) 529-4827

1    Defendants were not represented by counsel in the foreign action.

2    Defendants' last known address is:

3         Oficentro Ejecutive Sabana Sur, Edificio 7
          5 Piso San Jose
4         San Jose, Costa Rica 01017

5    6.   Defendants have registered to them several domain names which

6         are registered through a Washington registrar.  It is presently

7         unknown whether Defendants have offices or other assets in the

8         State of Washington.

9    DATED this 1st day of August, 2007.

10

11                        BALASUBRMANI LAW

12

13        By:  _____
                Venkat Balasubramani, WSBA No. 28269

14              8426 40th Ave SW
                Seattle, Washington  98136
15              (206) 529-4827 phone
                (206) 206-3966 fax
16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION CERTIFICATE OF
TRANSFER OF
FOREIGN JUDGMENT- 2

BALASUBRAMANI LAW

8426 40th Ave SW
Seattle, Washington 98136
(206) 529-4827

RECEIVED

AUG 0 1 2007

**SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

1st Technology LLC,

      Plaintiff,

      v.

BODOG ENTERTAINMENT GROUP
S.A., BODOG.NET, and
BODOG.COM,

      Defendants.

CASE NO. 07-12-25305-0 SEA

CERTIFICATE OF MAILING

    The undersigned hereby certifies that I caused the following (1) Notice of Filing of Foreign Judgment; (2) Application Certificate for Transfer of Foreign Judgment; (3) Copy of Foreign Judgment; and (4) Judgment Summary, to be mailed to DEFENDANTS at their last known address below:

      Oficentro Ejecutive Sabana Sur, Edificio 7
      5 Piso San Jose
      San Jose, Costa Rica 01017

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct and that this declaration was executed on August 1, 2007, at Seattle, Washington.

                              _____
                              Venkat Balasubramani

CERTIFICATE OF MAILING- 1

BALASUBRAMANI LAW

8426 40th Ave SW
Seattle, Washington 98136
(206) 529-4827

1

## CERTIFICATE OF SERVICE

2

   I hereby certify that on **August 31, 2007**, I caused the following document:
3 **MOTION OF SPECIALLY APPEARING DEFENDANTS BODOG ENTERTAINMENT GROUP S.A. AND ERRONEOUSLY NAMED**
4 **SPECIALLY APPEARING DEFENDANTS BODOG.NET AND BODOG.COM TO SET ASIDE DEFAULT JUDGMENT** to be filed
5 electronically with the Clerk of Court through ECF, and that ECF will send an e-
6 notice of the electronic filing to the following:

7
L. Kristopher Rah
8 HUTCHINSON & STEFFEN, LLC
Peccole Professional Park
9 10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

10

11 Dated:      August 31, 2007          _____/s/ Charles McCrea_____
                                        Charles McCrea
12                                      **LIONEL SAWYER & COLLINS**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LACA_867338.1