L. Kristopher Rath (5749)
Kevin M. Sutehall (9437)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:    (702) 385-2500
Fax:    (702) 385-2086

*Attorneys for Plaintiff*
*1ˢᵗ Technology LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>RATIONAL ENTERPRISES LTDA.,<br>RATIONAL POKER SCHOOL<br>LIMITED, BODOG ENTERTAINMENT<br>GROUP S.A., BODOG NET,<br>BODOG.COM, and FUTUREBET<br>SYSTEMS LTD.,<br><br>                    Defendants. | 2:06-cv-01110-RLH-GWF<br><br>**NOTICE OF EXAMINATION OF<br>JUDGMENT DEBTORS AND REQUEST<br>TO PRODUCE DOCUMENTS AT THAT<br>TIME** |

TO:    BODOG ENTERTAINMENT GROUP S.A., BODOG NET, BODOG.COM,
       defendants/judgment debtors;

TO:    Calvin Ayre, owner and CEO of defendants/judgment debtors.

       PLEASE TAKE NOTICE that on October 4, 2007, at the hour of 10:00 a.m., Calvin

Ayre, owner and CEO of BODOG ENTERTAINMENT GROUP S.A., BODOG NET,

BODOG.COM, (judgment debtors) has been ordered to appear at the law offices of

HUTCHISON & STEFFEN, LLC, Peccole Professional Park,10080 West Alta Drive, Suite

200, Las Vegas, NV 89145, on October 4, 2007 at 10:00 a.m., to be sworn under oath or

affirmation.  A copy of the order is attached hereto as Exhibit 1.  Thereupon, Calvin Ayre will

be examined by plaintiff's counsel, L. Kristopher Rath and/or others, regarding Mr. Ayre's

property and assets in connection with a judgment obtained by plaintiff on June 13, 2007, and

1  must produce at that time the following documents.

2        As used herein, the term "person" or its plural or any synonym thereof, is intended to

3  and shall embrace and include any natural person, firm, joint venture, estate, trust, receiver,

4  syndicate, or any other group or combination acting as a unit or acting as a form of legal entity,

5  partnership, corporation, company, association, government agency (whether federal, state,

6  local or any agency or the government of a foreign country or any other entity).

7        As used herein, the term "communication," its plural or any synonym thereof, is

8  intended to and shall embrace and include all written communications, and with respect to all

9  communications, shall include but is not limited to every discussion, conversation, conference,

10  meeting, interview, telephone call or other professional service visit.

11        The terms "and" or "or" shall be construed disjunctively or conjunctively as necessary,

12  in order to bring within the scope of a request for production of documents all responses which

13  might otherwise be construed to be  outside of its scope.

14        As used herein, the term "identify" when used with reference to a document means to

15  state (i) the date that such document bears, or if not dated, the date that it was prepared, (ii) the

16  identity of the person who prepared such document, (iii) the present location and identity of the

17  custodian of the original of such document and all known copies thereof, (iv) the type of

18  document or means to identify the document with sufficient particularity to meet the

19  requirements for inclusion in a request for production of documents ; (v) the title of such

20  document; and (vi) a summary of the contents of the document.

21        If you are unable to locate any document called for in this request after conducting a

22  reasonable investigation, so state and (i) identify the specific documents which you could not

23  obtain; (ii) your efforts to obtain such document; and (iii) the person or persons who are likely

24  to have custody of the document.

25        If any document is withheld based on a claim of privilege, so state and identify the

26  documents for which there is a claim of privilege as follows:

27        (i)      the date it bears;

28

1      (ii)    the name of each person who prepared it or participated in any way in its

2               preparation;

3      (iii)   the name of each person who signed it;

4      (iv)   the name of each person to whom it or a copy of it was addressed;

5      (v)    the name of each person who presently has custody of it or a copy of it;

6      (vi)   its subject matter and its substance; and

7      (vii)  what basis there is for the claim of privilege.

## DOCUMENTS TO BE PRODUCED

9    1.    All bank records of judgment debtors from 2003 through the present, including

10       but not limited to original bank statements and canceled checks for each account

11       maintained or utilized by them.

12    2.    All records relating to receipts, disbursements, assets, and liabilities of judgment

13       debtors from 2003 through the present, including but not limited to check

14       registers, bank journals, general ledgers, income and expense reports, and

15       balance sheets.

16    3.    Judgment debtors' income tax returns for the last five years 2003, 2004, 2005,

17       2006, and 2007.

18    4.    Judgment debtors' customer lists for the last five years 2003, 2004, 2005, 2006,

19       and 2007.

20    5.    Judgment debtors' list of affiliates and copies of all contracts of affiliates for the

21       last five years 2003, 2004, 2005, 2006, and 2007.

22    6.    Judgment debtor's sponsorship agreements for the last five years 2003, 2004,

23       2005, 2006, and 2007.

24    7.    All bank records reflecting transactions with all affiliates, transactions with

25       customers, and all transactions with all individuals and entities Judgment

26       debtor's have sponsored.

27      The documents are requested to be produced by September 25, 2007.  Any

28  documentation meeting the foregoing description which has previously been produced is not

1    required to be produced at this time.

2    The examination of Calvin Ayre, owner and CEO of the judgment debtors is requested

3    for October 4, 2007, at 10:00 a.m. at the law offices of HUTCHISON & STEFFEN, LLC,

4    Peccole Professional Park,10080 West Alta Drive, Suite 200, Las Vegas, NV 89145, on

5    October 4, 2007 at 10:00 a.m.

6    This Examination is made to permit plaintiff to examine the acts, conduct, and property

7    of BODOG ENTERTAINMENT GROUP S.A., BODOG NET, BODOG.COM, which affects

8    the collection efforts of plaintiff regarding the outstanding debt owed to plaintiff.

9    DATED this ___7th___ day of September, 2007.

10    HUTCHISON & STEFFEN, LLC.

11

12    _____
      L. Kristopher Rath (5749)

13    Kevin M. Sutehall (9437)
      Peccole Professional Park

14    10080 West Alta Drive, Suite 200
      Las Vegas, NV 89145

15    Tel:    (702) 385-2500
      Fax:    (702) 385-2086

16

      *Attorneys for Plaintiff*
17    *1st Technology LLC*

18

19

20

21

22

23

24

25

26

27

28