```
 1  Charles McCrea (NV State Bar No. 104)
    LIONEL SAWYER & COLLINS
 2  1700 Bank of America Plaza
    300 South Fourth Street
 3  Las Vegas, Nevada 89101
    Tel 702.383.8981
 4  Fax 702.383.8845
    cmccrea@lionelsawyer.com
 5
    James D. Nguyen (CA State Bar No. 179370)
 6  Uleses C. Henderson, Jr. (CA State Bar No. 225246)
    Pro Hac Vice Applications To Be Submitted
 7  FOLEY & LARDNER LLP
    2029 Century Park East, 35th Floor
 8  Los Angeles, California 90067-3021
    Tel: 310-277-2223; Fax: 310-557-8475
 9  jnguyen@foley.com
    uhenderson@foley.com
10
    Attorneys for Specially Appearing Defendants
11  BODOG ENTERTAINMENT GROUP S.A., and
    erroneously named Specially Appearing Defendants
12  BODOG.NET and BODOG.COM
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RATIONAL ENTERPRISES LTDA., RATIONAL POKER SCHOOL LIMITED, BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, BODOG.COM, AND FUTUREBET SYSTEMS LTD.,<br><br>Defendants. | Case No: 2:06-cv-1110-RLH-GWF<br><br>**SPECIALLY APPEARING DEFENDANTS BODOG ENTERTAINMENT GROUP S.A. AND ERRONEOUSLY NAMED SPECIALLY APPEARING DEFENDANTS BODOG.NET AND BODOG.COM'S NOTICE OF MOTION AND EMERGENCY MOTION TO VACATE THE ORDER OF EXAMINATION OF JUDGMENT DEBTOR, OR ALTERNATIVELY, FOR STAY PENDING RESOLUTION OF MOTION TO SET ASIDE DEFAULT JUDGMENT** |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on [INSERT DATE] at [10:00 a.m.] in the above-entitled Court located at 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101, Specially Appearing Defendants Bodog Entertainment Group S.A., and erroneously named Specially Appearing Defendants Bodog.net and Bodog.com (collectively "Bodog Entertainment") hereby do move this Court to vacate its September 4, 2007 order (the "September 4 Order") requiring Calvin Ayre to appear for debtor examination in Las Vegas, Nevada, or in the alternative, to stay the debtor examination pending the outcome of the pending Motion to Set Aside Default Judgment.

This emergency motion is brought on the grounds that plaintiff 1st Technology LLC's ("1st Technology") *ex parte* request for examination of Calvin Ayre was unfounded, improper and, most importantly, the debtor examination itself violates Nevada law by purporting to make a non-U.S. resident appear in the United States for examination.

This motion is made pursuant to this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

1  Dated: September 7, 2007         Respectfully submitted,
2
3
4                           By:      /s/ Charles McCrea
                                    Charles McCrea
5                                   **LIONEL SAWYER & COLLINS**
6
                                    Attorneys for Specially Appearing Defendants
7                                   **BODOG ENTERTAINMENT GROUP S.A.**,
                                    and erroneously named Specially Appearing
8                                   Defendants **BODOG.NET** and
9                                   **BODOG.COM**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                    2
                            EMERGENCY MOTION, ETC.
                            2:06-cv-11105-RLH-GWF

LACA_869738.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On August 31, 2007, plaintiff, without giving Bodog Entertainment's local counsel any prior notice, filed with the Court an *ex parte* application that it knew lacked merit and was improper in this action. In its *ex parte* application, plaintiff improperly requested an order from the Court requiring Calvin Ayre to appear in Las Vegas for debtor examination. On September 4, 2007, without hearing the defendants on the matter, the Court granted Plaintiff's improper *ex parte* application and issued an order for Mr. Ayre's examination.

Defendants had no idea and was not given a chance to oppose Plaintiff's *ex parte* application. Bodog Entertainment's counsel only discovered on September 4, 2007, that Plaintiff's *ex parte* application had been filed with the Court. By that time, the Court had already issued the order. Further, Plaintiff's counsel did not notify defendants' counsel of the *ex parte* motion until today, when the September 4 Order was entered into the Court docket. Thus, defendants are now forced to file this emergency motion. Defendants vigorously oppose plaintiff's unwarranted *ex parte* request, and respectfully request that the Court vacate the September 4 Order.

