1  Charles McCrea (NV State Bar No. 104)
   **LIONEL SAWYER & COLLINS**
2  1700 Bank of America Plaza
   300 South Fourth Street
3  Las Vegas, Nevada 89101
   Tel 702.383.8981
4  Fax 702.383.8845
   cmccrea@lionelsawyer.com
5
   James D. Nguyen (CA State Bar No. 179370)
6  Uleses C. Henderson, Jr. (CA State Bar No. 225246)
   *Pro Hac Vice Applications To Be Submitted*
7  **FOLEY & LARDNER LLP**
   2029 Century Park East, 35th Floor
8  Los Angeles, California 90067-3021
   Tel: 310-277-2223; Fax: 310-557-8475
9  jnguyen@foley.com
   uhenderson@foley.com
10
   Attorneys for Specially Appearing Defendants
11 **BODOG ENTERTAINMENT GROUP S.A.,** and
   erroneously named Specially Appearing Defendants
12 **BODOG.NET** and **BODOG.COM**

13

14                **UNITED STATES DISTRICT COURT**

15                    **DISTRICT OF NEVADA**

16 **1ST TECHNOLOGY LLC,**              Case No: 2:06-cv-1110-RLH-GWF

17            Plaintiff,               **AMENDED NOTICE OF MOTION
                                       AND MOTION OF SPECIALLY
18     vs.                             APPEARING DEFENDANTS
                                       BODOG ENTERTAINMENT
19                                     GROUP S.A. AND ERRONEOUSLY
   **RATIONAL ENTERPRISES LTDA.,**     NAMED SPECIALLY APPEARING
20                                     DEFENDANTS BODOG.NET AND
   **RATIONAL POKER SCHOOL**           BODOG.COM TO SET ASIDE
21 **LIMITED, BODOG**                  DEFAULT JUDGMENT;
                                       MEMORANDUM OF POINTS AND
   **ENTERTAINMENT GROUP S.A.,**       AUTHORITIES IN SUPPORT
22                                     THEREOF
   **BODOG.NET, BODOG.COM, AND**
23                                     **Date:**
   **FUTUREBET SYSTEMS LTD.,**         **Time/Dept.:**
24
           Defendants.
25

26

27

28

─────────────────────────────────────────
         AMENDED MOTION TO SET ASIDE DEFAULT JUDGMENT
                  2:06-cv-11105-RLH-GWF

LACA_869871.1

Dockets.Justia.com

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on [INSERT DATE] at [10:00 a.m.] in the above-entitled Court located at 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101, Specially Appearing Defendants Bodog Entertainment Group S.A., ("Bodog Entertainment") and erroneously named Specially Appearing Defendants Bodog.net and Bodog.com will and hereby do move pursuant to Rules 44.1 and 55(c) of the Federal Rules of Civil Procedure to set aside the default judgment entered by the Clerk on July 25, 2007.

This amended motion is brought on the ground that good cause to lift the default judgment exists under Fed. R. Civ. P. 55(c) because service of the summons and complaint was defective and because counsel for plaintiff 1st Technology LLC ("1st Technology") failed to notify counsel for Bodog Entertainment before moving to enter default judgment.

This amended motion is made pursuant to this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Ana Victoria Mora Flores, the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

Dated: September 10, 2007              Respectfully submitted,


                                       By: _____/s/ Charles McCrea_____
                                           Charles McCrea
                                           **LIONEL SAWYER & COLLINS**

                                           Attorneys for Specially Appearing Defendants
                                           **BODOG ENTERTAINMENT GROUP S.A.,**
                                           and erroneously named Specially Appearing
                                           Defendants **BODOG.NET** and
                                           **BODOG.COM**

LACA_869871.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Having never effected proper service of this lawsuit, and without having first notified counsel for Defendants of its intention to proceed, 1st Technology caused the entry of default judgment in this case.    Not only does this District Court therefore have no jurisdiction over Defendants, but counsel for 1st Technology violated his obligation under Nevada Rule of Professional Conduct 3.5A.  Pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, there is good cause for this court to set aside an entry of default judgment.

On August 31, 2007, Defendants filed a motion to set aside the default judgment entered in this case.  Since filing the original motion, Defendants have discovered additional facts pertinent to plaintiff's defective service.    Thus, Defendants file this amended motion with a supporting declaration, to set aside the default judgment and to clarify the facts supporting Defendants' good cause for relief.

