# EXHIBIT 7

## AFFIDAVIT OF MATTHEW McANDREWS

STATE OF ILLINOIS     )
                         ) ss.
COUNTY OF COOK     )

I, MATTHEW McANDREWS, being first duly sworn, deposes and states as follows:

1.      I am an attorney licensed to practice in Illinois and am over the age of legal majority in the State of Nevada.

2.      I am a Partner at the law firm of Niro, Scavone, Haller & Niro in Chicago, Illinois. Our firm assisted in the case of *1ˢᵗ Technology LLC v. Bodog Entertainment Group, S.A., Bodog.Net and Bodog.Com, et al*, Case No. 2:06-cv-01110-RLH-GWF, filed in the United States District Court for the District of Nevada.

3.      In January 2007, I attempted to contact Mr. James Nguyen to discuss the aforementioned case. It was my understanding that Mr. Nguyen had represented the Bodog Entities in previous litigation and I wanted to determine whether he would be representing them for this lawsuit which, by that time, had already been filed and served.

4.      I left a voice mail message for Mr. Nguyen in which I indicated that I was representing 1ˢᵗ Technology LLC in a patent infringement lawsuit against Bodog Entertainment Group and which had been served on the Bodog Entities.

5.      Shortly thereafter I spoke with Mr. Nguyen by telephone. I again informed Mr. Nguyen that I was representing 1ˢᵗ Technology LLC in a patent infringement lawsuit against Bodog Entertainment Group. At that time, Mr. Nguyen told me that he was not representing any of the Bodog Entities in connection with the pending litigation, that he could not help me any further at that time, and that he would contact me in the future if he were retained to represent any of the Bodog Entities in connection with the pending litigation.

/ / /

/ / /

/ / /

/ / /

1

6.    No attorney has ever called me, written me, or otherwise communicated with me to indicate that they were representing any of the Bodog Entities in this litigation.

Further your affiant sayeth naught.

DATED this _____ day of September, 2007.

_____
MATTHEW McANDREWS

Sworn to and subscribed before

me this _____ day of September, 2007.

_____
Notary Public

OFFICIAL SEAL
BARBARA J ZYLMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/28/10

2

# EXHIBIT 8

## AFFIDAVIT OF WILLIAM W. FLACHSBART

STATE OF ILLINOIS     )
                            ) ss.
COUNTY OF COOK     )

I, WILLIAM W. FLACHSBART, being first duly sworn, deposes and states as follows:

1.     I am an attorney licensed to practice in the State of Illinois and am over the age of legal majority in the State of Nevada.

2.     I am former counsel for 1st Technology LLC and its principal, Dr. Scott Lewis.

3.     I assisted in preparing the Complaint for patent infringement filed by 1st Technology LLC against Bodog Entertainment Group, S.A., Bodog.Net, and Bodog.Com (hereinafter the "Bodog Entities"), which was filed in the United States District Court for the District of Nevada on September 7, 2006.

4.     I retained a process server to serve the Summons and Complaint on the Bodog Entities at their headquarters in San Jose, Costa Rica. The process server received the Summons and Complaint on November 14, 2006 and, pursuant to his affidavit, served the Bodog Entities personally on November 23, 2006.

5.     Prior to service of the Complaint, I attempted to notify Bodog that the Complaint had been filed. I called the Bodog offices and, after being placed on hold five times, my call was eventually transferred to a Bodog supervisor who I understood took down all the relevant information, including my name and that I represented 1st Technology LLC, that 1st Technology had filed suit against Bodog for patent infringement, and I provided my telephone number, after which the Bodog supervisor indicated to me that someone from the Bodog Legal Department should be calling me shortly. No one from Bodog ever called me back to discuss the matter.

1

6.     After waiting for quite some time for a response from Bodog, I found out that Mr. James Nguyen had represented Bodog in another lawsuit that was filed prior to 1st Technology LLC's lawsuit.  Accordingly, I called Mr. Nguyen on December 19, 2006 to inform him that a lawsuit had been filed and to determine whether he would be representing Bodog.  I left him a message.  Mr. Nguyen never returned my call, leading me to believe that he was not representing Bodog in the instant action.

7.     During the time that I was representing 1st Technology, I never received any telephone call, correspondence, or other communication, indicating that any attorney was representing Bodog in this matter.

Further your affiant sayeth naught.

DATED this 17th day of September, 2007.

_____
WILLIAM W. FLACHSBART

Sworn to and subscribed before me this 17th day of September, 2007.

_____
Notary Public

```
"OFFICIAL SEAL"
B. Anderson
Notary Public, State of Illinois
My Commission Exp. 05/05/2010
```

2

# EXHIBIT 9

# AFFIDAVIT OF L. KRISTOPHER RATH

STATE OF NEVADA  )
         ) ss.
COUNTY OF CLARK  )

I, L. KRISTOPHER RATH, being first duly sworn, deposes and states as follows:

1.  I am an attorney licensed to practice in the State of Nevada and am over the age of legal majority in the State of Nevada. I am a Partner with the law firm of Hutchison & Steffen, LLC, counsel of record for Plaintiff 1st Technology LLC.

2.  In August 2006, Hutchison & Steffen, LLC was retained, through the law firm of Niro, Scavone, Haller & Niro, to file a Patent Infringement Complaint on behalf of 1st Technology LLC in the United States District Court for the District of Nevada.

