# EXHIBIT 10

Dockets.Justia.com

L. Kristopher Rah
HUTCHISON & STEFFEN, LLC
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

Re:     *1st Technology, LLC v. Riptown.com Media*, D.Nv. Case No. 2:06-CV-1650-JCM-GWF

Dear Mr. Rath:

I am general counsel for Riptown.com Media.  On or about April 24, 2007, our office received your attempted service of the complaint in the action entitled, *1st Technology LLC v. Riptown.com Media*, Case No. 2:06-CV-1650-JCM-GWF, filed in the United States District Court for the District of Nevada.

Please be advised that Riptown.com Media is a fictitious business name of another entity, and there is no entity named "Riptown.com Media."  Thus, your complaint against "Riptown.com Media" and your attempted service are defective.

We reserve all rights, including but not limited to, all rights, claims and defenses to challenge the allegations in 1st Technology, LLC's complaint (which are meritless).

Sincerely,

Diane E. Tucker

**☰ RIPTOWN.COM**

Riptown.com Media
7th Floor, 333 Seymour Street
Vancouver, BC, Canada V6B 5A6

LACA_803387

# EXHIBIT 11

## DECLARATION OF MAURICIO BONILLA ROBERT

I, MAURICIO BONILLA ROBERT, holder of the Costa Rican Identification number 1-0903-0770, do hereby declare:

1.       I am an attorney licensed to practice in the country of Costa Rica (license number 13784) and practice with the law firm of Oller Abogados (http://www.ollerabogados.com).   I have been retained to represent the interest of Plaintiff 1st Technology LLC in the country of Costa Rica in Case No. 2:06-cv-1110-RLH-GWF, filed in the United States District Court for the District of Nevada.

2.       I am over the age of 18, the age of legal majority in the State of Nevada.

3.       I have researched the corporate status of Bodog Entertainment Group, S.A., an entity chartered in Costa Rica.   A true and correct copy of this company's Certification of Registration (charter documents) in Costa Rica is attached hereto (as **Exhibit A**), and is titled "Republica De Costa Rica Registro Nacional Certificacion Literal, Numero De Certificacion No. 2762231." This document lists the Board of Directors for Bodog Entertainment Group, S.A. under the subtitle: "Nombramientos Junta Directiva." This document lists Victoria Mora Flores as an officer of Bodog Entertainment Group, S.A., in the position of "Fiscal." This, in essence, designates her as the comptroller of Bodog Entertainment Group, S.A..

4.       Under Costa Rican law, service on a corporation is effective via hand-delivery to any person that appears to be older than fifteen years old who is present where the service should be effected.   Service on an officer of a company is sufficient under Costa Rican law.   Article 7 of the Service Law of Costa Rica sets forth part of the provisions governing service of process.   A copy of this article (Article 7 of the "Ley de Notificaciones, Citaciones y otras Comunicaciones

1

Judiciales"), along with its true and correct translation into English, is attached hereto (as **Exhibit B**).

    5.    I declare under penalty of perjury under the laws of the State of Nevada, and the laws of the country of Costa Rica and United States, that the foregoing is true and correct.

DATED: _September 17th, 2007_.

_____
MAURICIO BONILLA ROBERT

Auténtica



# EXHIBIT A

Nº 2762231



**REGISTRO NACIONAL**
REPUBLICA DE COSTA RICA

### REPUBLICA DE COSTA RICA
### REGISTRO NACIONAL
### CERTIFICACION LITERAL
### NUMERO DE CERTIFICACION: *-*569101-2007*-*
### PERSONA JURIDICA: 3-101-351874

### DATOS GENERALES

**RAZON SOCIAL O DENOMINACION:** BODOG ENTERTAINMENT GROUP SOCIEDAD ANONIMA
**ESTADO ACTUAL:** INSCRITA
**CITAS DEL ANTECEDENTE:** TOMO:1716 FOLIO:248 ASIENTO:00242
**DOCUMENTO ORIGEN:** TOMO: 522 ASIENTO: 14893 FECHA INSCRIPCION: 26/08/2004
**DOMICILIO:** SAN JOSE- SAN JOSE AVENIDA TRECE Y QUINCE, CALLE TREINTA Y TRES, CASA MIL TRESCIENTOS TREINTA Y DOS.
**OBJETO/FINES (SINTESIS):** SERVICIOS EXTERNO DE ADMINISTRACION CONTABLE Y FINANCIERA,COMERCIO, AGRICULTURA, GANADERIA, TURISMO, PODRA VENDER, HIPOTECAR, PIGNORAR, ADQUIRIR BIENES MUEBLES E INMUEBLES, ARRENDARLOS, GRAVARLOS, OTORGAR GARANTIAS REALES O FIDUCIARIAS.-
**PLAZO DE LA ENTIDAD JURIDICA:** INICIO: 30/07/2003 VENCIMIENTO: 30/07/2102

