Charles McCrea (NV State Bar No. 104)
**LIONEL SAWYER & COLLINS**
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel 702.383.8981
Fax 702.383.8845
cmccrea@lionelsawyer.com

James D. Nguyen (CA State Bar No. 179370)
Victor de Gyarfas (CA State Bar No. 171950)
Uleses C. Henderson, Jr. (CA State Bar No. 225246)
*Pro Hac Vice Applications To Be Submitted*
**FOLEY & LARDNER LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Tel: 310-277-2223; Fax: 310-557-8475
jnguyen@foley.com
uhenderson@foley.com

Attorneys for Specially Appearing
Defendants **BODOG ENTERTAINMENT GROUP S.A.**,
and erroneously named Specially
Appearing Defendants **BODOG.NET**
and **BODOG.COM**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC, <br><br> Plaintiff, <br> vs. <br><br> RATIONAL ENTERPRISES LTDA., RATIONAL POKER SCHOOL LIMITED, BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, BODOG.COM, AND FUTUREBET SYSTEMS LTD., <br><br> Defendants. | Case No: 2:06-cv-1110-RLH-GWF <br><br> **DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SCOTT W. LEWIS DATED SEPTEMBER 20, 2007** <br><br> **Date:** October 11, 2007 <br> **Time:** 9:00 a.m. <br> **Courtroom:** 6C |

LACA_875946.1

i

Specially appearing defendants Bodog Entertainment Group S.A. (Costa Rica), Bodog.net, and Bodog.com ("Defendants") (who challenge jurisdiction), hereby submit the following objections to the Declaration of Scott Lewis submitted in support of 1st Technology LLC's Emergency Motion for a Permanent Injunction.

1. <u>PARAGRAPH 2 FROM LEWIS DECLARATION</u>:

"My declaration explains why the Court should issue an Order for Injunctive Relief at this time to prevent Bodog from shifting its key assets outside the United States to avoid collection on the Default Judgment against them. The injunction is also needed to prevent Bodog from transferring assets outside of the United States, in case its Motion to Set Aside Default is denied and 1st Technology ultimately prevails in this matter."

DEFENDANTS' OBJECTIONS: Defendants objects to this entire paragraph as containing opinion/speculation, lacking an improper foundation, and lacking any personal knowledge.

2. <u>PARAGRAPH 3 FROM LEWIS DECLARATION</u>:

"I have the requisite background to present this analysis of Bodog's operations and domain name traffic alteration."

DEFENDANTS' OBJECTIONS: Defendants object to this assertion of expertise on the grounds that declarant has not established personal knowledge and the qualifications set for therein fail to satisfy the criteria set for in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 597 (1993).

3. <u>PARAGRAPH 4 FROM LEWIS DECLARATION</u>:

"[B]odog's infringing activities are responsible for over $65 billion of cumulative

transactions to date. These revenues were the basis for 1st Technology's $46.6 million dollar Judgment against Bodog. Bodog's infringing activities are generated from operation of their Bodog website that operates outside the United States via their U.S. registered domain name."

   DEFENDANTS' OBJECTIONS: Defendants object to these assertions as irrelevant, not based on personal knowledge, and hearsay. Defendants further object that the declarant has not established that his calculations are valid under the criteria set for in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 597 (1993).

4. <u>PARAGRAPH 5 FROM LEWIS DECLARATION</u>:

"On August 21, 2007, 1st Technology received a Washington State Court Order turning over the control of the domain name and traffic of Bodog.com – the domain name traffic being the primary saleable asset to 1st Technology as creditor."

   DEFENDANTS' OBJECTIONS: Defendants object on the grounds that this statement misstates the evidence. The Washington State Court Order says nothing about turning over control of traffic of Bodog.com. Defendants further object that the statement misconstruing the Washington State Court Order violates the best evidence rule.

5. <u>PARAGRAPH 6 FROM LEWIS DECLARATION</u>:

"To evade the intent of the Court's Order, on August 27, 2007, Bodog linked a new domain name created on August 27th to Bodog's website. This new domain name was registered to a third-party, Lyon Finance Ltd. Of Malta, via a second Washington State registrar, dotRegistrar, with the name NewBodog.com. The redirecting of Bodog's website via this new domain name in combination with

Bodog's directions to its customers to use the new site transferred all of the Bodog traffic to "NewBodog.com" domain name. When 1st Technology discovered bodog's action in moving its traffic to the new site, 1st Technology moved for and was granted a Washington State Court Order on September 5, 2007, barring Bodog or any third-party from transferring and/or disposing of the NewBodog.com domain name. Bodog and their registrar subsequently received the Court Order of September 12th to lock the domain name."

DEFENDANTS' OBJECTIONS: Defendants object to the entire paragraph as irrelevant, lacking foundation, being based on hearsay, and constituting attorney argument and personal opinion.

