Charles McCrea (NV State Bar No. 104)
**LIONEL SAWYER & COLLINS**
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel 702.383.8981
Fax 702.383.8845
cmccrea@lionelsawyer.com

James D. Nguyen (CA State Bar No. 179370)
Victor de Gyarfas (CA State Bar No. 171950)
Uleses C. Henderson, Jr. (CA State Bar No. 225246)
*Pro Hac Vice Applications To Be Submitted*
**FOLEY & LARDNER LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Tel: 310-277-2223; Fax: 310-557-8475
jnguyen@foley.com
uhenderson@foley.com

Attorneys for Specially Appearing Defendants **BODOG ENTERTAINMENT GROUP S.A.**, and erroneously named Specially Appearing Defendants **BODOG.NET** and **BODOG.COM**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST TECHNOLOGY LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>RATIONAL ENTERPRISES LTDA., RATIONAL POKER SCHOOL LIMITED, BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, BODOG.COM, AND FUTUREBET SYSTEMS LTD.,<br><br>            Defendants. | Case No: 2:06-cv-1110-RLH-GWF<br><br>**DECLARATION OF JAMES D. NGUYEN IN OPPOSITION TO PLAINTIFF 1ST TECHNOLOGY LLC'S "EMERGENCY MOTION FOR PERMANENT INJUNCTION"**<br><br>**Date:** October 11, 2007<br>**Time:** 9:00 a.m.<br>**Courtroom:** 6C |

LACA_875884.1

Dockets.Justia.com

## DECLARATION OF JAMES D. NGUYEN

I, James D. Nguyen, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am a partner with the law firm of Foley & Lardner LLP, counsel for specially appearing defendant Bodog Entertainment Group, S.A. and erroneously named specially appearing defendants Bodog.net and Bodog.com. I am over the age of 18, all of the matters stated within this declaration are within my personal knowledge, and I am fully competent to testify as to all of the matters contained within this declaration.

2. In support of its emergency motion for a permanent injunction, Plaintiff 1st Technology LLC submits a September 12, 2007 affidavit from its counsel Troy A. Wallin, purporting to summarize a conversation I had with him on September 11. A number of points made in Mr. Wallin's affidavit are inaccurate.

3. As an initial matter, I called Mr. Wallin on September 11 to discuss possible resolution of this case. I specifically began the conversation by telling Mr. Wallin that I wanted to discuss possible resolution, and asked him whether the conversation would be treated as confidential pursuant to applicable settlement privileges. Mr. Wallin agreed. Thus, all the of statements I made to Mr. Wallin during my September 11 conversation were done in furtherance of settlement discussion. I am quite disturbed to see that Mr. Wallin has submitted affidavits to this Court purporting to summarize statements made during that conversation, in breach of the settlement privilege and the expectation of confidentiality I had in my settlement conversation with Mr. Wallin.

4. Contrary to the statements made in paragraph 2 of Mr. Wallin's affidavit, I did **not** tell Mr. Wallin that "Bodog Entities intended to use their sovereign immunity [of the Mohawk Indians in Canada] as a shield to prevent Plaintiff 1st Technology LLC from pursuing their claims in the instance litigation." I merely told Mr. Wallin that the Bodog gaming business had recently announced (via a press release) that its North American gaming business was being licensed to the Morris Mohawk Gaming Group in Canada. I also told Mr. Wallin that such a license arrangement had been in the works for a long time

1  and even members of the gaming media had previously known about it -- **before** the
2  Bodog businesses learned of 1st Technology's default judgment and the seizure of
3  numerous domain names. I explained to Mr. Wallin that the Bodog gaming business
4  would now be operated by the Morris Mohawk Gaming Group, that 1st Technology LLC
5  would ultimately have to litigate its patent claims with the Morris Mohawk Gaming Group
6  (not with any Bodog entity), and that the Morris Mohawk Gaming Group was sovereign.
7  I never told Mr. Wallin that it was any of the Bodog Entities who intended to use the
8  sovereign immunity of the Morris Mohawk Gaming Group to prevent 1st Technology LLC
9  from pursuing its claims; I merely told him that 1st Technology would have to battle the
10 Morris Mohawk Gaming Group.

11     5.     Contrary to the statements made in paragraph 4 of Mr. Wallin's declaration, I
12 did **not** tell Mr. Wallin that "Bodog believed it had already left U.S. jurisdiction by
13 strategically aligning itself and/or joint venturing with the Mohawk Indians in Canada,
14 thereby avoiding any possibility of collection." I did not, and in fact would not, have
15 made such a statement because – as is clear from Defendants' briefs in this case and in the
16 Washington state court action initiated by 1st Technology LLC to execute on its default
17 judgment – Defendants are arguing that they are **not** and have not been subject to U.S.
18 jurisdiction. So it would not have made any sense for me to say that Bodog "had already
19 left U.S. jurisdiction" – such as by entering into a deal with the Morris Mohawk Gaming
20 Group -- and I never made that statement. Nor I did ever state, as Mr. Wallin implies, that
21 any Bodog business entered into the license arrangement with the Morris Mohawk
22 Gaming Group for the purposes of "avoiding any possibility of collection." As explained
23 above, I told Mr. Wallin that the license arrangement with the Morris Mohawk Gaming
24 Group had already been in the works for some time before the Bodog businesses became
25 aware of 1st Technology LLC's default judgment.
26 ///
27 ///
28 ///

2

LACA_875884.1

1        I declare under penalty of perjury under the laws of the United States of America
2  that the foregoing is true and correct.
3        Executed this 27th day of September, 2007 at Washington D.C.

                                                *[signature]*
                                                JAMES D. NGUYEN

LACA_875884.1

3