# EXHIBIT 15

FILED
07 SEP -7 PM 4: 47
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

The Honorable John Erlick

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 1ST TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM,<br><br>Defendants. | Case No. 07-2-25305-0 SEA<br><br>DEFENDANTS' AMENDED MOTION FOR RELIEF FROM ENFORCEMENT OF PLAINTIFF'S WRIT OF EXECUTION<br><br>NOTE FOR MOTION CALENDAR:<br>September 12, 2007 (10 a.m.) |

## I. RELIEF REQUESTED

This Court issued a writ of execution based upon an invalid default judgment. The plaintiff obtained the judgment without serving process, and without providing notice required by statute of its intent to move for default. Once the defendants learned of this proceeding, they filed a Motion to Set Aside Default in the United States District Court for the District of Nevada where the underlying action is pending. Now, Defendants Bodog Entertainment Group S.A., Bodog.net, and Bodog.com (collectively "Bodog" or "Bodog Entertainment") request this Court grant them relief from the Order Granting Writ of Execution and Sale pending the outcome of their motion in the Nevada federal district court.

Bodog Entertainment Group SA does not itself provide online entertainment services. It merely provided technical services, including domain name management, for

DEFS.' AMENDED MOT. FOR
RELIEF FROM EXECUTION - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

various entities, including but not limited to entities that use the BODOG name and variations thereof to provide various online entertainment services.[1]

The relevant domains ("Bodog Domains"), listed on Exhibit A to the Court's Order Granting Motion for Writ of Execution of Domain Names, are registered through domain name registrar eNom, Inc., a Washington corporation ("eNom"). Plaintiff 1ST TECHNOLOGY LLC, a Nevada limited liability company ("1st Technology") obtained an order from the Court directing eNom to transfer all of the Bodog Domains to Plaintiff (the "Execution Order"). The Execution Order also provides Plaintiff the right to use the valuable BODOG service mark.

The federal district court in Nevada will ultimately vacate the default judgment because Bodog was deprived of due process. However, Plaintiff has already caused eNom to transfer the Bodog Domains away from Bodog and Bodog is suffering substantial irreparable harm as a result of the goodwill loss to its domain names and trademark. Bodog is also suffering substantial monetary loss. Although Bodog should be able to recover from Plaintiff the money damages after the judgment is set aside, it will never be able to recover from the irreparable damage to its trademark as a result of the domain name transfer.

Bodog respectfully requests that this Court exercise its equitable power and either provide Bodog relief from the Execution Order, or stay any transfer of the Bodog Domains until the Nevada federal court resolves the underlying default judgment. Specifically, the Court should order eNom to transfer all Bodog Domains back to Bodog's account under the condition Bodog not be permitted to transfer the domain names out of its account. eNom has the power to "lock" the domain names into Bodog's account, thereby preventing Bodog from transferring them outside of this jurisdiction. By granting the relief Bodog seeks, the Court would maintain the *status quo ante*, yet prevent either Plaintiff or Bodog from absconding with the Bodog Domains until the underlying

---

[1] All defendants believe that there is no personal jurisdiction over them in the State of Washington (or anywhere in the U.S.), and they do not waive that contention by specially appearing and filing this motion.

DEFS.' AMENDED MOT. FOR
RELIEF FROM EXECUTION - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  default judgment is vacated.

## II. STATEMENT OF FACTS

### A. Plaintiff obtained an invalid order of default and judgment.

On August 21, 2007, Bodog Entertainment learned that Plaintiff was attempting to enforce a federal court default judgment against Bodog Entertainment in King County Superior Court. However, Bodog never received notice of a case number or hearing. Shortly thereafter, the Bodog Domains were transferred out of Bodog's domain name account at eNom. Currently, Bodog can no longer provide services at the Bodog Domains, and Bodog Entertainment customers can no longer access those services.

