EXHIBIT 17

The Honorable John Erlick
Noted for Hearing: September 12, 2007 at 10:00 AM

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 1ST TECHNOLOGY LLC, | Case No. 07-2-25305-0 SEA |
| Plaintiff, | DEFENDANT'S IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ENFORCEMENT OF PLAINTIFF'S WRIT OF EXECUTION |
| v. | |
| BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff 1st Technology LLC ("Plaintiff") obtained an invalid default judgment against Defendants Bodog Entertainment Group, S.A., Bodog.net, and Bodog.com (collectively, the "Defendants") in a lawsuit it filed in 2006 in the United States District Court for the District of Nevada. First Technology LLC v. Rational Enterprises LTD, et al., Dist. Nv. Case No. 2:06-cv-1110-RLH-GWF (the "Nevada Case"). Plaintiff obtained the judgment without properly serving process or providing notice required by statute of its intent to move for default, and its complaint failed to allege any facts to support an assertion of personal jurisdiction over Defendants. Plaintiff then sought to execute on that judgment without proper notice of its motion for writ of execution that resulted in this Court's Order to eNom transferring nearly 3,000 domains ("Bodog Domains") to

DEF.'S IN SUPP. OF AM. MOT. FOR RELIEF FROM ENFORCEMENT OF PL.'S WRIT OF EXECUTION - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Plaintiff's domain account (the "Execution Order"). Defendants[1] have moved for relief from both the default judgment in Nevada and from the Execution Order, and Plaintiff's opposition offers no reasons why these motions should not be granted.

Plaintiff tries to argue there was no "mistake or irregularity" in obtaining the Execution Order. (Opp. at 2-3). This is incorrect. Plaintiff failed to serve or otherwise provide proper notice of either the underlying Nevada action or its motion for this Writ of Execution. These certainly constitute a "mistake or irregularity." Plaintiff also argues that an order transferring back the Bodog Domain and having eNom "lock" the Bodog Domains would be insufficient security. This suggestion is not supported by the record. Exhibit B to the Balasubramani Declaration confirms that the domain names are subject to a registrar "lock." Further, Plaintiff does not refute the Garthwaite Declaration, which states exactly that by "'locking' domain names, registrars can prevent them from being transferred to other registrars . . . , and can also prevent transfer to other registrants." (Garthwaite Decl. at ¶ 3).

Finally, Bodog does not concede Plaintiff's repeated assertions that Bodog Entertainment Group S.A. is guilty of unclean hands as that defense is construed under Washington law. This Court has no reason to entertain Plaintiff's invitation to pass judgment on the legality of Defendants' business and its relevance to this collection case, and certainly cannot do so based on the sparse "evidence" presented by Plaintiff. Instead, this Court should grant the Motion for Relief from Enforcement of Plaintiff's Writ of Execution.

## II. ARGUMENT

**A.    Rule 60 Provides Proper Authority for this Court to Provide Relief**

Without citing any authority, Plaintiff argues that Rule 60 of the Washington Civil Rules does not apply to Defendants' request that the Court provide equitable relief from the Execution Order, arguing Defendants can not "allege that there was any mistake or

---

[1] Defendants are specially appearing here solely for the purpose of having the Execution Order set aside and do not submit generally to this Court's jurisdiction.

DEF.'S IN SUPP. OF AM. MOT. FOR RELIEF FROM ENFORCEMENT OF PL.'S WRIT OF EXECUTION - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

irregularity with respect to the Washington Order." (Opp. at 2). Plaintiff is mistaken.[2]

First, as explained in Defendants Amended Motion to Set Aside Default Judgment, filed in the Nevada Case, the judgment on which this writ of execution is based is invalid. Defendants were never properly served with process; they were never notified by Plaintiff's counsel before entry of default; and Plaintiff failed to establish personal jurisdiction over Defendants. Plainly, this is a "mistake . . . or irregularity."

