# EXHIBIT 18

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 1st Technology LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM,<br><br>　　　　Defendants. | Case No. 07-2-25305-0 SEA<br><br>MOTION FOR WRIT OF EXECUTION RE REPLACEMENT (ADDITIONAL) DOMAIN NAMES |

## I.　INTRODUCTION

1ST Technology LLC ("*1st Technology*") seeks an Order effecting transfer of replacement domain names registered by Bodog Entertainment Group S.A. ("*Bodog*") in contravention of this Court's Order.

1st Technology is the holder of a patent who sued Bodog in the District of Nevada, and obtained a Judgment from the District of Nevada. Bodog is a foreign entity which operates online gambling websites in contravention of Washington (and United States) laws. Bodog has a professed strategy of frustrating its creditors by secreting its assets. Notwithstanding that Bodog has

MOTION FOR WRIT OF EXECUTION
RE REPLACEMENT (ADDITIONAL)
DOMAIN NAMES / PAGE - 1

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

applied for relief from the Judgment entered in the District of Nevada, the Court should not allow Bodog to continue Bodog's operations in violation of the law.

## II. FACTUAL BACKGROUND

### A. Bodog's Operations

Bodog is widely acknowledged to operate a gambling websites, including those accessible at www.newbodog.com (the "**Sites**"). Indeed, Bodog obtained a U.S. service mark registration for the mark "Bodog," and in the application for the mark described its products and services as follows:

> Entertainment services, namely, providing sports wagering, event wagering, casino tournaments, in the nature of online gaming competitions, and games of chance via the Internet and television, such games of chance including but not limited to card games, including blackjack, poker, roulette, bingo, let it ride, war, red dog, baccarat/mini baccarat, spanish 21, big six, big 2, craps, keno, pai gow tiles, pai gow poker, sic bo, slot machines, video poker, lottery, blackjack switch, casino hold 'em, scratch and win, solitaire, free cell, hearts, spades, hangman, mine sweeper, 9 ball pool, 8 ball pool and lotteries.

Bodog is widely described, including in articles in the mainstream press, as operating outside the bounds of United States jurisdiction. (See, Lewis Decl., Exs. A and B.) Among other things, this is due to the fact that Bodog operates online gambling operations which run afoul of United States and state laws.

### B. The Lawsuit

1st Technology is the holder of United States Patent 5,564,001, entitled, "Method and System for Interactively Transmitting Multimedia Information Over a Network which Requires a Reduced Bandwidth". It sued Bodog in District Court in Nevada, served a copy of the Complaint on Bodog's offices as listed

MOTION FOR WRIT OF EXECUTION
RE REPLACEMENT (ADDITIONAL)
DOMAIN NAMES / PAGE - 2

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

on its website and in Bodog's filings with government agencies. (Lewis Decl., 3.) Bodog failed to appear and the Nevada court issued a judgment in favor of 1st Technology. 1st Technology registered that judgment in the State of Washington and commenced collection efforts. (Lewis Decl., 4.) It sought (and this Court issued) an Order requiring all domain names registered to Bodog or an affiliate to be transferred to 1st Technology. (Lewis Decl., 4.)

The registrar through which the Domain Names were registered (eNom Incorporated) complied with the Court's Order, and transferred the Domain Names to 1st Technology. (Lewis Decl., 5.) Bodog in response registered identical replacement domain names – it added a "new" in front of the existing domain names and registered new domain names with a registrar located in Vancouver Washington. (Lewis Decl., 6.) The names were actually registered through another entity called Lyons Finance (of Malta). However, it is clear that "newbodog.com" is the same as "bodog.com" and are both operated by the same entity, notwithstanding that the domain names are registered by an off-shore third party. (Lewis Decl., 7.) Bodog advised users of the Sites that they should start using the new websites – *i.e.*, Bodog publicly declared that it would work to frustrate the Court Order issued in favor of 1st Technology. (Lewis Decl., Ex. C.) 1st Technology now seeks an Order requiring the new registrar or Bodog to transfer the new/replacement domain names to 1st Technology.

MOTION FOR WRIT OF EXECUTION
RE REPLACEMENT (ADDITIONAL)
DOMAIN NAMES / PAGE - 3

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

### III. EVIDENCE RELIED UPON

1st Technology relies on the Declaration of Scott Lewis, and the pleadings and materials already on file.

### IV. ARGUMENT AND AUTHORITY

**A. A WRIT OF EXECUTION SHOULD ISSUE FOR THE REPLACEMENT DOMAIN NAMES**

This Court issued an Order enjoining Bodog "and any third parties . . . from using in any way the Domain Names and . . . attempting to re-register the Domain Names . . . ." Promptly thereafter, 1st Technology took steps to implement the Order, Bodog created new websites identical to the Sites. Bodog registered identical domain names but added a "new" prefix. Bodog re-launched all of their Sites at these new domain names. For example, Bodog's flagship gambling site was re-launched at "newbodog.com." Bodog's conduct is in violation of the spirit of the Court's Order. For the same reasons that the Court issued the Order granting the Writ of Execution requested by 1st Technology, the Court should issue an Order requiring all of the replacement domain names to be transferred to 1st Technology.

The fact that the replacement domain names are registered to a different entity is not dispositive. It's apparent from the statements made on the bodog.com website that "Bodog" is the beneficial owner of these websites. Accordingly, these new domain names should be transferred to 1st Technology.

