EXHIBIT 19

1
2
3
4
5
6
7

8     **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
       IN AND FOR THE COUNTY OF KING**

9

| | |
|---|---|
| 10  1ST TECHNOLOGY LLC, | Case No. 07-2-25305-0 SEA |
| 11       Plaintiff, | **DEFENDANT'S OPPOSITION TO** |
| 12  v. | **MOTION FOR WRIT OF EXECUTION RE REPLACEMENT** |
| 13  BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM, | **(ADDITIONAL) DOMAIN NAMES** |
| 14 | |
| 15       Defendants. | |

16                              **I. RELIEF REQUESTED**

17          This Court should deny 1st Technology, LLC's latest attempt to seize domain

18     names serviced and managed by specially appearing defendant Bodog Entertainment

19     Group S.A. for the same reasons that it must grant Bodog's motion for relief from

20     enforcement of 1st Technology's initial writ of execution: the default judgment upon

21     which 1st Technology bases this collection action is invalid and void. That default

22     judgment will not stand scrutiny, because service of process on the Costa Rican defendant

23     was defective, and the Nevada Court never had personal jurisdiction over the Costa Rican

24     defendant. Defendants have already moved to set aside that default judgment in the U.S.

25     District Court for the District of Nevada. Defendants' motion to set aside the default is

26     pending; at the very least, this court should not consider this motion until the Nevada

27     district court has made its ruling on that pending motion for relief from default judgment.

28          Moreover, the registrar of the additional domain names at issue in this second

DEF.'S OPP'N. TO  MOT. FOR WRIT OF
EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   motion, Euro DNS, is located outside the United States in Luxembourg. *See* Heath Decl.

2   Ex. 1. Thus, contrary to plaintiff's suggestion in its motion, Defendants' new registrar is

3   not located in Washington, and this Court has no *in rem* jurisdiction over the domain

4   names held by a registrar located outside Washington to make any orders to transfer

5   domain names to plaintiff. Plaintiff's attempt to use a writ of execution in Washington to

6   gain control over domain names in Europe is improper.

7       Finally, Defendant does not concede 1st Technology's repeated yet wholly

8   unsupported assertions that Bodog Entertainment Group S.A., the defendant in this action

9   and in the underlying Nevada patent infringement case, has violated any U.S. or

10  Washington state laws.[1] However, Defendants need not address the merits of 1st

11  Technology's argument because it is not germane to the issues before this Court - namely,

12  whether 1st Technology should be permitted to proceed with executing on a judgment

13  which will, in all likelihood, be set aside by the Nevada federal court. This Court has no

14

15

16      [1] To establish an unclean hands argument under Washington law, 1st Technology must show that the
party to be estopped committed the allegedly wrongful conduct in connection with the transaction at issue.

17  McKelvie v. Hackney, 58 Wash.2d 23, 31 (Wash. 1961)("'The authorities are in accord that the 'clean hands'
principle does not repel a sinner from courts of equity, nor does it disqualify any claimant from obtaining relief

18  where who has no dealt unjustly *in the very transaction concerning which he claims.*'" (emphasis in original));
Abslag v. Bock, 139 Wash. 198, 202 (Wash. 1926). There is no proof before this Court of any such

19  circumstance.

20      1st Technology falls short here. Despite its repeated yet unsupported assertions, 1st Technology has
produced no evidence that Bodog Entertainment Group S.A., the defendant in this action and in the underlying

21  Nevada patent infringement case, has violated any U.S. or Washington state laws. There is no evidence before
this Court that Bodog Entertainment Group did, itself, provide any online entertainment services, whether

22  involving gaming or otherwise. If evidence were to be gathered, it would show that this Costa Rican entity
provided technical services, including domain name management, for various entities, including but not limited

23  to entities that use the BODOG name and variations thereof to provide various online entertainment services.

24      Moreover, many of these services provided by these entities (and many of the domain names improperly
seized by 1st Technology) have **nothing** to do with online gaming. For example, the BODOG brand is used in

25  connection with a BODOG MUSIC record label; a BODOG BATTLE OF THE BANDS competition and reality
television show; BODOG FIGHT mixed martial arts events, and many other entertainment services wholly

26  unrelated to gaming. Thus, plaintiffs' conclusory suggestion that Defendants are guilty of unclean hands is
unsupported by any evidence, let alone any admissible evidence.

