EXHIBIT 22

**Honorable John Erlick**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 1st Technology LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, AND BODOG.COM,<br><br>  Defendants. | Case No. 07-2-25305-0 SEA<br><br>ADDITIONAL BRIEFING REGARDING INJUNCTIVE RELIEF SOUGHT BY 1ST TECHNOLOGY LLC |

## I. INTRODUCTION

The Court agreed to receive briefing on the limited issue of whether it was appropriate to enjoin Bodog from registering alternative domain names and directing users to these replacement domain names. 1st Technology sought this relief because of Bodog's conduct taken to frustrate the Court's initial Order – i.e., registering "newbodog.com" and directing its users to the "new Bodog" website. Since the date of the initial hearing, Bodog has actually undertaken the very conduct sought to be prohibited by 1st Technology – Bodog set up an alternative website at "bodoglive.com" and is now directing its users to that site.

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 1

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

As set forth herein, an injunction is expressly authorized by Washington Statute. The injunctive relief sought would not violate any jurisdictional or First Amendment principles and would merely preserve the assets which are properly subject to execution by 1st Technology. Absent such injunctive relief, 1st Technology will be left to execute its judgment against domain names which have been sapped of their value.

## II. DISCUSSION

### A. Washington Statutes Authorize the Court to Issue Broad Injunctive Relief

RCW 6.32.120, titled "Transfer of property may be enjoined" broadly authorizes the Court to:

> make an injunction order restraining any person or corporation, whether a party or not a party to the special proceeding, from making or suffering any transfer or other disposition of or interference with the property of the judgment debtor or the property or debt concerning which any person is required to attend and be examined, until further direction in the premises. . . . The judge or court may, as a condition of granting an application to vacate or modify the injunction order require the applicant to give security in such sum and in such manner as justice requires.

This statute grants the court broad powers to issue an injunction to restrain the transfer of property involved in supplemental proceedings. *Smith v. Weed*, 75 Wn. 452, 465, 134 P. 1070 (1913). The statute authorizes the Court to issue an injunction directed at parties as well as non-parties. The statute further allows the Court to enjoin a party from transferring or effecting any "other disposition" or "interference" of or with the property in question. RCW 6.32.120.

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 2

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

As the Court recognized, the Court's initial Order extends to the goodwill in the domain names, not just the letters that make up the domain name. *See Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) ("a domain name is a well-defined interest . . . . [s]omeone who registers a domain name decides where on the Internet those who invoke that particular name whether by typing it into their web browsers, by following a hyperlink, or by other means are sent"). As such, the Court is authorized by statute to issue injunctive relief preventing "interference" with, or dissipation of, the domain names. Indeed, Plaintiff seeks injunctive relief to prevent a recurrence of what transpired immediately following issuance of the original Order and what occurred again following the hearing. (*See Generally*, Declaration of Venkat Balasubramani.)

**B.   Principles of Jurisdiction Do Not Bar the Injunctive Relief**

Bodog argues that the Court lacks jurisdiction to issue the sought after injunctive relief. Bodog's arguments are unavailing for several reasons.

1. <u>Both the original and replacement domain names are subject to jurisdiction of the Court.</u>

First, the property at issue (the domain names) is located in the State of Washington, and as such, is within the jurisdiction of this Court. *Kremen*, 337 F.3d at 1030 ("domain names . . . are . . . subject to in rem jurisdiction"). The Court may issue an injunction preventing "interference" with this property, including injunctive relief to those outside the state. Bodog's arguments ignore the fact that the domain names at issue – both the original and the replacement

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 3

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

domain names – are registered to a Washington-based registrar, and as such, are located in the State of Washington. In order to set up replacement domain names, Bodog will be taking action – whether physically or virtually – in the State of Washington. At the very least, Bodog's actions will alter the traffic and goodwill in a website accessible through a domain name which is located in Washington. Bodog's logic would allow it to argue that it should not be enjoined from electronically transferring funds outside of a Washington-based bank because Bodog itself is not subject to jurisdiction in the State of Washington. This is untenable.

2. **Bodog purposefully availed itself of the jurisdiction of this State by registering domain names through a Washington registrar.**

Second, Bodog is subject to jurisdiction with respect to 1st Technology's domain name-related execution efforts. The touchstone for purposeful jurisdiction is purposeful availment. *CTVC of Hawaii Co. v. Shinawatra*, 82 Wn. App. 699, 710, 919 P.2d 1243 (1996). The Washington long-arm statute permits the exercise of specific jurisdiction over a foreign corporation that transacts business in this state if three requirements are met: (1) the nonresident corporation must purposefully avail itself of the privilege of conducting business in Washington; (2) the cause of action must arise from or be connected with that transaction; and (3) the assumption of jurisdiction must not offend traditional notions of fair play and substantial justice. *Washington Equip. Mfg. Co. v. Concrete Placing Co.*, 85 Wn. App. 240, 242 (Wash. Ct. App. 1997).