The Order should be vacated for a number of reasons. First, plaintiff's ex parte application did not comply with the local rules and, in its papers, plaintiff failed to demonstrate good cause for the issue to proceed by means of expedited, *ex parte* briefing. There are serious issues at stake and full briefing on the merits of the requested relief should be required by the Court. The *ex parte* application should have been denied.

On the merits of the request, the Court cannot hold a judgment debtor examination of Calvin Ayre because he is not a resident of the United States; Nevada's law on this point is clear – persons can only be required to appear for a

3
EMERGENCY MOTION, ETC.
2:06-cv-11105-RLH-GWF

debtor examination in their county of residence. Accordingly, Mr. Ayre cannot be required to appear for a judgment debtor examination in a county where he does not reside.

Finally, because Defendants have filed a motion challenging the default judgment that was improperly obtained without service of process on them, no debtor examinations or similar proceedings should be authorized in this case until this fundamental issue is fully examined and finally resolved. In addition, Plaintiff does not need a judgment debtor examination because it has already obtained a writ of execution from the Washington State Court to enforce its default judgment, and there is no reason offered to examine Mr. Ayre or any other alleged representative of Defendants.

In addition, Plaintiff does not need a judgment debtor examination because it has already obtained a writ of execution from the Washington State Court to enforce its default judgment, and Plaintiff offered no reason why examination of Mr. Ayre or any other alleged representative of defendants was necessary at this time.

There is indisputably no emergency presented in this case, and Defendant Bodog Entertainment, collectively with erroneously named Defendants Bodog.com and Bodog.net, hereby requests that this Court vacate the September 4 Order.

### III. PLAINTIFF'S *EX PARTE* APPLICATION SHOULD HAVE BEEN DENIED

#### A. Plaintiff's Request Should Not Have Been Heard on an Ex Parte Basis

As courts have acknowledged, *ex parte* applications are highly disfavored because they "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." *In re Intermagnetics*

1  *America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Additionally, *ex parte*
2  applications are often used to obtain an improper and unethical advantage over the
3  opposing party. Because of the unfair nature of *ex parte* applications, the movant
4  should establish that its cause will be irreparably prejudiced if the underlying
5  motion is heard according to regularly noticed motion procedures. *See Mission*
6  *Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D.
7  Cal. 1995).
8      Further, under the Nevada local rules:
9      (a) All *ex parte* motions, applications or requests shall contain a
10         statement showing good cause why the matter was submitted to the
11         court without notice to all parties.
12     (b) All *ex parte* matters shall state the efforts made to obtain a
13         stipulation and why a stipulation was no obtained.
14 LR. 7-5.
15     Plaintiff's *ex parte* application did not comply with the local rules. Plaintiff
16 did not even bother to give defendants notice of its application. Indeed, Plaintiff
17 does not state its efforts to stipulate on the matter, nor does Plaintiff explain why it
18 rushed to the Court without providing defendant's notice of it application.
19     Further, there was no basis for deciding Plaintiff's request on an *ex parte*
20 basis and Plaintiff did not articulate any reasons for its *ex parte* request. Given that
21 (1) Defendants' pending motion to set aside default judgment is pending before
22 this Court, and (2) Plaintiff is seeking to execute its default judgment in
23 Washington, Plaintiff's request for *ex parte* relief was without merit and Plaintiff
24 would not have been irreparably prejudiced if its request was heard according to
25 regularly noticed motion procedures.
26
27
28

### B. Plaintiff's Requested Examination is Improper Under NRS 21.270

Under Section 21.270 of the Nevada Revised Statute, "[n]o judgment debtor may be required to appear outside the county in which he resides." NRS 21.270. Plaintiff seeks to examine Mr. Ayre at counsel's office in Las Vegas, Nevada. Even if Mr. Ayre were a suitable candidate for examination (which he is not, as set forth below), an order requiring Mr. Ayre, or any suitable representative of the judgment debtors who is not a resident of the United States, to appear for examination in Las Vegas is improper and against Nevada law. Plaintiff obtained an order from this Court which is patently improper and unenforceable. Plaintiff is well aware that defendants are foreign corporations and Mr. Ayre does not reside in the United States.