## II.    FACTUAL BACKGROUND

This lawsuit involves allegations of infringement of an Internet related method patent by a prolific patent litigant[1].  The merits of this case have never been litigated.  Instead, default judgment was simply entered against Defendants absent proper notice.

Within one week of the Clerk's entry of default judgment in this case, 1st Technology caused a judgment of $48,937,456.00 to be enforced in Superior Court of the State of Washington, King County.  (*See* Exhibit A).  In accordance with the state court's enforcement, thousands of Bodog Entertainment's registered domain names (as well as domain names of other entities not Defendants in this action)

---

[1]  Indeed, plaintiff has filed at least 6 other patent infringement suits before this Court on behalf of itself or its affiliated entity, 1st Media LLC.

AMENDED MOTION TO SET ASIDE DEFAULT JUDGMENT
2:06-cv-11105-RLH-GWF

LACA_869871.1

1  were seized on August 21, 2007, and are currently being held to be potentially
2  liquidated in satisfaction of the nearly \$50 million judgment in favor of 1st
3  Technology. Even worse, thousands of domain names were seized even though
4  not authorized by the Washington state seizure order.

5  ## III.  THIS COURT SHOULD SET ASIDE THE DEFAULT JUDGMENT
6  ## AGAINST BODOG ENTERTAINMENT

7          Rule 55(c) of the Federal Rules of Civil Procedure states that "for good
8  cause shown the court may set aside an entry of default and, if a judgment by
9  default has been entered, may likewise set it aside in accordance with Rule 60(b)."
10 Although Rule 55(c) requires a showing of "good cause" to vacate a default, as a
11 practical matter "when considering a motion to set aside a default entry, the
12 parallels between granting relief from a default entry and a default judgment
13 encourage utilizing the list of grounds for relief provided in Rule 60(b)." *Hawaii*
14 *Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

15         Rule 60(b) states that "the Court may relieve a party or a party's legal
16 representative from a final judgment, order, or proceeding for . . . any other reason
17 justifying relief from the operation of the judgment." While the Court has
18 discretion to grant or deny a Rule 60(b) motion, that discretion is limited by two
19 important policy considerations. First, Rule 60(b) is remedial in nature and
20 therefore must be liberally applied. *See Pena v. Seguros La Comercial, S.A.*, 770
21 F.2d 811, 814 (9th Cir. 1985). Second, "default judgments are generally
22 disfavored;" whenever it is reasonably possible, cases should be decided upon their
23 merits. *See id.* As a consequence of these two policies, "where timely relief is
24 sought from a default judgment and the movant has a meritorious defense, doubt, if
25 any, should be resolved in favor of the motion to set aside the judgment so that
26 cases may be decided on their merits." *Id.*

27

28

LACA_869871.1

1       In the present action, plaintiff's improperly obtained default judgment

2   should be set aside for several reasons. First, Defendants were never properly

3   served in this case. Second, plaintiff's counsel failed to notify Defendants before

4   entering default. And in all considerations of fairness, setting aside the default

5   judgment will not prejudice 1st Technology. In contrast, leaving the default in

6   place will unfairly prejudice Defendants, who have meritorious defenses. Any

7   doubt should be in resolved in favor of Defendants and setting aside the default

8   judgment.

9   **A.    Defendants Were Never Properly Served In This Case**

10      When service of process is challenged, the party on whose behalf it is made

11  must bear the burden of establishing its validity. *Gallo v. Crawford*, 2007 U.S.

12  Dist. LEXIS 17291 (D. Nev. 2007). Failure to properly serve a defendant with

13  process pursuant to Fed. R. Civ. P. 4 constitutes good cause to set aside an entry of

14  default judgment. *See generally Veeck v. Commodity Enters., Inc.*, 487 F.2d 423,

15  425-26 (9th Cir. 1973) (failure to serve properly constituted a lack of jurisdiction

16  to enter default judgment, thus default judgment was set aside); *Mason v. Genisco*

17  *Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where a

18  plaintiff fails to serve process properly); *Koninklijke Philips Elecs. N.V. v. KXD*

19  *Tech., Inc.*, 2007 U.S. Dist. LEXIS 60708 (D. Nev. 2007).

20      There are two rules of federal civil procedure that apply to service of process

21  upon an international entity located outside of United States jurisdiction: Fed. R.

22  Civ. P. 4(f) (Service Upon Individuals in a Foreign Country) and Fed. R. Civ. P.

23  4(h) (Service of Process Upon Corporations and Associations). The latter governs

24  service on incorporated associations located outside of the United States and

25  provides that:

26      Unless otherwise provided by federal law, service upon a foreign

27  corporation . . . that is subject to suit under a common name, and from
    which a waiver of service has not been obtained and filed, shall be

28  effected: . . . (2) in a place not within any judicial district of the

United States in any manner prescribed for individuals by subdivision (f) **except personal delivery** . . . .