3.  On September 7, 2006, 1st Technology LLC filed Case No. 2:06-cv-01110-RLH-GWF in the United States District Court for the District of Nevada naming, among other Defendants, Bodog Entertainment Group, S.A., Bodog.Net and Bodog.Com (hereinafter the "Bodog Entities").

4  The law firm of Niro, Scavone, Haller & Niro handled the service of the Defendants outside of the country for this matter. After service of process was accomplished on the Bodog Entities, the Niro Scavone firm provided us with the Proofs of Service, which were then filed with the Court.

5.  In December 2006, 1st Technology LLC, again through the Niro Scavone firm, retained Hutchison & Steffen, LLC to file a patent infringement lawsuit against an entity known as Riptown.Com Media. Once again, the Niro Scavone firm agreed to handle service of process for the Defendants which were out of the country in this action. The Complaint in the Riptown.Com Media action was filed on December 28, 2006 as Case No. 2:06-cv-01650 in the United States District Court for the District of Nevada. This was a completely separate action from the case involving the Bodog Entities.

6.  Subsequently, I received correspondence from a Diane Tucker stating that she was General Counsel for Riptown.Com Media and claiming that, while she was General Counsel for Riptown.Com Media, it was a fictitious business name and did not exist. A copy of this letter was

1

1    attached to Defendant Bodog Entities' Motion to Set Aside Default Judgment. As the Court can see

2    from a review of this letter, Ms. Tucker never claimed to represent any of the Bodog Entities. The

3    name Bodog does not appear anywhere in the letterhead or anywhere else in the correspondence.

4         7.    Based on this letter from counsel for a different defendant in a different case, counsel

5    for the Bodog Entities in this matter incorrectly accuses me of violating Rule 3.5A of the Rules of

6    Professional Conduct. This Rule indicates that when a lawyer knows or reasonably should know the

7    identity of the lawyer representing an opposing party, that lawyer should contact the opposing

8    counsel before entering default. Counsel for the Bodog Entities provides no evidence whatsoever

9    that Ms. Tucker's letter could reasonably have placed me, or any one else, on notice that she

10   represented any Bodog entity. At the time I received Ms. Tucker's letter, and to this date, I did not

11   know and had no reason to know that Ms. Tucker had anything to do with any of the Bodog Entities.

12        8.    In her Declaration in Support of Defendant Bodog Entities' Motion to Set Aside

13   Default, Ms. Tucker claims, for the first time, that she is General Counsel for the various "Bodog"

14   businesses. *See* Diane Tucker's Declaration, at ¶1, attached to Defendants' Motion to Set Aside

15   Default. Ms. Tucker never communicated this proposition to me in writing, or otherwise. Ms.

16   Tucker does not indicate in her letter, in her affidavit, or anywhere else, what connection

17   Riptown.Com Media might have to any of the Bodog Entities. I did not have and do not have now

18   any knowledge as to whether Riptown.Com Media has any connection to the Bodog Entities.

19   Neither Ms. Tucker, nor any one else, has ever informed me that Riptown.Com Media has any

20   connection whatsoever to any Bodogy Entity.

21        9.    While it appears that the Bodog Entities operate through a number of shadowy

22   subsidiaries, fictitious names, and offshore arrangements, I have no reason to know that

23   Riptown.Com Media has any connection with any of the Bodog Entities. It is puzzling that Ms.

24   Tucker would assume that I, or anyone else, knew or should have known, that she was General

25   Counsel for various Bodog businesses when she informed me that she was only counsel for

26   Riptown.Com Media (which she stated did not even exist).

27

28

10.     Furthermore, it was made known to me that attorneys at the Niro Scavone firm attempted to contact an attorney, James Nguyen, who was known to represent the Bodog Entities in the past. I was informed that these attorneys were told that Mr. Nguyen told them that he was not representing Bodog in this action. *See* Affidavits of William Flachsbart, Esq. and Matthew McAndrews, Esq.

11.     In sum, I was not provided with any notice, or any information leading me to believe, that Bodog was represented in any way at the time default was entered in this action. To suggest that I violated Nevada Rule of Professional Responsibility 3.5A is a pure fabrication and misrepresentation to this Court.

12.     Furthermore, pursuant to Federal Rule of Civil Procedure 55(b)(2), there was never any need to serve written notice of the Application for Default Judgment in this matter because the party against whom the judgment was sought had not appeared in the action and there was no indication from any source that they were represented by an attorney in this action. Defendants appear to concede that this was the case.

13.     A true and correct copy of Forbes.com article entitled: "Catch Me If You Can" is attached as Exhibit 2 to this Opposition.

14.     A true and correct copy of FindArticles.Com article entitled: "Update: Bodog Uses Offshore Status to Evade U.S. Lawsuit, According to Bluemoon Entertainment" is attached as Exhibit 3 to this Opposition.

Further your affiant sayeth naught.

DATED this 18th day of September, 2007.

_____
L. KRISTOPHER RATH

Sworn to and subscribed before

me this 18th day of September, 2007.

_____
Notary Public

DANETTE YOUNG
Notary Public, State of Nevada
Appointment No. 06-102395-1
My Appt. Expires Jan. 9, 2010

3