### CONFORMACION DEL CAPITAL O PATRIMONIO

**FECHA DE INSCRIPCION:** 26/08/2004 **TIPO DE CAPITAL:** SUSCRITO Y PAGADO **TIPO DE MONEDA:** COLONES
**CLASE DE ACCION O TITULO:** ACCIONES COMUNES Y NOMINATIVAS
**CANTIDAD TITULOS:** 100 **MONTO:** 1,000.00 **TOTAL:** 100,000.00

NO EXISTEN MAS REGISTROS DE CAPITAL/PATRIMONIO PARA LA PERSONA JURIDICA

### A D M I N I S T R A C I O N

**PLAZO DE DIRECTORES Y/O PRORROGAS:** JUNTA DIRECTIVA, FISCAL Y AGENTE RESIDENTE, DURARAN EN SUS CARGOS POR TODO EL PLAZO SOCIAL
**LA JUNTA DIRECTIVA NO TIENE FACULTAD PARA OTORGAR PODERES**

### R E P R E S E N T A C I O N

CORRESPONDE AL PRESIDENTE, LA REPRESENTACION JUDICIAL Y EXTRAJUDICIAL DE LA SOCIEDAD CON FACULTADES DE APODERADO GENERALISIMO CON LIMITE DE SUMA DE DOS MIL DOLARES Y TENDRA FACULTADES DE APODERADO GENERALISIMO SIN LIMITE DE SUMA CUANDO EXPRESAMENTE ASI LO AUTORICE LA ASAMBLEA GENERAL DE SOCIOS. TENDRA LAS FACULTADES DE OTORGAR PODERES SUSTITUIR SU MANDATO EN TODO EN PARTE REVOCAR SUSTITUCIONES Y HACER OTRAS DE NUEVO RESERVANDOSE O NO SU EJERCICIO DEL PODER SUSTITUIDO.

### N O M B R A M I E N T O S
#### JUNTA DIRECTIVA

**FECHA DE INSCRIPCION:** 07/08/2006 **CARGO:** PRESIDENTE
**OCUPADO POR:** GERARDO ALBERTO UMAÑA JUAREZ CEDULA DE IDENTIDAD 1-0826-0545
**REPRESENTACION:** REPRESENTACIÓN JUDICIAL Y EXTRAJUDICIAL
**VIGENCIA:** INICIO 20/01/2006 **VENCIMIENTO** 30/07/2102

**FECHA DE INSCRIPCION:** 07/08/2006 **CARGO:** SECRETARIO
**OCUPADO POR:** DAVID FERGUSON PASAPORTE JK 370972
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 20/01/2006 **VENCIMIENTO** 30/07/2102

**FECHA DE INSCRIPCION:** 01/02/2007 **CARGO:** TESORERO
**OCUPADO POR:** MARIO CHAVEZ SALAS CEDULA DE IDENTIDAD 1-0227-0419
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 14/11/2006 **VENCIMIENTO** 30/07/2102

### NO EXISTEN MAS NOMBRAMIENTOS EN JUNTA DIRECTIVA

### NOMBRAMIENTOS U OTROS CARGOS DE LA PERSONA JURIDICA

ABRIL 2007

Nº 2762232

FECHA DE INSCRIPCION: 01/02/2007 CARGO: AGENTE RESIDENTE
OCUPADO POR: SILVIA ALEJANDRA DIAZ SOLANO CEDULA DE IDENTIDAD 1-0822-0857
REPRESENTACION: NO APLICA
VIGENCIA: INICIO 14/11/2006 VENCIMIENTO 30/07/2102
OTRAS SEÑAS OFICINA: SAN JOSE, BUFETE NIEHAUS ABOGADOS, BARRIO DENT, DE AUTOS SUBARU, DOSCIENTOS METROS AL NORTE, EDIFICIO BLANCO ESQUINERO MANO IZQUIERDA.-

FECHA DE INSCRIPCION: 06/12/2005 CARGO: FISCAL
OCUPADO POR: VICTORIA MORA FLORES CEDULA DE IDENTIDAD 1-1026-0250
REPRESENTACION: NO APLICA
VIGENCIA: INICIO 09/05/2005 VENCIMIENTO 30/07/2102