6. <u>PARAGRAPH 7 FROM LEWIS DECLARATION</u>:

"On September 15th, Bodog CEO bragged on his website that 1st Technology's creditor actions to secure judgment using the Court Ordered Bodog.com and other related domain names left 1st Technology ". . . with nothing to show for all their efforts but a group of domains that is rapidly losing value . . . The domain is just the doorway. And if you move that doorway, customers will easily find and readily come to the new one. Shit, we can even change the name entirely and the customers will still come." This plan to move assets off-shore as soon as possible was also confirmed by Bodog's legal counsel."

DEFENDANTS' OBJECTIONS: Defendant objects to the entire paragraph as hearsay, lacking foundation, misstating the evidence, and constituting attorney argument.

7. <u>PARAGRAPH 8 FROM LEWIS DECLARATION</u>:

"On September 18, 2007, according to Bodog and web reports, Bodog began

LACA_875946.1                                3

redirecting their customers from the locked NewBodog.com domain in Washington State to a new domain name, BodogLife.com registered to a registrar outside of the U.S., Gandi SAS of France. One his website, the CEO and owner of Bodog, Mr. Calvin Ayre, bragged that he had taken away any chance of 1st Technology gaining access to the assets of Bodog stating, ". . . BodogLife.com is our new permanent domain. BodogLife.com is not registered in the U.S. and is not subject to being claimed by a U.S. (court case). . . In this move . . . 1st Technology have been defeated."

      DEFENDANTS' OBJECTIONS: Defendants object to the entire paragraph as hearsay and irrelevant.

8.    PARAGRAPH 9 FROM LEWIS DECLARATION:

"The report set forth in Exhibit B demonstrates that the bulk of traffic into NewBodog.com is being quickly siphoned away to the new domain name registered outside of the United States, BodogLife.com.

      DEFENDANTS' OBJECTIONS: Defendants object to this statement and the accompanying exhibit as unreliable and unauthenticated hearsay.

9.    PARAGRAPH 9 FROM LEWIS DECLARATION:

"This is clearly a blatant attempt on Bodog's part to drain the attached assets of any value and to transfer assets outside of the United States to prevent collection of the Default Judgment or any other judgment rendered in this case."

      DEFENDANTS' OBJECTIONS: Defendants object to this statement as argumentative and based on personal opinion, without personal knowledge, without foundation, and irrelevant.

10. <u>PARAGRAPH 9 FROM LEWIS DECLARATION</u>:

"If Bodog is not enjoined from this activity immediately, 1st Technology will suffer irreparable harm because it will become impossible for it to collect on the Default Judgment or, should the Default Judgment be set aside, to collect on any other judgment ultimately awarded in favor of 1st Technology against Bodog. As a result, an Order is needed to enjoin Bodog from redirecting traffic to new illegal gaming website."

DEFENDANTS' OBJECTIONS: Defendants object to these statements on the grounds that they are irrelevant, lack foundation, and are argumentative.

11. <u>PARAGRAPH 10 FROM LEWIS DECLARATION</u>:

"Such an Order can be accomplished in two steps which would not result in any harm to Bodog and would also prevent irreparable harm to 1st Technology."

DEFENDANTS' OBJECTIONS: Defendants object to this assertion on the grounds that it is irrelevant, without proper foundation, based on opinion, and not based on personal knowledge.

12. <u>PARAGRAPH 11 FROM LEWIS DECLARATION</u>:

"This would not harm Bodog and would preserve the U.S. traffic based asset value of NewBodog.com."

DEFENDANTS' OBJECTIONS: Defendants object on the grounds that this assertion is irrelevant, lacking personal knowledge, based on opinion, and lacking proper foundation.

13. <u>PARAGRAPH 12 FROM LEWIS DECLARATION</u>:

"It is imperative that the Court issue an order to force Bodog to post security to

prevent them from further transferring and secreting their assets outside of the United States."

        DEFENDANTS' OBJECTIONS: Defendants object to the statement as being based on personal opinion/speculation, without foundation, and irrelevant.

14.    PARAGRAPH 13 FROM LEWIS DECLARATION:

"As already set forth in the papers before this Court, Bodog has a vast internet gaming empire reaping millions and millions of dollars illegally from the United States and Nevada residents and through infringing 1st Technology LLC's '001 Patent.  Furthermore, Bodog and its counsel have already evinced a disdain for United States law and an intent to operate above and beyond the law going into the foreseeable future."

        DEFENDANTS' OBJECTIONS: Defendants object to the entire paragraph as irrelevant, lacking foundation, misstating the evidence, being based on personal opinion and speculation, and as constituting attorney argument.

Dated:  September 27, 2007        By:      /s/ Charles McCrea
                                                            Charles McCrea
                                                          **LIONEL SAWYER & COLLINS**
                                                          Attorneys for Specially Appearing
                                                          Defendants **BODOG ENTERTAINMENT GROUP S.A.,** and erroneously named Specially Appearing Defendants **BODOG.NET** and **BODOG.COM**