Bodog has since learned that Plaintiff 1st Technology filed a lawsuit against Bodog in late 2006 in the United States District Court for the District of Nevada alleging infringement of an Internet-related method patent. First Technology LLC v. Rational Enterprises LTD et al., Dist.Nv. Case No. 2:06-cv-1110-RLH-GWF (the "Nevada Case"). Plaintiff moved for default judgment in the Nevada Case and on June 13, 2007, the court entered a default judgment against Bodog Entertainment for nearly fifty million dollars ($50,000,000). Nevada Case, Order Granting Plaintiff 1st Technology LLC's Application for Default and Entry of Default Judgment ("Default Judgment") (Dkt. #33), Declaration of Randall Moeller in Support of Motion for Relief from Enforcement of Plaintiff's Writ of Execution ("Moeller Decl."), ¶ 2, Exhibit A.

On August 21, 2007, without notice to Bodog, 1st Technology obtained a writ of execution in King County Superior Court ordering eNom to transfer nearly 3,000 Bodog Domains to Plaintiff's domain account. (Order Granting Motion for Writ of Execution Re Domain Names (the "Execution Order") (Moeller Decl., ¶ 3, Exhibit B)). The Execution Order also granted Plaintiff the right to use Bodog Entertainment's trademarks. (Execution Order at ¶ 6.)

Immediately after learning of the Default Judgment and the Execution Order, Bodog Entertainment filed a Motion to Set Aside Default Judgment in the Nevada federal district court. Nevada Case, Motion of Specially Appearing Defendant Bodog

DEFS.' AMENDED MOT. FOR
RELIEF FROM EXECUTION - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Entertainment Group S.A. and Erroneously Named Specially Appearing Defendants Bodog.net and Bodog.com to Set Aside Default Judgment ("Motion to Set Aside") (Moeller Decl., ¶ 4, Exhibit C). Bodog Entertainment's Motion to Set Aside requests that the Nevada Court vacate the Default Judgment on the grounds that 1) Plaintiff never served Bodog as required by the Federal Rules of Civil Procedure, and 2) Plaintiff's counsel failed to notify Bodog as required by the Nevada Rules of Professional Conduct.

### B. The default judgment is null and void *ab initio* because Plaintiff never served bodog in the Nevada Case.

Plaintiff never served Bodog with process in the Nevada Case. A plaintiff in federal court must serve a corporate defendant by delivering a copy of the summons and complaint to "an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). If a plaintiff fails to properly serve a corporate defendant, the court lacks jurisdiction and any entry of default is void. Veeck v. Commidity Enters., Inc., 487 F.2d 423 (9th Cir. 1973). In the Nevada Case, 1st Technology allegedly served Bodog by leaving a copy of the Summons and Complaint with Victoria Mora, an administrative assistant at Bodog Entertainment. However, Ms. Mora is not an officer, a managing or general agent, or any other agent authorized to accept service of process on Bodog's behalf. Nevada Case, Declaration of Gerardo Umana [in support of Motion to Set Aside] ("Umana Decl."), at ¶ 2. (Moeller Decl., ¶ 5, Exhibit D.) Bodog never received notice of the action. Since Bodog was never served with process as required by federal law, the default judgment is void and should be set aside.

### C. The default judgment is void because counsel for Plaintiff failed to notify Bodog's counsel as required by Nevada rule.

The default judgment is also void because Plaintiffs' counsel did not notify Bodog before seeking the order of default. The Nevada Rules of Professional Conduct direct lawyers who know the identity of counsel for an opposing party to contact that lawyer prior to seeking default. Nev. Rules of Prof'l Conduct R. 3.5A. Under settled Nevada law,

failure to notify an opposing party requires a district court to vacate a default judgment. Cen Val Leasing Corp. v. Bockman, 99 Nev. 612, 668 P.2d 1074 (1983); Estes v. S. Nev. Adult Mental Health, 2006 U.S. Dist. LEXIS 81550 (D.Nev. 2006). Plaintiffs' counsel, L. Kristopher Rah, had previously corresponded with Diane E. Tucker, general counsel for various Bodog entities concerning Plaintiff's claims. Nevada Case, Declaration of Diane E. Tucker [in support of Motion to Set Aside] ("Tucker Decl."), at ¶ 2. (Moeller Decl., ¶ 6, Exhibit E.) Nonetheless, Plaintiff's counsel failed to notify Tucker prior to seeking an entry of default in the Nevada Case. (Id. at ¶ 3.)