Second, Plaintiff never provided proper notice of the motion for the writ of execution. While Plaintiff argues it provided "Bodog notice as required," (opp. at 2), it fails to provide adequate proof of service of the motion for writ of execution. While Mr. Balasubramani claims he attached the notices that Plaintiff provided Bodog of "the underlying lawsuit and of this proceeding[,]" (Balasubramani Decl., at ¶ 2, Ex. B), two of the purported proofs of service relate only to the Nevada Case. The only other "evidence" of service is a copy of U.S.P.S. packing slip and a copy of a Receipt for Registered Mail. However, it is unclear what this packing slip is for, to whom the package was delivered, whether whoever received it had authority to receive service on behalf of any party, or what (if anything) it contained related to Writ of Execution. This does not constitute valid proof of service of notice of the Writ of Execution on Defendants. The Court should set aside the Execution Order on this basis alone.

**B.     Alternatively, the Court Should Exercise its Authority Under Rule 62 and Stay the Writ of Execution Pending Outcome of the Nevada Case**

Even assuming the Court considers this motion under Rule 62, Plaintiff concedes that pursuant to Rule 62 the Court may stay the execution of enforcement proceedings "in its discretion and on such conditions for the security of the adverse party as are proper[.]" (Opp. at 3). There are no "Washington court decisions interpreting Rule 62[.]" (Id.).

---

[2] While Plaintiff argues that Defendants were properly served in the Nevada case, Plaintiff has the burden on pleading and proving personal jurisdiction over Defendant. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002) (holding plaintiff bears the burden of establishing that jurisdiction exists). Plaintiff's complaint in the Nevada Case alleges no facts sufficient for the Nevada federal court to have exercised personal jurisdiction over Bodog Entertainment Group S.A., which is a Costa Rica company, let alone the domain names Bodog.com and Bodog.net which are not even properly named entities.

DEF.'S IN SUPP. OF AM. MOT. FOR RELIEF FROM ENFORCEMENT OF PL.'S WRIT OF EXECUTION - 3

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Nonetheless, Plaintiff argues the Court should not grant Bodog relief from execution "unless Bodog posts security." (Id.). This argument is without merit.

First, for the reasons previously explained, the writ of execution is based on an invalid default judgment that should be set aside. Plaintiff should not be permitted to add insult to injury by seeking a bond for Defendants to be able to avoid enforcement of that invalid judgment, particularly where other means are available to maintain the status quo.

Second, as previously explained, the Court may balance the concerns of avoiding irreparable harm to Defendants and protecting Plaintiff's interests by instructing eNom to place a "lock" on the domain names, thus preventing Bodog Entertainment Group, S.A. from transferring the Bodog Domains outside the jurisdiction or otherwise disposing of them. Plaintiff's own evidence in the opposition confirms that a lock is already in place, (see Balasubramani Decl., Ex. B), and Plaintiff offers no response to the Declaration of Martin Garthwaite, former General Counsel of eNom (the very registrar involved here), which explains what a lock does and how it is implemented. Instead, Plaintiff argues weakly that an order instructing eNom to place a "lock" on the Bodog Domains is insufficient because neither Plaintiff nor the Court would "have any assurances what a registrar lock will achieve." (Opp. at 7). This suggestion is belied by the record. An order directing eNom to "lock" the Bodog Domains is no different than a Court ordering a bank to freeze an account pending the outcome of litigation. Allowing Plaintiff to remain in possession of the Bodog Domains during the pendency of the Nevada Case would cause irreparable harm to Defendants; in contrast, allowing Defendants to have the Bodog Domains in their appropriate account will help preserve the value of those assets.