MOTION FOR WRIT OF EXECUTION
RE REPLACEMENT (ADDITIONAL)
DOMAIN NAMES / PAGE - 4

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

## B. 1ST TECHNOLOGY'S COLLECTION EFFORTS SHOULD NOT BE STAYED

Courts refuse to facilitate illegal conduct. For example, one court said courts should "refuse . . . to aid knowingly in the furtherance of an illegal transaction." Baugh v. Dunstan & Dunstan, 67 Wn.2d 710, 713 (Wash. 1966) (refusing to enforce sham contract entered into for tax avoidance purposes); Melton v. United Retail Merchs., 24 Wn.2d 145, 162 (Wash. 1945) ("A party to such an illegal contract cannot recover by proving such illegal contract and the carrying out of the same by him, for the simple reason that courts will not lend their sanction and aid to such illegal contracts by allowing one to recover thereon."). A doctrine which co-exists side-by-side with this principle is that parties must come to court with clean hands. Because the sites which Bodog operates violate Washington (and US) laws, the Court should not grant Bodog any relief.

### 1. Bodog engages in illegal conduct, and has unclean hands.

It is a well accepted maxim that a party seeking relief must do so with clean hands. A related corollary is that courts will not grant relief sought by a party to the extent the relief sought aids the party's improper conduct. Bodog runs a website on which people can (and do) gamble. Public reports acknowledge that Bodog reaps millions of dollars per month from its internet gambling operations (Lewis Decl., Ex. B), and that United States residents are not restricted from accessing Bodog's websites. (Id.) As such, Bodog's operation of its website is in contravention of Washington (and US) law.

MOTION FOR WRIT OF EXECUTION
RE REPLACEMENT (ADDITIONAL)
DOMAIN NAMES / PAGE - 5

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

In 2006, the Washington legislature passed Washington's internet gambling law, which "chang[ed] the penalty for Internet gambling from a gross misdemeanor to a class C felony." Although this law clarified the status of internet gambling, materials promulgated (for example) by the Washington State Gambling Commission iterate that "Internet gambling has always been illegal in Washington State and in the United States." (Lewis Decl., Ex F.) United States law similarly prohibits online (internet) gambling. In 2006, Congress passed the "Unlawful Internet Gambling Enforcement Act of 2006" (31 USC § 5361, et seq.). This law criminalizes the acceptance of funds from bettors by operators of most online gambling Websites. Under both of these laws, there may be some dispute as to whether persons or entities peripheral to the online gambling operation – such as advertisers or service providers – are covered. However, an operator of an online gambling website (such as Bodog) is clearly covered under these laws.

2. Bodog represents a flight risk.

For various reasons, including those relating to the legality of its operations, Bodog does not have any offices in the United States. It is not registered to conduct business in the State of Washington or in any other state. When faced with litigation, Bodog's professed strategy (as described in one industry newspaper) is to "'appeal, appeal, and keep appealing,' and in the end, make sure Bodog has no assets in the U.S. to collect." (Lewis Decl., Ex G.) Similarly, Forbes magazine reports in an article about Bodog and its CEO Calvin Ayre that:

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

> Bodog has no physical presence in the U.S., Ayre is not an American citizen, and the extraterritorial reach of U.S. law is not clear. Ayre, at any rate, has no assets in the U.S. for the G-men to seize.

(Lewis Decl., Ex. B.) Indeed, Bodog made public statements in the context of this dispute that Bodog would not let 1st Technology, or a court order stand in the way of its operations. It is estimated that Bodog generates in excess of $200 million dollars in online sales per year. (Lewis Decl., Ex. B.) Although it had significant United States customers it paid no taxes to United States authorities. (Id.) As such, Bodog represents a flight risk with respect to which collection efforts should not be stayed. Indeed, Bodog merely uses the Sites to siphon money to its offshore accounts. In these circumstances, it is not appropriate to cease 1st Technology's collections efforts. 1st Technology will suffer the obvious prejudice of not having any assets against which to enforce its judgment.

## C. THE COURT SHOULD REQUIRE BODOG TO POST BOND AS A PREREQUISITE TO STAYING EXECUTION

While Bodog has not sought a stay of the underlying Judgment, counsel for Bodog advised counsel for 1st Technology that it intends to do so. While 1st Technology believes that a stay is not appropriate, it submits that any stay should be premised upon Bodog posting bond in an amount sufficient to satisfy the underlying judgment.

## V. CONCLUSION

As set forth above, 1st Technology requests that the Court Order the replacement domain names to be transferred to it and that Bodog be enjoined

1  from further registering any similar or replacement domain names. Additionally,

2  given Bodog's illegal conduct and unclean hands, and that fact that Bodog

3  represents a flight risk, 1st Technology's collections efforts should not be stayed

4

5  pending resolution of the Nevada Motion (absent posting of a bond sufficient to

6  cover the underlying judgment).

7  Respectfully submitted,

8      Dated this September 4, 2007.

9

10      Venkat Balasubramani, WSBA No. 28269
    Attorneys for 1st Technology LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR WRIT OF EXECUTION
RE REPLACEMENT (ADDITIONAL)
DOMAIN NAMES / PAGE - 8

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

# CERTIFICATE OF SERVICE

I hereby certify and declare that on September 4, 2007, I caused the attached Motion Seeking Writ of Execution Regarding Replacement Domain Names (along with the supporting documents) to be transmitted to counsel for Defendants:

Derek A. Newman (Newman & Newman, Attorneys at Law, LLP)
Randall Moeller
505 Fifth Avenue South Suite 610
Seattle, Washington 98104
206.274.2800 - Phone
206.274.2801 - Fax

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 4, 2007, at Seattle, Washington.

_____
Venkat Balasubramani, WSBA No. 28269
Attorneys for 1st Technology LLC

MOTION FOR WRIT OF EXECUTION
RE REPLACEMENT (ADDITIONAL)
DOMAIN NAMES / PAGE - 9

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966