27

28      Finally, even with respect to online gaming services, Defendants do not concede that an Internet-based
gambling business located offshore violates either Washington or U.S. law. But that is not for this Court to
evaluate in the very narrowly defined issues for this judgment enforcement case.

DEF.'S OPP'N. TO MOT. FOR WRIT OF
EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   reason or capacity to entertain 1st Technology's invitation to pass judgment on the
2   legality of Defendant's business and its relevance to this collection case arising from a
3   patent enforcement action, and certainly cannot do so based on the sparse "evidence"
4   presented by 1st Technology.

5        Once the Court wades through the smokescreen put up by Plaintiff, it will become
6   evident that Plaintiff's motion should be denied.

7                    **II. STATEMENT OF FACTS**

8        The basic facts supporting this opposition are already set forth in Bodog's Motion
9   for Relief From Enforcement of Plaintiffs Writ of Execution, filed September 4, 2007,
10   and Bodog will not take up more of the Court's time repeating them here. There are,
11   however, a couple of additional facts the Court should consider.

12       First, there was a registration of new domain names with a registrar in
13   Luxembourg in response to the order granting plaintiff's un-noticed motion for writ of
14   execution and plaintiff's improper seizure of thousands of domain names. After that
15   initial order, Plaintiff seized not only the 300 or so domain names listed on Exhibit A to
16   the Court's earlier order, but thousands more (well over 3000 domain names) which were
17   **not** authorized by the Court's prior order. This improper action by plaintiff is causing
18   Defendant irreparable harm. The value of any business in the entertainment field is
19   linked to whether it has a recognizable, familiar location on the internet, and whether
20   consumers recognize a trademark as identifying a single source for services. As stated
21   previously, the new domain names were registered with Euro DNS, located in
22   Luxembourg, in an effort to reestablish a location on the internet and to avoid further
23   irreparable harm. Because they are located outside the state of Washington, the Court has
24   no in rem jurisdiction over those new domain names. (*See* Heath Decl., Ex. 1). Contrary
25   to Plaintiff's assertion, there is nothing improper about doing business now under new
26   domain names; certainly nothing in the Court's prior order prohibited that.

27       Second, 1st Technology obtained a default judgment, without proper notice, and in
28   the absence of jurisdiction, over Bodog Entertainment Group in Nevada. That judgment

DEF.'S OPP'N. TO MOT. FOR WRIT OF
EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   was for alleged patent infringement arising from the Bodog online gaming service.
2   Defendants are confident that the judgment will be set aside. Once it is, the evidence
3   would show that : (1) the Nevada court lacked jurisdiction over Bodog Entertainment
4   Group; (2) Plaintiff's patents may very well be invalid; (3) even if Plaintiff's patents are
5   valid, Defendants did not infringe them; and (4) in any event, Bodog Entertainment
6   Group, which does not itself provide any online entertainment services, could not as a
7   matter of law be an infringing party.

8    Moreover, many of the domain names Plaintiff wishes to seize here deal with
9   businesses other than online gaming. For example, www.newbodogmusic.com is for the
10  BODOG MUSIC record label; www.newbodogfight.com is for BODOG FIGHT mixed
11  martial arts events. These, and many other new domain names now under siege by
12  Plaintiff, are used to provide entertainment services and information wholly unrelated to
13  gaming. Plaintiff has failed to show any reason why these non-gaming domain names
14  should be seized to pay for a default judgment obtained against Defendant.

15   Thus, this Court should not permit 1st Technology to seize any more domain names
16  or other assets from a party, particularly assets unrelated to any accused conduct, against
17  whom there has been no showing of either illegal or infringing conduct.

18

19         **III. STATEMENT OF ISSUE**

20   Whether the court should deny 1st Technology's Motion for Writ of Execution Re
21  Replacement (Additional) Domain Names, or at least stay or continue that motion until
22  such time as Bodog's motion to set aside default judgment is decided in the District of
23  Nevada.

24         **IV. EVIDENCE RELIED UPON**

25   Defendants rely on the Declaration of Jacob Heath and the exhibits attached
26  thereto and filed herewith, and on the papers filed in support of defendants' Motion for
27  Relief From Enforcement of Plaintiffs' Writ of Execution, including the declarations of
28  Martin Garthwaite and Randall Moeller in support of that motion.