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 4

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

Here, the elements of the tests are satisfied with respect to Bodog. Bodog registered the domain names through a Washington-based registrar, and then re-registered replacement domain names through another Washington-based registrar. (See previously submitted materials.) The requested relief relates directly to Bodog's Washington-based transactions. Finally, the assumption of jurisdiction does not offend traditional notions of fair play and substantial justice. Accordingly, Bodog's arguments that it is not subject to jurisdiction in the state of Washington – at least for purposes of 1st Technology's execution efforts on the domain names – are unpersuasive.

3. <u>Bodog cannot ask the Court for affirmative relief and then claim to be beyond its jurisdiction for purposes of the sought after injunctive relief.</u>

Finally, Bodog has sought affirmative relief in this Court (staying execution). As such, Bodog has subjected itself to the jurisdiction of the Court, at least for the purposes of this particular proceeding. Bodog cannot then turn around and then claim that it is beyond the jurisdiction of the Court for purposes of the injunction.

In any event, the Court is clearly empowered to give Bodog a choice: (1) Bodog can post bond in the amount of the Judgment or (2) Bodog can agree to the injunctive relief sought by 1st Technology. Bodog cannot and does not cite to any law which precludes the Court from taking this step.

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 5

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

### C. Nothing in the First Amendment Bars The Relief Sought

Bodog's First Amendment arguments are a red herring. First, as the Court recognized, corporate speakers enjoy a lesser degree of First Amendment protection than do individual speakers. *Central Hudson Gas & Electric Co. v. PSC*, 447 U.S. 557, 566 -68 (1980). Regulating statements made in the commercial context raises far fewer First Amendment concerns than do statements made in other contexts, such as in a political campaign. *Id.* Second, restrictions on speech are permitted for a variety of different reasons and in a variety of different contexts. *See, e.g., Rotunda & Nowak* § 20.36 (discussing accommodation between free speech and copyright protection); *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 637 (1980) (government can prohibit and punish conduct that amounts to fraudulent misrepresentation). There is no First Amendment exception for advertising gambling websites, particularly advertising or expression made to frustrate or defraud creditors.

As relevant to the issues raised by Bodog, courts have held up regulations restricting fraudulent transfers and other regulations involving bankruptcy reorganizations notwithstanding the effect of such regulations on speech. *See, e.g., In re Stonegate Sec. Services, Ltd.*, 56 B.R. 1014 (D. Ill. 1986) (even "public criticism" can be restricted upon finding of "clear and present danger of some significant interference with the debtor's reorganization, or with the functions of the bankruptcy court"). *Stonegate* recognized that speech taken to frustrate a

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 6

BALASUBRAMANI LAW
8426 40ᵀᴴ AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

bankruptcy reorganization may be curtailed, and cases relying on it adopt this approach, notwithstanding purported First Amendment concerns. *See, e.g., In re Andrus*, 189 B.R. 413 (D. Ill. 1995) (finding that bankruptcy court properly enjoined speech based on finding that the speech was intended to frustrate the bankruptcy reorganization).

In the present case, the sought after injunctive relief is not accompanied by the prospect that Bodog will take action to frustrate the Court's Orders. It is actually accompanied by Bodog's own statements which demonstrate undeniably that Bodog has and will continue to take such action. (*See* Balasubramani Decl.) Bodog undertook this course of action in response to the initial Court Order – it registered a slew of replacement domain names. When it realized that these replacement domain names were registered through a Washington registrar, equally subject to the jurisdiction of the Court, Bodog registered replacement domain names (bodoglife.com) ostensibly beyond the jurisdiction of the Court and sought to direct its old sites and any users there. Nothing in the First Amendment precludes the Court from enjoining this conduct.

### V. CONCLUSION

The Court agreed to receive briefing on the limited issue of whether it was appropriate to enjoin Bodog from registering alternative domain names and direct users to these replacement domain names. Pending the date of the hearing and the date of submission of this brief in a show of bad faith towards the Court, Bodog already engaged in such conduct. Nothing in any

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 7

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

1  jurisdictional or First Amendment principles precludes the injunctive relief
2  requested by 1st Technology.
3      Dated this September 19, 2007.

*[signature]*

Venkat Balasubramani, WSBA No. 28269
Attorneys for 1st Technology LLC

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 8

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

## CERTIFICATE OF SERVICE

I hereby certify and declare that on September 19, 2007, I caused the attached Brief Regarding Scope of Injunctive Relief to be transmitted to counsel for Defendants:

Derek A. Newman (Newman & Newman, Attorneys at Law, LLP)
Randall Moeller
505 Fifth Avenue South Suite 610
Seattle, Washington 98104
206.274.2800 - Phone
206.274.2801 - Fax

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 19, 2007, at Seattle, Washington.

_____
Venkat Balasubramani, WSBA No. 28269
Attorneys for 1st Technology LLC

ADDITIONAL BRIEFING REGARDING
INJUNCTIVE RELIEF SOUGHT BY
1ST TECHNOLOGY LLC / PAGE - 9

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966