### C. Defendant Is Properly Challenging the Default Judgment

Under Rule 60(b) of the Federal Rules of Civil Procedure, a Court is given the power to "entertain an independent action to relieve a party from a judgment, order, proceeding, or to grant relief to a defendant not actually personally notified" of the claims giving rise to the judgment. As established by Bodog Entertainment in its motion to set aside default judgment, Bodog Entertainment was never properly served in this case, and counsel for Plaintiff failed to notify Bodog Entertainment before entering default in this action. (*See* Defendant's Motion to Set Aside, Secs. III. A. and B.). Bodog Entertainment now appears before this Court and has moved to set aside the default judgment. As such, the Court should not subject Bodog Entertainment to oral examination until, at the very least, Bodog Entertainment's motion to set aside default judgment has been heard and a ruling on merits of the motion has been made by this Court.

### D. Plaintiff Presents No Reasons for its Requested Examination

Plaintiff presented ***no basis*** for its requested examination. Plaintiff merely asserts that an examination is proper because judgment has been entered in this

<mark>case.</mark> However, debtor examinations are only "supplementary to and in aid of [a] judgment [or] execution" thereof. FRCP 69(a). As explained below, Plaintiff has already begun to enforce its default judgment; there is no immediate need for the Court to grant an examination of Bodog Entertainment. Further, Plaintiff seeks to depose Calvin Ayre as the "owner and CEO" of Defendants, however, Plaintiff has not established that (1) Mr. Ayre is an officer or owner of Bodog Entertainment—Calvin Ayre is not a principle of Bodog Entertainment S.A., or (2) that Mr. Ayre has any relevant knowledge of the assets held by the defendants. Plaintiff's improper *ex parte* request is only an attempt to further harass. Plaintiff should not be allowed to use the Court to harass non-parties to this action when it has other means to ascertain the extent of Defendants' assets.

### E. Plaintiff Has Already Begun to Enforce its Default Judgment

Plaintiff is enforcing its default judgment. Within one week of the Clerk's entry of default judgment in this case, Plaintiff caused a judgment of $48,937,456.00 to be enforced in Superior Court of the State of Washington, King County. In accordance with the state court's enforcement, thousands of Bodog Entertainment's registered domain names (as well as domain names of other entities who are not named defendants in this action) were seized and are currently being held to be liquidated in satisfaction of the nearly $50 million judgment in favor of Plaintiff.

Even if the sale of domain names is permitted by the Washington court (which Defendants are opposing), the money earned by such sale will be attributed to satisfaction of the default judgment and any excess is to be deposited with the Washington court. So it is possible that Plaintiff will satisfy some or most of its judgment. Thus, there would be no reason for a debtor exam.

7
EMERGENCY MOTION, ETC.
2:06-cv-11105-RLH-GWF

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court vacate the September 4 Order requiring Calvin Ayre to appear for oral examination in Las Vegas.

Dated: September __, 2007

Respectfully submitted,

By: ____/s/ Charles McCrea____
Charles McCrea
**LIONEL SAWYER & COLLINS**

Attorneys for Specially Appearing Defendants **BODOG ENTERTAINMENT GROUP S.A.**, and erroneously named Specially Appearing Defendants **BODOG.NET** and **BODOG.COM**

8
EMERGENCY MOTION, ETC.
2:06-cv-11105-RLH-GWF

LACA_869738.1

# CERTIFICATE OF SERVICE

I hereby certify that on **September 7, 2007**, I caused the following document: **SPECIALLY APPEARING DEFENDANTS BODOG ENTERTAINMENT GROUP S.A. AND ERRONEOUSLY NAMED SPECIALLY APPEARING DEFENDANTS BODOG.NET AND BODOG.COM'S OPPOSITION TO PLAINTIFF'S EX-PARTE APPLICATION TO ORDER ALLOWING EXAMINATION OF JUDGMENT DEBTOR** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

L. Kristopher Rah
HUTCHINSON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

Dated:    August 31, 2007          /s/ Charles McCrea
                                   Charles McCrea
                                   **LIONEL SAWYER & COLLINS**