Fed. R. Civ. P. 4(h)(2).  See also *Rio Properties Inc. v. Rio Internet Interlink*, 284 F. 3d 1007 (9th Cir. 2002) (quoting rule with respect to service on internet company headquartered in Costa Rica).    Plaintiff failed to comply with any of those methods.  Fed. R. Civ. P. 4(f) provides, in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
> (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
>
> (B) as directed by the foreign authority in response to a letter of rogatory or letter of request; or
>
> (C) unless prohibited by the law of the foreign country, by
>
> (i) delivery to the individual personally of a copy of the summons and the complaint; or
>
> (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served.
>
> (3) by other means not prohibited by international agreement as may be directed by the court.

Fed. R. Civ. P. 4(f).

Because there is no internationally agreed upon means of service between the United States and Costa Rica (for example, Costa Rica is not a party to the Hague Convention or other applicable treaties, see *Rio Properties, supra*), Rule 4(f)(1) does not apply; Rule 4(f)(3) does not apply because plaintiff did not seek court permission for alternative means of service.  Plaintiff did not comply with any of the applicable provisions of Rule 4(f)(2):  (a) Plaintiff made no showing that

5

LACA_869871.1

its purported service complied with Costa Rican law for service; (b) there were no letters rogatory issued by a Costa Rican court; and (c) plaintiff failed to obtain a court order providing for any other means of service.  Thus the only allowable method of service would have been pursuant to Rule 4(h)(1), by delivering a copy of the summons and complaint to "an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[2] Plaintiff also failed to do that.

On November 23, 2006, 1st Technology allegedly served all Defendants by leaving  a person named Victoria Mora with the Summons and Complaint in this action at an office address in San Jose, Costa Rica.  However, Ana Victoria Mora Flores ("Victoria Mora"), does not recall ever being served with the summons and complaint in this action.  (Mora Decl., ¶¶ 3).  In addition, when Victoria Mora was employed by Bodog Entertainment, she held the title of administrative assistant and was neither an officer, managing or general agent, or any other agent

---

[2] <u>An Officer</u>
Service may be made on any officer of the business entity. There is no requirement that service be made on the highest ranking officer or one with management authority. *See Koninklijke Luchtvaart Maatschappij N.V. v. Curtiss-Wright Corp.*, 17 F.R.D. 49, 50-51 (S.D.N.Y. 1955) (holding that service on assistant secretary of corporation was sufficient); *Concept Industries, Inc. v. Carpet Factory, Inc.* , 56 F.R.D. 58, 59 (E.D. Wis. 1972) (finding service on secretary of corporation adequate under federal law).
<u>A Managing or General Agent</u>
Service of process may be delivered to someone who is not an officer but who has substantial responsibility for the affairs of the business entity. "A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). Additionally, service may be effected by delivery to a person of such authority and responsibility as to render it likely he or she will know what to do with the papers received. Such person is deemed a "managing or general agent" for purposes of Rule 4(h)(1). *Montclair Electronics, Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971). However the person served as a managing or general agent must have some measure of discretion in operating some phase of defendant's business or in management of a given office otherwise service is ineffective. *Baade v. Price*, 175 F.R.D. 403, 405 (D.D.C. 1997).
<u>Any Other Agent Authorized by Appointment or by Law to Receive Service of Process.</u>
Whether a person is an agent for service of process under this rule is determined by federal, not state, standards. *National Equip. Rental, Ltd. v. Szukhent* , 375 U.S. 311, 316 (1964). The agent's authority to receive service may be express or implied. Service may be upheld when made upon an individual who is not an employee but is "so integrated with the organization that he will know what to do with the papers . . . (so) as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (emphasis added). Furthermore, if the agent is authorized by statute and the statute so requires, copies of the summons and complaint must also be mailed to the defendant.

LACA_869871.1

1  authorized to accept service of process on behalf of Bodog Entertainment. (Mora
2  Decl., ¶¶ 2-3).  Moreover, in plaintiff's affidavit of service of process for all
3  Defendants, Victoria Mora's title is ambiguously identified as "in charge," and the
4  person alleged to be served is described as a 38-year-old, white female with brown
5  hair, standing 5 feet, 2 inches tall, and weighing 80 lbs. (*See* Exhibits B - D).
6  However, Victoria is a 28-year-old Hispanic female, standing 5 feet, 4 inches tall.
7  (Mora Del. ¶ 4).  At the time of plaintiff's attempted service, Ms. Mora had brown
8  hair and weighed approximately 150 lbs. (Mora Decl. ¶ 4).