FIN DE LOS NOMBRAMIENTOS O CARGOS DE LA PERSONA JURIDICA

PODERES QUE HA OTORGADO LA PERSONA JURIDICA
INFORMACION DETALLADA O POSIBLES MOVIMIENTOS EN LA CERTIFICACION DEL PODER CORRESPONDIENTE
CITAS DE INSCRIPCION DEL PODER: 568-77809-1-1 FECHA: 19/01/2007
TIPO DE PODER: PODER GENERALISIMO ESTADO ACTUAL DEL PODER: INSCRITO

NO EXISTEN MAS PODERES OTORGADOS POR LA PERSONA JURIDICA
NO EXISTE INFORMACION DE AFECTACIONES SOBRE LA PERSONA JURIDICA
NO EXISTE INFORMACION DE MOVIMIENTOS PENDIENTES SOBRE LA PERSONA JURIDICA
NO EXISTE INFORMACION DE OBSERVACIONES SOBRE LA PERSONA JURIDICA

LA PRESENTE CERTIFICACION CONSTITUYE DOCUMENTO PUBLICO CONFORME LO ESTABLECE EL ARTICULO 71 DEL DECRETO EJECUTIVO NUMERO 26771-J DEL 18 DE MARZO DE 1998 Y EL ARTICULO 369 DEL CODIGO PROCESAL CIVIL.

*- DADO EN EL REGISTRO NACIONAL A LAS 13 HORAS 1 MINUTOS Y 6 SEGUNDOS, DEL 17 DE SETIEMBRE DEL 2007-*

FIRMA DEL FUNCIONARIO AUTORIZADO.
SILVIA PACHECO RAMIREZ

NULA SIN LOS TIMBRES DE LEY CANCELADOS EN SOLICITUD ADJUNTA Y SELLOS CORRESPONDIENTES.

ABRIL 2007

# EXHIBIT B

**Artículo 7.- Entrega de la cédula y notificación por periódico**

La notificación por cédula en casa de habitación o en la dirección fijada por la persona jurídica, será entregada a cualquier persona que aparente ser mayor de quince años, y se halle en la casa de habitación o en el lugar señalado. En el acta de la diligencia, se harán constar la entrega de la cédula y el nombre de la persona que la recibe, quien firmará con el notificador. Si esta no supiere, no quisiere o no pudiere firmar, el funcionario consignará el hecho bajo su responsabilidad.

Asimismo, al entregar la cédula, el notificador consignará en ella la fecha y hora de entrega. Si la casa de habitación o el lugar señalado estuvieren desocupados, o no existieren, el notificador, también bajo su responsabilidad, hará constar ese hecho y, con base en él se hará la notificación de acuerdo con lo dispuesto en el artículo 3 o por medio de edicto. Este se publicará en el Boletín Judicial o en un diario de circulación nacional, y contendrá los datos necesarios para identificar el proceso. La notificación quedará practicada tres días después de la publicación.

-------------------------

**Translation into English:**

**Article 7. - Delivery of the Summons and service by newspaper**

The service of the summons in a home address or the address for a corporation will be given to any person whom pretends to be older than fifteen years old, and it is at home or indicated place. The delivery will be recorded together with the name of the person who received the copies of the summons, who will sign next to the Process Server that performed the service. If the person who received the service does not know how, does not want or cannot sign, the Server is responsible to record this situation.

Also, when delivering the service, the Server will record the date and hour of delivery. If the home or the indicated place is empty or inexistent, the Server, also under his/her responsibility, will record this situation and, according to this the service will be performed according to what article 3 establishes or by means of edict. The edict will be publish in the Judicial Journal or a newspaper with national circulation, and will contain the necessary data to identify the process. The service will be duly performed three days after the publication.

**Gerardo Parajeles Vindas**

# Ley
## de Notificaciones, Citaciones y otras Comunicaciones Judiciales

**(Comentada y con jurisprudencia)**

**Anexo**

**Reglamento de la Oficina de Notificaciones**
**Reglamento de Notificaciones por Fax**
**Reglamento de Notificaciones por Casillero**
**Reglamento de Notificaciones por medio de Notario**

 Investigaciones Jurídicas, S.A.