**D. Bodog is suffering and will continue to suffer irreparable harm if the domain names are not returned pending the outcome in Nevada.**

The Motion to Set Aside Default Judgment may not be decided for several months. Meanwhile, Bodog is unable to operate its business and, under the terms of the Execution Order, Plaintiff may "liquidate or otherwise monetize" the Bodog Domains. (Execution Order, ¶¶ 2-5.) The value of any Internet business, especially one in the consumer entertainment field like Bodog, is necessarily linked to whether it has a recognizable, familiar location on the Internet, and whether consumers recognize a trademark as identifying a single source for services. Bodog has spent years developing its relationship with online consumers and has accrued a substantial amount of goodwill tied to its trademark and the Bodog Domains. Consumers know to navigate to the Bodog Domains to find Bodog's services. If the domain names are not promptly returned to Bodog, then it will forever lose all of the goodwill established in the Bodog Domains and trademark.

**E. Domain name registrars can easily prevent Bodog from transferring the Bodog Domains outside this jurisdiction.**

Domain name registrars such as eNom, Inc. are capable of placing domain names in a "locked" status. Declaration of Martin Garthwaite in Support of Motion for Relief from Enforcement of Plaintiff's Writ of Execution ("Garthwaite Decl."), ¶ 3. By "locking" domain names, registrars can prevent them from being transferred to other registrars (such as Network Solutions, LLC), and can also prevent transfer to other

DEFS.' AMENDED MOT. FOR RELIEF FROM EXECUTION - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 registrants. (Id.) This Court may prevent Bodog from transferring its Bodog Domains to
2 registrants or registrars outside this jurisdiction, by requiring the Bodog Domains to be
3 locked as a condition of transfer.

### III. STATEMENT OF ISSUES

Whether the Court should provide Bodog equitable relief from the Execution Order pending the outcome of the Motion to Set Aside Default Judgment, allow eNom to transfer the domain names back to Bodog until that motion is decided, and prohibit Plaintiff from using Bodog's trademark?

### IV. EVIDENCE RELIED UPON

Defendants rely on the declaration of Randall Moeller and the exhibits thereto filed herewith, and the declaration of Martin Garthwaite, along with this Motion and the other pleadings on file.

### V. ARGUMENT & AUTHORITY

**A. The Court should exercise its Rule 60 authority to provide Bodog equitable relief from the Execution Order.**

Rule 60(b) of the Civil Rules allows a court to provide relief from a final judgment or order. A court may afford such relief where there is a "mistake [...] or irregularity in obtaining an order," Rule 60(b)(1). One "mistake" that warrants setting aside a default judgment is the failure to properly serve a defendant. Allstate Ins. Co. v. Khani, 75 Wn. App. 317 (1994) ("a default judgment entered without proper jurisdiction is void"); see also Schell v. Tri-State Irrigation, 22 Wn. App. 788 (1979) (a defendant challenging a default judgment need not offer a meritorious defense if the challenge is based on lack of personal jurisdiction).