Accordingly, this Court should grant relief from the Execution Order and order the Bodog Domains transferred back to Bodog Entertainment Group, S.A.'s account with eNom, subject to a registrar lock by eNom pending the outcome of the Nevada Case. In that alternative, Plaintiff should be ordered to treat the domain names in its possession as subject to a registrar freeze and to direct traffic to Defendants' Domain Name Service (DNS) so these domain names can be used by Defendants. The Court should further

DEF.'S IN SUPP. OF AM. MOT. FOR RELIEF
FROM ENFORCEMENT OF PL.'S WRIT OF
EXECUTION - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Case 2:06-cv-01110-RLH-GWF    Document 57-18    Filed 09/27/2007    Page 6 of 8

1  permit Defendants to use the Bodog Domains without limitation (including to operate
2  web sites) during the pendency of the Nevada Case.

3  **C.  Washington's Equitable Defense of "Unclean Hands" is Inapplicable**

4  To assert an unclean hands defense, Plaintiff must show that the party to which it
5  is applied committed wrongful conduct in connection with the transaction at issue.[3]
6  McKelvie v. Hackney, 58 Wash.2d 23, 31 (1961) ("'The authorities are in accord that the
7  'clean hands' principle does not repel a sinner from courts of equity, nor does it disqualify
8  any claimant from obtaining relief there who has not dealt unjustly <u>in the very transaction
9  concerning which he claims</u>.'") (emphasis in original). Plaintiff makes no such showing
10 here.

11 Despite repeated assertions, it produced no admissible evidence that Bodog
12 Entertainment Group S.A., the defendant in the underlying Nevada Case, actually violated
13 any patent of Plaintiff (which is the only relevant transaction for the unclean hands
14 analysis -- not any claimed violation of gambling laws).  Plaintiff has no evidence that
15 Defendants acted improperly in connection with the transaction at issue here. Indeed,
16 there is no evidence that Bodog Entertainment Group, S.A. itself provided any online
17 entertainment services (let alone online gaming). If evidence were gathered, it would
18 show this Costa Rican entity provided technical services, including domain name
19 management, for various entities.[4]

20 ## III. CONCLUSION

21 Based on the foregoing, this Court should grant Bodog's Motion for Relief from

---

[3] In its opposition, and in papers for its Motion for Writ of Execution re Replacement (Additional) Domain Names, Plaintiff repeatedly makes unsupported assertions regarding alleged unclean hands or illegality; but it relies on evidence (such as the declaration of Scott Lewis, which makes numerous "factual" assertions about the Bodog business without any foundation whatsoever) that is inadmissible and incompetent. If Plaintiff is to be permitted to seize Defendants' assets based on a defective default judgment, it should, at the very least, be required to prove its case with admissible evidence.

[4] Plaintiff also argues, without any citation to legal authority, that Bodog poses a "flight risk." This concept, which applies to individual defendants in criminal matters, has no meaning in this civil proceeding involving business entities. In any case, the domain names that are subject of this motion are in lock-down status, where both parties agree they can remain for the time being.

DEF.'S IN SUPP. OF AM. MOT. FOR RELIEF
FROM ENFORCEMENT OF PL.'S WRIT OF
EXECUTION - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 | Enforcement of Plaintiff's Writ of Execution.

2

3

4 | DATED this 11th day of September, 2007

5

6 | NEWMAN & NEWMAN,
7 | ATTORNEYS AT LAW, LLP

8

9 | By: _____
10 | Derek A. Newman, WSBA No. 26967
    | Randall Moeller, WSBA No. 21094
11 | 505 Fifth Avenue South, Suite 610
    | Seattle, Washington 98104
12 | (206) 274-2800 Phone
    | (206) 274-2801 Fax

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of September, 2007, I caused the foregoing **DEFENDANTS' REPLY TO ITS MOTION FOR RELIEF FROM ENFORCEMENT OF PLAINTIFF'S WRIT OF EXECUTION, PROPOSED ORDER, AND CERTIFICATE OF SERVICE** to be served via the methods listed below on the following party:

**Via Email to:**

Venkat Balasubramani, Esq.
Balasubramani Law
8426 - 40th Avenue SW
Seattle, WA 98136

Email: venkat@balasubramani.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the forgoing is true and correct and that this declaration was executed on September 11th, 2007, at Seattle, Washington.

_____
Diana Au