DEF.'S OPP'N. TO MOT. FOR WRIT OF
EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# V.  ARGUMENT AND AUTHORITY

**A.    The default judgment on which 1ST Technology seeks a writ of execution is invalid and subject to a pending motion to set aside.**

As Defendants explained in their initial motion for relief from enforcement of Plaintiff's initial writ of execution, 1st Technology never properly effected service of process upon the Costa Rican company at issue here -- Bodog Entertainment Group S. A. -- in the underlying Nevada case. Where, as here, a plaintiff fails to properly serve a corporate defendant, especially a foreign corporate defendant, the court lacks jurisdiction and any entry of default or default judgment is void. Veeck v. Commodity Enterprises, Inc., 487 F.2d 423, 426 (9th Cir. 1973). Here, the purported service was insufficient under either Nevada or Costa Rican law. In addition, the default judgment is void under settled Nevada law, because plaintiff's counsel in the Nevada action failed to notify Defendant before seeking an order of default, even though it knew the identity of counsel for the opposing party. Failure to notify an opposing party requires a District Court to vacate a default judgment under Nevada law. Central Valley Leasing Corp. v. Bockman, 99 Nev. 612, 613-614, 688 P.2d 1074 (1983); Estes v. Southern Nevada Adult Mental Health, 2006 U.S.Dist. Lexis 81550 *1, *5 (D. Nev. 2006).

Moreover, Plaintiff has the burden on pleading and proving personal jurisdiction over Defendant. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002)(holding that the plaintiff bears the burden of establishing that jurisdiction exists). Its complaint in the Nevada action alleges no facts sufficient for the Nevada federal court to have exercised personal jurisdiction over this foreign company. *See* Heath Decl., Ex. 2. (copy of complaint in case no. 2:06-cv-01110-RLH-GWF) Thus, for a variety of reasons, the default judgment is invalid. Naturally, if the underlying default judgment is invalid, there is no basis for issuing writs of execution in this Court.

These matters are, of course, being litigated in the Nevada federal court as part of Defendants' motion to set aside the default judgment. Defendants are confident that their

DEF.'S OPP'N. TO MOT. FOR WRIT OF
EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  motion will be granted by the Nevada court, and it accordingly asks this Court to either

2  deny outright 1st Technology's motion for writ of execution of the additional domain

3  names, or at the very least, to defer any decision on this motion until such time as the

4  Nevada court has had the opportunity to rule on the pending motion to set aside default

5  judgment.

6

7
**B.    The new domain names are registered outside the State of Washington, and this Court has no jurisdiction over them.**

8      In response to Plaintiff having seized thousands of Bodog domain names without

9  giving Defendants notice or an opportunity to respond, and in an effort to avert further

10  irreparable harm, various Bodog businesses had replacement domain names registered

11  through Lyons Finance of Malta, and are now operating under those domain names.

12  (There is of course nothing improper about a business registering a new domain name if it

13  somehow loses, even temporarily, its original domain name; nothing in this Court's

14  original order prohibits that or should have prohibited that). Those new domain names

15  are registered with a registrar located in Luxembourg. As such, this Court has no *in rem*

16  jurisdiction over those domain names, and cannot properly order their seizure. Snyder v.

17  Ingram, 48 Wash.2d 637, 639-640, 296 P.2d 305 (Wash. 1956)(holding Washington

18  courts lack *in rem* jurisdiction over personal property not located within the state); Alaska

19  Airlines v. Molitor, 43 Wash.2d 657, 665, 263 P.2d 276 (Wash. 1953)(holding

20  Washington courts lack *in rem* jurisdiction over real property not located within the state).

21

22                          **VI.  CONCLUSION**

23      For all of the reasons stated herein and in Defendants' Motion for Relief From

24  Enforcement of Plaintiff's Writ of Execution, the Court should deny 1st Technology's

25  Motion for Writ of Execution re Replacement (Additional) Domain Names. At the very

26  least, the Court should continue decision on this motion until such time as the federal

27  ///

28

DEF.'S OPP'N. TO MOT. FOR WRIT OF
EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  court in Nevada has decided Defendants' now pending motion to set aside default

2  judgment in the underlying patent infringement case.