9      It is clear that plaintiff never actually served Ms. Mora, but that even if it
10  had, she was not authorized to accept service of process on behalf of any of the
11  Defendants.

12      Consequently, having never been properly served in this lawsuit, none of the
13  Defendants is within this court's jurisdiction.  *Direct Mail Specialists v. Eclat*
14  *Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (*citing* Jackson v.
15  Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ("[A] federal court does not have
16  jurisdiction over a defendant unless the defendant has been served properly under
17  Fed. R. Civ. P. 4.").  Because this Court lacks jurisdiction over Defendants,
18  plaintiff's default judgment against the Defendants is void.  *Veeck v. Commodity*
19  *Enters., Inc.*, 487 F.2d 423, 425-26 (9th Cir. 1973); *see also Mason v. Genisco*
20  *Tech. Corp.*, 960 F.2d 849, 854 (9th Cir. 1992)  (finding that plaintiff's failed
21  service cannot support the entry of a default judgment, even if the defendant has
22  actual notice of the action, because the court has not yet acquired jurisdiction).

23      "Bodog.com" and "Bodog.net" were also allegedly served in the same
24  manner.  These are not legal entities.  Plaintiff bears the burden to sufficiently
25  specify the identity of a defendant such that the Court can determine whether the
26  defendant is a real person or entity amenable to suit in federal court. *See Columbia*
27  *Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).  Since domain
28

names are not proper entities, they too were improperly served. Accordingly, the default judgment against the domain names must also be void.

### B.    Counsel for Plaintiff Failed to Notify Bodog Entertainment Before Entering Default

The Nevada Rule of Professional Conduct 3.5A provides that, "[w]hen a lawyer knows or reasonably should know the identity of a lawyer representing an opposing party, he or she should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed."

The Nevada Supreme Court has held that the language currently in the Nevada Rule of Professional Conduct 3.5A requires one party to notify the opposing party before entering default. *Cen Val Leasing Corp. v. Bockman*, 99 Nev. 612, 668 (Nev. 1983); *Estes v. S. Nev. Adult Mental Health*, 2006 U.S. Dist. LEXIS 81550 (D. Nev. 2006). Failure to do so requires a district court to set aside default judgment. *Id.*

1st Technology has had previous dealings with counsel who represents the allegedly defaulted Defendants, but made no attempt to contact her until his attempted service on or about August 21, 2007 of a Judgment Enforcement Action in Washington state court. Of course, by then, default judgment had already been entered in this District. He did not attempt to contact her before seeking to have a default taken or before seeking to have a default judgment entered; nor did he attempt to contact the parties directly, even by mailing them at the address at which he allegedly served the summons and complaint. His proofs of service on the various default-related documents show mail service on counsel for other defendants, but no mail service or other service on anybody connected to the allegedly defaulting Defendants.

Plaintiff's counsel's failure to cause the entry of a default judgment against

LACA_869871.1

1 | Defendants without first inquiring about the allegedly defaulting Defendants'
2 | intention to proceed violates Nevada Rule of Processional Conduct 3.5A. As a
3 | consequence, this district court must set aside the default. *Cen Val Leasing Corp.*,
4 | 99 Nev. 612, 668 (1983) ("[T]he district court was **required** to set aside the
5 | default.") (Emphasis added); *Estes v. S. Nev. Adult Mental Health*, 2006 U.S. Dist.
6 | LEXIS 81550 (D. Nev. 2006) (setting aside an entry of default because plaintiff's
7 | counsel failed to contact Defendants' counsel prior to moving for the clerk's entry
8 | of default).

9 | **C.    Setting Aside The Default Judgment Will Not Prejudice Plaintiff**

10 | "To be prejudicial, the setting aside of a judgment must result in greater
11 | harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v.*
12 | *Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). For instance, "the delay must result
13 | in tangible harm such as loss of evidence, increased difficulties of discovery, or
14 | greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. American*
15 | *Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). "[M]erely being forced to
16 | litigate on the merits cannot be considered prejudicial for purposes of lifting a
17 | default." *TCI Group*, 244 F.3d at 701.