INVESTIGACIONES JURÍDICAS S.A.

verdadero contexto de lo que ha de concebirse por "conocimiento público". Pero, aún en el supuesto de que el notificador conociera el lugar de ubicación de esa oficina, ello no lo obliga a tener que notificar en otro lugar distinto al que en el contenido del libelo de contestación a la demanda, propiamente, en el apartado relativo a "NOTIFICA-CIONES", fue expresamente dispuesto. Aunado a ello, este mecanismo de notificación no está ni previsto ni autorizado por ley; antes bien, propicia discriminaciones intolerables para quienes no tienen una oficina cuya ubicación sea conocida por el notificador, lo que atentaría contra el principio de igualdad procesal que resguarda el artículo 98, inciso 2, del Código Procesal Civil. De consiguiente, que el notificador sepa cuál es la dirección correcta de la parte demanda, es algo que no consta, pero tampoco tiene por qué acreditarse, puesto que, en todo caso, no le asiste a ese funcionario obligación alguna de suponer o investigar dónde es que debe efectuarse la notificación, pero sí constituye un deber insoslayable de la parte interesada de indicar, con la debida corrección, el lugar para atender notificaciones. La práctica de la notificación no es procedente dejarla al arbitrio del conocimiento que pueda o no tener un notificador de la ubicación de un domicilio u oficina. Ello propiciaría inseguridad jurídica, fomentaría la negligencia de los verdaderos interesados en que se les notifique y dejaría sin razón de ser el imperativo legal que obliga al correcto señalamiento que, de hecho, exige nuestro derecho positivo.

V.- Arguye el recurrente, que el notificador debió notificar conforme al lugar indicado en la parte inferior del memorial de contestación a la demanda; no obstante, ese sería un proceder privilegiado, en favor de quien por su negligencia no hizo un señalamiento correcto y en detrimento de quien sí cumplió a cabalidad con su obligación. Además, constituiría un procedimiento que no ha sido diseñado ni dispuesto por ley. El membrete que pueda tener el documento (como puede no tenerlo y en ese caso el procedimiento sugerido sería impracticable) no forma parte de su contenido. Pretender que el notificador ejecute su encargo atendiendo a lo que pueda decir el membrete es algo abiertamente irregular y casuístico. Si se señala, expresamente, determinado lugar para atender notificaciones dentro del contenido del libelo de contestación a la demanda (como es lo propio según lo preceptuado por ley), mientras que en el membrete aparezca otro lugar diverso, el notificador debe notificar según lo expresado en el texto del escrito de contestación. No es dable hacer distinciones casuísticas al respecto entre quienes utilicen papel

LEY DE NOTIFICACIONES, CITACIONES Y OTRAS COMUNICACIONES JUDICIALES

membretado y quienes no lo hacen, pues la ley no estatuye como obligatorio el uso de papel con tales características. Además, no es que en el membrete los co-demandados hicieron el señalamiento de rigor, tan sólo se observa allí una dirección, pero sin contener ninguna otra especificación. Contrariamente, en el cuerpo de escritura que constituye la contestación a la demanda, sí se hizo un señalamiento expreso. Es por todo ello, que el notificador no está obligado a tener que andar investigando, adivinando o suponiendo si es esa la oficina donde deba practicarse la notificación. En este otro sentido, actuó bien el notificador al hacer patente lo sucedido, a través de las respectivas constancias, las cuales; entre otros propósitos, tienen como finalidad, precisamente, poner en conocimiento de las partes, que con la mínima diligencia revisan periódicamente el expediente, situaciones especiales que acontece en el curso del procedimiento, sobre todo, cuando a la fecha en que se pusieron dichas constancias, aún no se había dispuesto, por el Consejo Superior, incorporar el fax como medio de notificación, sistema que quedó incorporado para regir a partir del quince de diciembre de mil novecientos noventa y siete, según acuerdo tomado en sesión del veintisiete de noviembre de ese mismo año.
T.P.C. N° 319-M 7:45 hrs. 18 Marzo 1998.

**Artículo 7.- Entrega de la cédula y notificación por periódico.** La notificación por cédula en casa de habitación o en la dirección fijada por la persona jurídica, será entregada a cualquier persona que aparente ser mayor de quince años, y se halle en la casa de habitación o en el lugar señalado. En el acta de la diligencia, se harán constar la entrega de la cédula y el nombre de la persona que la reciba, quien firmará con el notificador. Si ésta no supiere, no quisiere o no pudiere firmar, el funcionario consignará el hecho bajo su responsabilidad.

Asimismo, al entregar la cédula, el notificador consignará en ella la fecha y hora de entrega. Si la casa de habitación o el lugar señalado estuvieren desocupados, o no existieren, el notificador, también bajo su responsabilidad, hará constar ese hecho y, con base en él, se hará la notificación de acuerdo con lo dispuesto en el artículo 4 o por medio de edicto. Este se publicará en el Boletín Judicial o

periodico de circulación nacional no garantiza la seguridad que se entere.