A court may also provide relief from a final judgment or order for "[a]ny other reason justifying relief from the operation of the judgment." Rule 60(b)(11). A trial court should exercise its authority under Rule 60 "liberally, as well as equitably, to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done." White v. Holm, 73 Wn.2d 348, 351 (1968). A motion to vacate the operation of a

DEFS.' AMENDED MOT. FOR
RELIEF FROM EXECUTION - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 default judgment is "equitable in character and relief is to be afforded in accordance with
2 equitable principles." Griggs v. Averbeck Realty, 92 Wn.2d 576 (1979). One such
3 equitable principle is that "the law favors determination of controversies on their merits
4 and, consequently, default judgments are disfavored." Lee v. W. Processing Co., 35 Wn.
5 App. 466 (1983).
6      The present dispute began in federal district court where 1st Technology
7 erroneously obtained a default judgment in a patent dispute. Bodog's Motion to Set
8 Aside is currently pending in that forum, and the Nevada federal court is likely to set
9 aside the judgment. Ultimately, the parties' dispute will be heard on its merits. In the
10 interim, this Court should grant relief from the Execution Order so that the irreparable
11 harm to Bodog's business can be stopped.

    **B.    Alternatively, the Court should exercise its authority under Rule 62 to stay the sale pending the disposition of Bodog's motion to set aside.**

14      Rule 62 of the Civil Rules permits a court to "stay the execution of any
15 proceedings to enforce a judgment pending the disposition of [...] a motion for relief from
16 a judgment or order made pursuant to rule 60". A court may do so "[i]n its discretion and
17 on such conditions for the security of the adverse party as are proper". Rule 62. Here, the
18 Court may, in one move, balance the dual concerns of avoiding unnecessary irreparable
19 harm to Bodog and protecting the security of 1st Technology's present position. All that
20 would be required is the issuance of an order instructing eNom to place a hold on all of
21 the Bodog Domains pending the resolution of the Motion to Set Aside in the Nevada
22 Case. Those conditions would prevent irreparable harm to Bodog because the Bodog
23 Domains would not be irretrievably distributed to a multitude of purchasers at an auction
24 and would safeguard 1st Technology's present position by preventing Bodog from
25 transferring the Bodog Domains from eNom to another registrar beyond this court's
26 reach. It would also stay a likely defective provision in the Execution Order giving 1st
27 Technology license to use the BODOG trademark, including potential competition with
28 Bodog – which would be trademark infringement.

DEFS.' AMENDED MOT. FOR
RELIEF FROM EXECUTION - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

However, in order to maintain the high present value of the Bodog Domains and minimize the ongoing damage to Bodog, Bodog should be permitted to use the Bodog Domains in the interim. By keeping the Bodog Domains in use, the Court would ensure that their value remains high, because the longer the Bodog Domains lack a functioning website, the lower their value to any party. Moreover, by ordering eNom to place a "lock" on the domain names, the Court can grant the relief Bodog requests and prevent Bodog from transferring the Domains outside the jurisdiction.

## VI. CONCLUSION

This Court has the authority to prevent Bodog from further irreparable harm caused by the sale of the Bodog Domains, while ensuring Bodog the Domains are not transferred beyond the reach of process. Accordingly, Bodog respectfully requests that the court either provide Bodog relief from the Execution Order and Sale or that the court order the Bodog Domains be held by eNom pending the resolution of the Motion to Set Aside the default entered in the Nevada Case.

DATED this 7th day of September, 2007.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

BY: _____
Derek A. Newman, WSBA No. 26967
Randall Moeller, WSBA No. 21094

Attorneys for Defendants

DEFS.' AMENDED MOT. FOR
RELIEF FROM EXECUTION - 8

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of September, 2007, I caused the foregoing **DEFENDANTS' AMENDED MOTION FOR RELIEF FROM ENFORCEMENT OF PLAINTIFF'S WRIT OF EXECUTION, AND CERTIFICATE OF SERVICE** to be served via the methods listed below on the following party:

**Via Email to:**

Venkat Balasubramani, Esq.
Balasubramani Law
8426 - 40th Avenue SW
Seattle, WA 98136

Email: venkat@balasubramani.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the forgoing is true and correct and that this declaration was executed on September 7th, 2007, at Seattle, Washington.

_____
Diana Au