4        DATED this 10th day of September, 2007

6                                    NEWMAN & NEWMAN,
                                     ATTORNEYS AT LAW, LLP

8        By: _____

9             Derek A. Newman, WSBA No. 26967
              Randall Moeller, WSBA No. 21094
10            505 Fifth Avenue South, Suite 610
              Seattle, Washington 98104
11            (206) 274-2800 Phone
              (206) 274-2801 Fax

DEF.'S OPP'N. TO MOT. FOR WRIT OF
EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1                                   **CERTIFICATE OF SERVICE**

2

3         The undersigned hereby certifies that on this 10th day of September, 2007, I caused the

4 foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S WRIT OF EXECUTION RE**

5 **REPLACEMENT (ADDITIONAL) DOMAIN NAMES, DECLARATION OF JACOB**

6 **HEATH IN SUPPORT OF OPPOSITION, [PROPOSED] ORDER, AND CERTIFICATE**

7 **OF SERVICE** to be served via the methods listed below on the following party:

8

9         **Via Email to:**

10         Venkat Balasubramani, Esq.
        Balasubramani Law
11         8426 - 40th Avenue SW
        Seattle, WA 98136
12

13         Email: venkat@balasubramani.com

14

15

16         I declare under penalty of perjury under the laws of the United States and the State of

17 Washington that the forgoing is true and correct and that this declaration was executed on

18 September 10th, 2007, at Seattle, Washington.

19

20                                     Diana Au
                                    Diana Au
21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE         **NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**   505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1
2
3
4
5
6
7

The Honorable John Erlick
Noted for Hearing: September 12, 2007 at 10:00 AM

8   **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
9   **IN AND FOR THE COUNTY OF KING**

10   1ST TECHNOLOGY LLC,                     Case No. 07-2-25305-0 SEA

11             Plaintiff,                    **DECLARATION OF JACOB M.**
                                             **HEATH IN SUPPORT OF**
12        v.                                 **DEFENDANT'S OPPOSITION TO**
                                             **MOTION FOR WRIT OF**
13   BODOG ENTERTAINMENT GROUP S.A.,         **EXECUTION RE REPLACEMENT**
     BODOG.NET, AND BODOG.COM,               **(ADDITIONAL) DOMAIN NAMES**
14
15             Defendants.

16        I Jacob M. Heath, declare as follows:

17        1.    I am over eighteen years of age. I have personal knowledge of the facts

18   contained herein. If called upon to testify, I could and would competently testify hereto.

19        2.    I am an attorney at law, duly licensed to practice before all the courts of the

20   State of California.

21        3.    I am an associate at the law firm of Foley & Lardner LLP, counsel for

22   Defendants, Bodog Entertainment Group S.A., Bodog.Net and Bodog.com (hereinafter

23   "Defendants").

24        4.    I make this declaration in support of Defendants' Opposition to Plaintiff 1st

25   Technology, LLC's (hereinafter "Plaintiff") Motion for Writ of Execution Re

26   Replacement (Additional) Domain Names.

27        5.    Attached hereto as Exhibit 1 is a true and correct copy of a Dun &

28   Bradstreet, Inc. Comprehensive Report for EuroDNS, S.A., obtained from Dun &

DECL. OF JACOB M. HEATH IN
SUPP. OF DEF.'S OPP'N TO MOT. FOR WRIT          NEWMAN & NEWMAN,      505 Fifth Ave. S., Ste. 610
OF EXECUTION RE REPLACEMENT                   ATTORNEYS AT LAW, LLP   Seattle, Washington 98104
(ADDITIONAL) DOMAIN NAMES- 1                                           (206) 274-2800

1    Bradstreet, Inc.'s online business database by a librarian in our office on September 7,

2    2007.

3        6.       Attached hereto as Exhibit 2 is a true and correct copy of the complaint

4    filed by Plaintiff in the United State District Court, for the District of Nevada, Case No.

5    2:06-cv-01110-RLH-GWF dated September 7, 2006.

6

7        I declare that the foregoing is true and correct, under penalty of perjury under the

8    laws of the state of Washington and California. Executed this the 10th day of September,

9    2007, at Los Angeles, California.