18 | Plaintiff has already obtained a writ of execution from a Washington state
19 | court to enforce the default judgment. Since that time, thousands of Bodog
20 | Entertainment's registered domain names (as well as domain names of other
21 | entities that are not named defendants in this action) have been seized, and those
22 | domain names are currently being held (by court order, pending the Washington
23 | court's ruling on Defendants' motion to stay execution) to be liquidated in
24 | satisfaction of the default judgment in favor of 1st Technology. (*See* Exhibit F).
25 | Thus, setting aside the default judgment will not prejudice plaintiff in this case
26 | because, at the present time in the Washington action, plaintiff holds the thousands
27 | of domain names (though is barred from transferring or liquidating them now).
28 |

LACA_869871.1

1  Even if the Washington court orders the domain names transferred back to

2  Defendants pending resolution of this action, plaintiffs would likely seek to impose

3  a "registrar freeze" so that Defendants cannot transfer the domain names to another

4  domain name pending resolution of this action.

5      **D.    Defendants Have Several Meritorious Defenses**

6          Because cases should be decided upon their merits whenever reasonably

7  possible, Defendants should be allowed to litigate this case on the merits.  *Eitel v.*

8  *McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  In addition to the arguments above,

9  plaintiff's default judgment should be set aside because Bodog Entertainment has

10  several meritorious defenses to the complaint, such as the following:

11          (1)    The complaint does not allege any facts establishing that personal

12  jurisdiction of the Defendants is proper.  For example, the complaint merely

13  alleges that "defendants are making, using, selling or offering to sell and

14  distributing software products that violate 1st Technology's patents either in this

15  judicial district or in the United States."  (*See* Exhibit E, para. 2).  However,

16  plaintiff does not (1) identify an particular product alleged to infringe plaintiff's

17  patents, or (2) allege any facts that establish that Defendants have ongoing contacts

18  with this judicial district, and has placed the products accused of infringement into

19  the stream of commerce knowing and expecting that such products would end up

20  in this judicial district;

21          (2)    The complaint alleges that "Bodog Entertainment has previously and

22  is presently making, using, selling, offering for sale, and/or importing into the

23  Unites States software products that infringe one or more claims of [its] '001

24  Patent." (*See* Exhibit E, para 7).  However, plaintiff has not articulated any facts in

25  its complaint to establish, let alone proven with evidence in this case, that Bodog

26  Entertainment is the entity that runs the Bodog online gaming business which is

27  accused of infringing the patents-in-suit;

28

1    (3)   Defendants believe that there is prior art which renders plaintiff's

2  patents (which are impermissibly broad, to stay the least) invalid; and

3    (4)   Even if plaintiff's patents are valid, Plaintiff has yet to prove that the

4  Bodog online gaming business or any of the named Defendants actually infringe

5  these patents.  Defendants believe they can prove non-infringement.

6    As this Court is aware, patent infringement suits are complicated.  Plaintiff

7  would be hard pressed to prevail on all these, and other points necessary to obtain a

8  complete judgment against all named Defendants.  If the Court were to obtain

9  jurisdiction over any of Defendants, Defendants should be afforded the right to

10  present their defenses.

11  **IV.   <u>CONCLUSION</u>**

12    For the reasons set forth above, Defendants respectfully request that this

13  Court lift the default entered against them on July 25, 2007, and permit them to

14  defend this case on the merits.  Should this Court issue an order lifting the default,

15  Defendants are prepared to file a response to the Complaint within 20 days of the

16  entry of such order.

17

18

19  Dated:  September 10, 2007          Respectfully submitted,

20

21                      By:   ____/s/ Charles McCrea_____

22                      Charles McCrea
                      **LIONEL SAWYER & COLLINS**

23

24                      Attorneys for Specially Appearing Defendants
                      **BODOG ENTERTAINMENT GROUP S.A.,**

25                      and erroneously named Specially Appearing

26                      Defendants **BODOG.NET** and
                      **BODOG.COM**

27

28

LACA_869871.1

1

## CERTIFICATE OF SERVICE

2

3

4

5

6

7

8

    I hereby certify that on **September 10, 2007**, I caused the following document:    **NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANTS BODOG ENTERTAINMENT GROUP S.A. AND ERRONEOUSLY NAMED SPECIALLY APPEARING DEFENDANTS BODOG.NET AND BODOG.COM AMENDED MOTION TO SET ASIDE DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

9

10

11

L. Kristopher Rah
HUTCHINSON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

12

Dated:      September 10, 2007           _/s/ Charles McCrea_

13

                             Charles McCrea
                             **LIONEL SAWYER & COLLINS**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28