## Jurisprudencia

**Persona notificada aparenta ser mayor de 15 años.** La menor hija del demandado que recibió la notificación cuya nulidad se ha solicitado, contaba en el momento de la diligencia con 14 años 3 meses y 26 días por lo que es totalmente factible que aparentara ser mayor de 15 años, por lo que no cabría anular esta notificación hecha en la casa de habitación del demandado. (art. 177 CPC).
T.S.I.C. N° 542-E  8:50 hrs.  25 Mayo 1993.

**Nulidad. Improcedencia porque menor aparenta quince años.** En lo que es motivo de inconformidad, comparte el Juzgado las consideraciones de la señora Jueza a-quo y por ende los agravios esgrimidos por el incidentista apelante no resultan de recibo. El Juzgado de primera instancia rechaza el incidente que se inicia a folio 30, en el cual se impugna de nulidad la notificación visible a folio 25 vuelto. La incidencia se sustenta en dos alegatos: 1) la persona que recibió la notificación era un menor de edad de quince años, y 2) en la cédula le consignaron "ejecución hipotecaria" en lugar de "proceso hipotecario". Ambos puntos debatidos son analizados con toda propiedad por el a-quo, y de acuerdo con el mérito de los autos y disposiciones legales citadas, es indudable la improcedencia de la nulidad reclamada. En primer lugar, el artículo 7 de la Ley de Notificaciones, Citaciones y otras Comunicaciones Judiciales, establece que la notificación personal prevista en el artículo 2 se puede hacer en la casa de habitación de la parte demandada, y para ello es suficiente con dejar la cédula con una persona que aparente quince años. De esa norma se concluye que es válido el acto de comunicación aún cuando quien recibe la cédula sea un menor de edad, pues la única condición que impone es que aparente los quince años. Por confesión extrajudicial y espontánea del propio promovente, se reconoce que el muchacho que recibió la documentación tenía quince años, lo que es cierto conforme a la certificación de folio 29. Al momento de la notificación al firmante le faltaban aproximadamente dos meses para cumplir los quince años, pero esa pequeña diferencia consolida la idea del legislador que aparentaba dicha edad, como en forma sincera lo dijo el incidentista en su escrito inicial. Al recurrir gira el argumento para

en un diario de circulación nacional, y contendrá los datos necesarios para identificar el proceso. La notificación que dará practicada tres días después de la publicación.

## Comentario

La norma regula dos supuestos: las formalidades que debe llevar la notificación en la casa de habitación, y por otro lado la posibilidad de notificar por medio de edictos (en el Boletín Judicial o en un diario de circulación nacional). A mi entender, el primer aspecto se puede aplicar indistintamente a las notificaciones personales del artículo 2 como a las posteriores del numeral 6, pero en éste último caso desde luego cuando da la casa de habitación se haya señalado como lugar para recibir futuras notificaciones. En consecuencia, cuando se deba notificar en la casa de habitación, la cédula será entregada a cualquier persona que "aparente" quince años que se encuentre en la casa. La disposición también es aplicable cuando se designa otro lugar. La persona que la recibe no debe necesariamente tener quince años, basta que los aparente de acuerdo con sus características personales. Si desea firma el acta, de lo contrario el notificador hará constar que no quiso firmar bajo su responsabilidad.

Respecto a la notificación por edictos, es evidente que se trata únicamente de las notificaciones personales del artículo 2. No podría cubrir las posteriores porque de haberse señalado una casa de habitación para los efectos del artículo 6, la falta de notificación por estar desocupada o no existir es un supuesto de notificación automática a tenor del numeral 12 de esta ley, según se comentará. Sería afirmativo, entonces, afirmar que las resoluciones del artículo 2 se pueden notificar por edictos, pero para ello es necesario cumplir con las exigencias de esta norma. En la práctica la notificación por edictos para la primera resolución, del traslado de la demanda por ejemplo, no se ordena con mucha facilidad. Los juzgadores por lo general tratan de agotar todas las otras formas de notificar (personalmente o en el domicilio contractual si lo hubiere), y en caso de no ser posible se opta por considerar al demandado como ausente con la finalidad de nombrarle curador procesal conforme a los artículos 262 (personas físicas) o 266 (personas jurídicas) del Código Procesal Civil. Quizás es lo más prudente por la naturaleza de esas resoluciones, todo con el objetivo de evitar causar indefensión porque es poco posible que las partes lean con frecuencia el Diario Oficial, y creo que la publicación en un