10

11

12

13

14                            JACOB M. HEATH

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF JACOB M. HEATH IN
SUPP. OF DEF.'S OPP'N TO MOT. FOR WRIT
OF EXECUTION RE REPLACEMENT
(ADDITIONAL) DOMAIN NAMES- 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# EXHIBIT 1

Case 2:06-cv-01110-RLH-GWF    Document 57-20    Filed 09/27/2007    Page 13 of 27



Decide with Confidence·

● My Report Archive                                              ✉ E-mail Report

# European Comprehensive Report: Eurodns SA

**D&B Country Risk Services**
Economic data & analysis on
country risk                                                      ▸ C̲

**Continuous Monitoring**
Automatically track changes to this
business                                                          ▸

COPYRIGHT 2007 DUN & BRADSTREET INC. - PROVIDED UNDER CONTRACT
FOR THE EXCLUSIVE USE OF SUBSCRIBER 263-735498L.

ATTN: 058312-0150 Heath

IN DATE

D&B EUROPEAN COMPREHENSIVE
DATE PRINTED 07 SEP 2007

IDENTIFICATION

D-U-N-S   40-094-9822

Business Name                   EURODNS SA

Business Trading Address        ZI AM BANN
                                3372 LEUDELANGE
                                LX
           Telephone            352/26 3725-1
Registration Number             B 89.978

D&B RISK ASSESSMENT

          D&B Rating            N 4
          Maximum Credit        Credit not recommended

D&B Rating explanation
          Capital Rating        N     A Financial Strength which is
                                      Negative
          Risk Indicator        4     Represents significant level
                                      of risk

LANGUAGE: In certain circumstances information in this report may be quoted
in the local language. In case of difficulty, please contact your D&B
local Customer Service Department.

D&B RATING & SCORE - INDUSTRY SECTOR COMPARISON

Financial Strength Indicator Comparison:

This business has a Negative Financial Strength Indicator

Comparing this business against the 83 other businesses, within its industry sector (SIC Code 7379), reveals the following:

| NUMBER OF BUSINESSES | | financial strength INDICATOR COMPARISON |
|---|---|---|
| 69 | (83.1%) | Higher |
| 14 | (16.9%) | Same |
| 0 | (0.0%) | Lower |

Risk Indicator Comparison:

This business has a Risk Indicator of 4 (significant risk)

Comparing this business against the 14 businesses within the same Financial Strength category, reveals that:

| NUMBER OF BUSINESSES | | RISK COMPARISON |
|---|---|---|
| 0 | (0.0%) | Higher risk |
| 14 | (100.0%) | Same |
| 0 | (0.0%) | Lower risk |

Conclusion:

This business therefore has a LOWER than average Financial Strength, compared to its Industry Sector, and an AVERAGE Risk Indicator, when comparing businesses of the same Financial Strength category.

PAYMENT INFORMATION

D&B collects in excess of 100 million trade payment experiences on European businesses each year.

Payment experiences are derived from the analysis of 1 or more invoices from D&B Dun-Trade Partners to determine the average payment behaviour of this business within the last 12 months. Contact your local D&B office to


participate in this program.

In some instances, payment beyond terms can be the result of overlooked or disputed invoices.

Based on the 3534 firms in SIC code 7379 where D&B has payment experiences.

| UPPER SEGMENT (TOP 25%) | Pays 3 days beyond terms | PAYDEX 78 |
|---|---|---|
| MEDIUM SEGMENT (Middle 50%) | Pays 16 days beyond terms | PAYDEX 69 |
| LOWER SEGMENT (Bottom 25%) | Pays 28 days beyond terms | PAYDEX 53 |

SPECIAL EVENTS

Critical legal notice information filed is investigated by D&B Analysts, and where relevant, comment is presented in this section.

*** Business Moved. ***
Le 210905, transfert du siege social de RUE SIGGY VU LETZEBUERG 1, 1933

LUXEMBOURG vers ZI AM BANN, 3372 LUDELANGE.

Control change  3-8-2005
Maison mere supprimee le 03/08/2005

ACCOUNTS PLACED FOR COLLECTION
No information of amounts having been placed with external collection
agents for recovery from this business have been received by D&B during the
past 36 months.

MANAGEMENT

| Name: | HOUWEN Marco |
| | Director. |
| Name: | MARASI Manuel |
| | Director. |
| Name: | BUCK Xavier |
| | MANAGING DIRECTOR. |

Amounts without a currency are shown in Belgium Francs.

PRINCIPALS ANTECEDENTS

| Name: | Xavier BUCK |
| Address: | 5 Rue Bartholmy, L-1216 Howald |

CORPORATE STRUCTURE

CAPITAL
Nominal capital : 100.000 Euro
All issued.

SHAREHOLDERS:

| Voting Capital | Shareholder |
| 100% | PERSONNES PHYSIQUES |

BRANCHES

There are no recorded branch locations for this business.

HISTORY/OPERATIONS

HISTORY
Business started 02-12-2002
Public limited liability company, constituted 02-12-2002
Inscribed in the Mercantile Register of LUXEMBOURG REG NO B 89.978
Relocated from: RUE SIGGY VU LETZEBUERG 1, 1933 LUXEMBOURG
Relocated 210905.

OPERATIONS

SIC CODE(S):   7379

COMPUTER SERVICES

La societe a pour objet tous produits concernant l'informatique

Employees:        14

BANKERS

Bankers not known.

MANAGEMENT COMMENT

COMMENTS UPON BALANCE SHEET AS AT 31-12-2004.
From the average degree of indebtedness, it appears that subject's means
are exhausted.
The latest accounts published are dated from 31-12-2004.

PRESS CUTTINGS

Press and Business articles are added to the D&B database daily.  Recent
significant cuttings relating to this business will appear in this section.

FINANCIAL COMPARISONS

|  | Fiscal<br>31 DEC 2004<br>EUR |
|---|---|
| Profit After Tax | (733.988) |
| Net worth | (830.989) |
| Tot. Non Curr. Assets | 252.009 |
| Current Assets | 574.989 |
| Current Liabilities | 1.616.018 |
| Working Capital | (1.041.029) |
| Employees | 20 |

FINANCIAL RATIOS

| RATIOS AS AT | 31 DEC 2004 |
|---|---|
| FINANCIAL STATUS |  |
| Acid Test (X) | 0,3 |
| Current Ratio (X) | 0,4 |
| Solvency Ratio (%) | (158,7) |
| Current Liab's/Net Worth(%) | (158,7) |
| Degree of Indebtedness (%) | 195,0 |

BALANCE SHEET

Type                        Abbrev. scheme

```
                                   Fiscal
      Closing date             31 DEC 2004
      Currency                       Euro

ASSETS

      2028 FIXED ASSETS            252.009
      21    Intangible Asset       187.011
      2227 Tangible Assets          62.990
      28    Financial Assets         2.008

      2958 CURRENT ASSETS          574.989
      3     Stock & Contr IP        17.997
      3036 Stocks                   17.997
      4041 Receivables -1yr        261.007
      40    Trade Debtors          221.989
      41    Other Receivabls        38.994
      5458 Cash                     64.998
      4901 Deferred Charg          231.012

      2058 TOTAL ASSETS            826.998


      1015 CAPITAL & RESERV       (830.989)
      10    Capital                150.000
      100   Issued Capital         150.000
      140   Acc Prof/141 Los      (980.989)

      16    Prov for Liab&Ch        41.993

      1749 CREDITORS             1.615.993
      4248 Liabilities -1yr        687.012
      4923 Accrued Charges         929.006

      1049 TOT LIABILITIES         826.998



      Closing date             31 DEC 2004
      Currency                       Euro

      PROFIT & LOSS ACCOUNT


      7067 PROFIT (6770 LOSS) FOR   (733.988)

      6870 LOSS FOR YR AVAIL FOR    (733.988)


      9090 Average No. Employed         20

      Balance Sheet received from the Registry of the Chamber of Commerce.

      SUMMARY


      STARTED:      2002          PROFIT/(LOSS):      (733.988)
      DATE INC:     2002          (Euro)
      LEGAL FORM:   SA/NV         TANG. NET WORTH:    (830.989)
```

```
REG. CITY:        LUXEMBOURG        (Euro) As at 31-12-2004
REG NO:           B 89.978
EMPLOYS:          14
NOMINAL CAPITAL:  100.000
(Euro)
ISSUED CAPITAL:   ALL
```

                    FOREIGN COMPREHENSIVE DISPLAY COMPLETE



| Company Reports | Basic Marketing Lookups | U.S. Public Records Search | Country Risk Services | ZapData |

Main Menu | DUNSRight™ | FAQs | Customer Assistance | Samples & Descriptions | Price Guide | About Privacy

© 2006 Dun & Bradstreet, Inc.
January 14, 2006 - GTO

# EXHIBIT 2

Mark A. Hutchison (4639)
L. Kristopher Rath (5749)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086

Attorneys for Plaintiff
1ST TECHNOLOGY LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>RATIONAL ENTERPRISES LTDA.,<br>RATIONAL POKER SCHOOL LIMITED,<br>BODOG ENTERTAINMENT<br>GROUP S.A., BODOG.NET,<br>BODOG.COM, and FUTUREBET<br>SYSTEMS LTD.,<br><br>        Defendants. | **JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 1ˢᵗ Technology LLC ("1ˢᵗ Technology"), complains of defendants (collectively "Defendants") as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction exists under 28 U.S.C. § 1338(a) because defendants are charged with patent infringement under 35 U.S.C. § 271.

2.    Defendants each have transacted business in this judicial district by making, using, selling or offering to sell and distributing software products that violate 1st Technology's patent either in this judicial district or in the United States.

3.    Venue is proper under 28 U.S.C. §§ 1391(d) and 1400(b).

### PARTIES

4.    1st Technology is a Nevada limited liability company with offices in Las Vegas, Nevada. 1st Technology is the assignee of and owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 5,564,001 entitled "Method and System for Interactively Transmitting Multimedia Information Over a Network Which Requires Reduced Bandwidth" ("the '001 Patent").

5.    Rational Enterprises Ltda ("Rational Enterprises") is a foreign company with offices at Plaza Roble Corporate Center, San Jose, Costa Rica. Rational Enterprises has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent. Rational Enterprises has infringed the '001 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

6.    Rational Poker School Limited ("Rational Poker School") is a foreign company with offices at 10 Hill Street, Douglas IM1 1EF, Isle of Man. Rational Poker School has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent. Rational Poker School has infringed the '001 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

7.    Bodog Entertainment Group S.A. ("Bodog Entertainment") is a foreign company with offices at Oficentro Ejecutive Sabana Sur, Edificio 7, 5 Piso San Jose, Costa Rica, 01017, Costa Rica. Bodog Entertainment has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent. Bodog Entertainment has infringed the '001 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

8.    Bodog.net ("Bodog.net") is a foreign company with offices at Oficentro Ejecutive Sabana Sur, Edificio 7, 5 Piso San Jose, Costa Rica, 01017, Costa Rica. Bodog Entertainment has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent. Bodog Entertainment has infringed the '001 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

9.    Bodog.com ("Bodog.com") is a foreign company with offices at Oficentro Ejecutive Sabana Sur, Edificio 7, 5 Piso San José, Costa Rica, 01017, Costa Rica. Bodog.com has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent. Bodog.com has infringed the '001 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

10.    FutureBet Systems Ltd. ("Playtech") is a foreign company with offices at Vancouver, British Columbia, Canada. FutureBet has previously and is presently making, using, selling, offering for sale, and/or importing into the United States software products that infringe one or more claims of the '001 Patent. FutureBet has infringed the '001 Patent

either directly or through acts of contributory infringement or inducement in violation of
35 U.S.C. § 271.

### BACKGROUND

11.     Dr. Scott Lewis ("Dr. Lewis") is an individual residing in Los Gatos, California. Dr.
        Lewis is the controlling manager of 1st Technology LLC. Dr. Lewis is the inventor of the
        '001 Patent.

12.     Dr. Lewis received B.S. and M.S. degrees with honors in mechanical and electrical
        engineering from M.I.T. Dr. Lewis has a Ph.D. from Oxford University in adaptive
        digital signal processing as a Marshall Scholar and an M.B.A. from Harvard Business
        School. Dr. Lewis led the development of single-chip video and audio compression
        solutions, as well as the first automotive video cellular telephone.

13.     Dr. Lewis is the inventor of a number of patents in multimedia communication
        technology including the separation, processing and recombination of multiple streams of
        multimedia data. This processing can include enhancement, compression and other
        forms of data manipulation. The inventions of Dr. Lewis' patents are used in many
        online wagering systems.

### PATENT INFRINGEMENT

14.     Each of the Defendants has infringed the '001 Patent either directly or through acts of
        contributory infringement or inducement in violation of 35 U.S.C. § 271.

15.     Rational Enterprises has infringed and continues to infringe at least Claim 26 of the '001
        Patent.

16.     Rational Poker School has infringed and continues to infringe at least Claim 26 of the
        '001 Patent.

17.  Bodog Entertainment has infringed and continues to infringe at least Claim 26 of the '001 Patent.

18.  Bodog.net has infringed and continues to infringe at least Claim 26 of the '001 Patent.

19.  Bodog.com has infringed and continues to infringe at least Claim 26 of the '001 Patent.

20.  FutureBet has infringed and continues to infringe at least Claim 26 of the '001 Patent.

21.  Defendants' infringement, contributory infringement and/or inducement to infringe has injured 1st Technology and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

22.  Each defendant's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because each defendant has been given notice of or knew of the '001 Patent and has nonetheless injured and will continue to injure 1st Technology, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale and/or offer for sale of products or services that come within the scope of the '001 Patent.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 1st Technology requests a trial by jury on all issues presented that can properly be tried to a jury.

WHEREFORE, plaintiff, 1st Technology, asks this Court to enter judgment, individually and jointly against defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.  An award of damages adequate to compensate 1st Technology for the infringement that has occurred, together with prejudgment interest from the date

infringement began;

B.    All other damages permitted by 35 U.S.C. § 284;

C.    A finding that this case is exceptional and an award to 1st Technology of attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '001 Patent; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

Respectfully submitted,

_____ 9/7/06

Mark A. Hutchison (4639)
L. Kristopher Rath (5749)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086

Attorneys for Plaintiff
1ST TECHNOLOGY LLC

1
2
3
4
5
6
7
8
9

The Honorable John Erlick
Noted for Hearing: September 12, 2007 at 10:00 AM

10    **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
11    **IN AND FOR THE COUNTY OF KING**

12    1ST TECHNOLOGY LLC,                     Case No. 07-2-25305-0 SEA

13              Plaintiff,                    [proposed] **ORDER DENYING**
                                              **PLAINTIFF'S MOTION FOR**
14         v.                                 **WRIT OF EXECUTION RE**
                                              **REPLACEMENT (ADDITIONAL)**
15    BODOG ENTERTAINMENT GROUP S.A.,         **DOMAIN NAMES**
      BODOG.NET, AND BODOG.COM,
16
17              Defendants.

18

19         This matter comes before the Court on Plaintiff's Motion for Writ of Execution Re

20    Replacement (Additional) Domain Names ("Motion"). The Court having considered

21    Plaintiff's Motion, the Declaration of Scott Lewis in support thereof, Defendants' brief in

22    opposition to Plaintiff's Motion, the Declaration of Jacob Heath and exhibits thereto, the

23    papers filed in support of defendants' Motion for Relief From Enforcement of Plaintiffs'

24    Writ of Execution, including the declarations of Martin Garthwaite and Randall Moeller

25    in support of that motion, Plaintiff's reply, and the arguments of counsel, and being fully

26    advised in the premises, and further finding good cause to issue this order, now, therefore,

27    it is hereby

28

[proposed] ORDER DENYING PL.'S.
MOT. FOR WRIT OF EXECUTION RE                NEWMAN & NEWMAN,        505 Fifth Ave. S., Ste. 610
REPLACEMENT DOMAIN NAMES - 1                 ATTORNEYS AT LAW, LLP   Seattle, Washington 98104
                                                                     (206) 274-2800

1    ORDERED, JUDGED, AND DECREED that Plaintiff's Motion is DENIED.

2

3         DONE on this _____ day of _____, 2007.

4

5
                                    _____
6                                   Judge / Court Commissioner

7

8

9
Presented By:
10
NEWMAN & NEWMAN,
11 ATTORNEYS AT LAW, LLP

12

13 By:  _____
        Derek A. Newman, WSBA No. 26967
14      Randall Moeller, WSBA No. 21094
        505 Fifth Avenue South, Suite 610
15      Seattle, Washington 98104
        (206) 274-2800 Phone
16      (206) 274-2801 Fax

17

18

19

20

21

22

23

24

25

26

27

28

[proposed] ORDER DENYING PL.'S.                    NEWMAN & NEWMAN,          505 Fifth Ave. S., Ste. 610
MOT. FOR WRIT OF EXECUTION RE                       ATTORNEYS AT LAW, LLP     Seattle, Washington 98104
REPLACEMENT DOMAIN NAMES - 2                                                  (206) 274-2800