# EXHIBIT 26



Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2006 WL 2385139 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Paice LLC v. Toyota Motor Corp.
E.D.Tex.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. Texas,Marshall Division.
PAICE LLC, Plaintiff,
v.
TOYOTA MOTOR CORP., et al., Defendants.
**No. 2:04-CV-211-DF.**

Aug. 16, 2006.

Samuel Franklin Baxter, Attorney at Law, Marshall, TX, Ahmed J. Davis, Ahmed J. Davis, Ruffin B. Cordell, Fish & Richardson, Washington, DC, for Plaintiff.
Fred Grasso, Jeffrey Gerchick, T. CY Walker, Kenyon & Kenyon, Washington, DC, Nicholas H. Patton, Justin Kurt Truelove, Patton & Tidwell, Texarkana, TX, Thomas R. Makin, George E. Badenoch, John Flock, Kenyon & Kenyon, New York, NY, for Defendants.

DAVID FOLSOM, District Judge.
***1** Before the Court is Plaintiff Paice LLC's (" Paice" ) Motion for Entry of an Injunction. Dkt. No. 207.Also before the Court is Defendants' Combined (1) Opposition to Paice LLC's Motion for Entry of an Injunction and (2) In the Alternative, Motion for a Stay of Any Injunction Entered and Plaintiff's Combined Response to Toyota's Motion for Stay and Reply in Support of Its Motion for Injunction. Dkt. Nos. 212 and 219, respectively. On April 25, 2006 the Court heard the parties on these motions. Subsequent to the hearing, the parties submitted letter briefing to the Court. 6/23/06 Letter from G. Badenoch, 6/30/06 Letter from R. Cordell, and 7/13/06 Letter from G. Badenoch. Having considered the motions, all other relevant briefing, and the applicable law, the Court finds that Plaintiff's Motion for Injunction should be **DENIED.**

In this patent infringement action, Plaintiff claimed three of Defendants' hybrid vehicles infringe three of Plaintiff's patents, U.S. Patent Nos. 5,343,970 (" the 970 patent" ), 6,209,672 (" the 672 patent" ), and 6,554,088 (" the 088 patent" ) (collectively, the " patents-in-suit" ).[FN1] Plaintiff alleged that nine claims among three patents were literally infringed by Defendants' accused vehicles and that ten claims were infringed under the doctrine of equivalents. Plaintiff also argued that Defendants' alleged infringement was willful.

> FN1. A detailed explanation of each of the asserted patents and the underlying technology can be found in the Court's Claim Construction Order. Dkt. No. 91.The present Order assumes familiarity with the patents-in-suit.

In December 2005, the case was tried to a jury. The jury found that Defendants' accused vehicles infringed claims 11 and 39 of the 970 patent under the doctrine of equivalents, but found no further infringement. The jury did not find Defendants' infringement was willful.

Plaintiff now moves for entry of a permanent injunction.

Recently the Supreme Court revisited the propriety of issuing permanent injunctions as a matter of course after a finding of infringement in patent cases. *eBay Inc. v. MercExchange, L.L.C.,* --- U.S. ----, ---- - ----, 126 S.Ct. 1837, 1839-1841, 164 L.Ed.2d 641 (U.S.2006) (hereinafter " *eBay*" ). Observing the existence of a " ' general rule,' unique to patent disputes" that mandated the issuance of a permanent injunction once infringement and validity were decided, the Supreme Court explored the origins of this general rule and compared it to other instances in which courts are faced with deciding whether or not to issue equitable relief. *Id.* The Supreme Court determined that equitable relief is not mandatory in patent cases, but instead should be decided in accordance with traditional equitable considerations. *Id.*

To this end, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief:
A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2006 WL 2385139 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

***2** *Id.* Further, the Supreme Court held that:[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards.

*Id.* It is clear that the Supreme Court by its decision did not intend to part with long-standing decisions in equity. As noted by Chief Justice Roberts, " there is a difference between exercising equitable discretion pursuant to the established four-factor test and writing on an entirely clean slate." *Id.* at 1841 (Roberts, C.J.concurring). And, as Justice Kennedy notes in his concurrence, " the existence of a right to exclude does not dictate the remedy for a violation of that right," which aligns equitable decisions in patent cases with other cases. *Id.* at 1842 (Kennedy, J. concurring).

Plaintiff, seeking entry of a permanent injunction, principally argued that it is entitled to an injunction pursuant to 35 U.S.C. § 283 because the Defendants are adjudged infringers of its valid patent claims. Dkt. No. 207 at 2. Plaintiff additionally argued that no exceptional circumstances exist for which an injunction should be denied. *Id.* Defendants responded in opposition to Plaintiff's motion but spent the majority of their pre-hearing brief arguing that any injunction that issues should be stayed pending the outcome of an appeal or the issuance of a decision in *eBay.*Dkt. No. 212.Less than a month after the hearing, the *eBay* opinion issued.

Following the traditional four-factor test for equitable relief, Defendants argue no injunction should issue as Plaintiff cannot meet its burden of demonstrating each of the factors, let alone any of the factors. Dkt. No. 222.According to Defendants, Plaintiff failed to demonstrate irreparable harm. *Id.* at 3. Defendants argue that, following from the Supreme Court's decision, irreparable harm cannot be presumed. Further, citing a decision in *z4 Technologies, Inc. v. Microsoft Corporation,* Defendants argue that the inability to license Plaintiff's patents to others without an injunction in hand is not a viable reason for issuing an injunction. Dkt. No. 222 at 3,*citing z4 Technologies, Inc. v. Microsoft Corp.,* 6:06-cv-142, Dkt. No. 394 (E.D. Tex. June 14, 2006). Defendants also point to evidence demonstrating that there are reasons unrelated to Defendants' conduct that explain why Plaintiff's efforts to license its patents have been refused. *Id.* citing evidence at Dkt. No. 212, 5-6.Defendants argue there is no evidence supporting Plaintiff's contention that Defendants' sales of the accused vehicles have resulted in the harm Plaintiff alleges as Plaintiff does not sell vehicles.Dkt. No. 222 at 3-4.

Defendants argue that monetary damages are sufficient to compensate Plaintiff. Because Plaintiff does not manufacture competing vehicles, but rather is geared toward licensing its technology, Defendants argue that there is " no question" that monetary damages are sufficient. Dkt. No. 222 at 4. Defendants further argue that the claims found to be infringed make up only a " small component" of the overall accused vehicles. *Id.*

***3** The two claims found to be infringed by equivalents are not to the entirety of the hybrid transmission, let alone the entire car. For there to be an entire working vehicle that meets [Defendants'] standards, there are many tens of thousands of separate parts that make up the various essential parts of the car ... Any contribution of [Plaintiff's] technology to the accused vehicles is relatively minor when compared to the value of the overall vehicles sought to be enjoined....

Dkt. No. 222 at 4. Defendants further cite the jury's reasonable royalty verdict as demonstrative of the relatively small contribution of that Plaintiff's invention to the accused vehicles as a whole:Any contribution of [Plaintiff's] technology to the accused vehicles is relatively minor when compared to the value of the overall vehicle sought to be enjoined, as confirmed by the jury's verdict awarding reasonable royalty damages of only $25 per vehicle-or 1/8th of one percent of the $20,000 price of a Prius and even less of a percentage of the price of the Highlander ($33,000) and the RX400h ($42,000).

*Id.*

Defendants argue that the third and fourth factors weigh against issuing a permanent injunction. According to Defendants, implementation of an injunction would cause substantial economic injury to it, its dealers, and its suppliers. An injunction

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                     Page 3
Not Reported in F.Supp.2d, 2006 WL 2385139 (E.D.Tex.)

**(Cite as: Not Reported in F.Supp.2d)**

would also severely damages its " reputation as the industry leader in bringing hybrid and other vehicles to market," argue Defendants.*Id.* at 4. And, Defendants argue, significant time and money have been invested in designing the accused devices while a redesign would be " extraordinarily expensive and a great hardship." *Id.* Defendants argue that there is " no discernable hardship" to Plaintiff in the absence of an injunction because Plaintiff seeks only licensing fees for the use of its patents. *Id.* Defendants also argue that an injunction would be contrary to the public interest as hybrid vehicles play an important role in " reducing harmful automobile emissions and American reliance on foreign oil." *Id.*

Lastly, Defendants remind the Court that, although accused, the jury did not find that Defendants' infringement was willful. Nor were they found to literally infringe Plaintiff's patents-only two of ten asserted claims from one of three patents were found infringed under the doctrine of equivalents. Defendants argue that these facts should also be considered in determining whether an injunction should issue. Dkt. No. 222 at 4-5.

In response, Plaintiff argues that, even under the traditional four-factor test for equitable relief, they are entitled to a permanent injunction. Plaintiff argues it has proved it will suffer irreparable harm because, unless Defendants are enjoined from selling the infringing vehicles, it cannot succeed in its efforts to license its technology. Dkt. No. 223 at 2. Plaintiff argues that Defendants' infringement has had a " devastating effect" on its business resulting in great harm. Dkt. No. 207 at 6. During the hearing on this motion, Plaintiff's counsel related that Plaintiff was recently " sidelined" as potential parties to a joint venture chose to put the deal on hold while they await the outcome of this motion. 4/25/06 Hr. Tr. at 99. Plaintiff also cites testimony from Dr. Severinsky, the inventor of the 970 patent and Paice employee, that potential licensees have refused to license Plaintiff's patents pending the outcome of this case. *Id.* at 2-3.Plaintiff argues that even if potential licensees refused licenses in the past for reasons unrelated to the current lawsuit, they are today refusing to license as they await the outcome of this suit. *Id.* at 3. Thus, Plaintiff argues, it is suffering harm from what amounts to a *de facto* stop work injunction. 4/25/06 Hr. Tr. at 106.

***4** Addressing the second factor, Plaintiff argues that although it does not manufacture products utilizing the patented invention, this alone does not end the inquiry as to whether there is an adequate remedy at law for Defendants' infringement. Dkt. No. 223 at 3. Instead, Plaintiff argues, because it suffers irreparable harm, there is no adequate remedy at law. According to Plaintiff, without an injunction, Plaintiff will continue to loose licensing opportunities to other potential licensees. Dkt. No. 223 at 3. Further, regarding the relative import of the infringed claims to the accused vehicles, Plaintiff argues that the infringed claims " cover ... the heart of what the Prius is all about." 4/25/06 Hr. Tr. at 105; *see also*Dkt. No. 223 at 4.

Plaintiff argues that the balance of hardships tips in favor of an injunction. According to Plaintiff, the infringing products that would be enjoined can be sold in other parts of the world. Further, Plaintiff argues, the infringing vehicles account for less than 2% of Defendants' worldwide revenue. *Id.; see also* 4/25/06 Hr. Tr. at 108. On the other hand, without an injunction, Plaintiff argues that it faces extinction. Dkt. No. 223 at 4.

Regarding the public interest, Plaintiff argues the that public interest in strong patent rights is better served by enforcing those rights through an injunction, particularly where a small company's patents are infringed. 4/25/06 Hr. Tr. at 111; Dkt. No. 223 at 5. Plaintiff also argues that enjoining sales of the accused vehicles would not leave the public without options-in fact, there are other hybrid alternatives on the market as well as vehicles that are more fuel efficient than the accused vehicles. 4/25/06 Hr. Tr. at 110.

Following the traditional four-factor test for equitable relief, the Court concludes that no injunction is warranted in this case.[FN2]

> FN2. As Plaintiff's motion for an injunction is denied, Defendant's cross-motion for a stay is moot and will not be addressed herein.

Plaintiff fails to establish that it will be irreparably harmed absent an injunction. The *eBay* decision demonstrates that no presumption of irreparable harm should automatically follow from a finding of infringement. *See, e.g.,*126 S.Ct. at 1840;*see also* 6:06-CV-142, Docket No. 394, at 4. Plaintiff argues that, because no injunction has issued, it has been

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 4
Not Reported in F.Supp.2d, 2006 WL 2385139 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

unsuccessful in its efforts to license its technology. Plaintiff's evidence, however, does not prove that the current litigation or the absence of an injunction have resulted in its inability to successfully license its technology.

Dr. Severinsky's testimony, cited by Plaintiff, addressed only his belief as to why potential licensees were reluctant to take licensees. Plaintiff's counsel's statements that the company was "sidelined" pending the outcome of this litigation are not evidence. There is evidence in the record, however, that potential licensees may have declined business deals because of Plaintiff's misrepresentations and improper business tactics. *See* 12/7/05 PM Trial Tr. at 46:25-49:1; DTX 745.

**\*5** Irreparable harm lies only where injury cannot be undone by monetary damages. *See Deerfield Med. Ctr. v. City of Deerfield Beach,* 661 F.2d 328, 338 (5th Cir.1981). Plaintiff's losses from Defendant's sales of infringing products can be remedied via monetary damages in accordance with the reasonable royalty set by the jury. As for Plaintiff's allegations of irreparable harm in the form of a failed licensing program, Plaintiff has not demonstrated Defendants' infringement is to blame for this failure. As the evidence demonstrates, there were other reasons Plaintiff may not have succeeded in licensing its technology.

Additionally, Plaintiff has not demonstrated that monetary relief will not aid its licensing efforts. As is discussed below, the entry of a judgment for monetary relief in conjunction with the jury's infringement and validity findings will affirm Plaintiff's patent rights, as would the issuance of an injunction. Although potential licensees will likely consider the outcome of this case in their licensing decisions, Plaintiff has not been prevented from continuing its licensing efforts. It is should also be noted that because Plaintiff does not compete for market share with the accused vehicles, concerns regarding loss of brand name recognition and market share similarly are not implicated.

For these reasons, Plaintiff has not demonstrated that it will suffer irreparable harm in the absence of an injunction.

Second, Plaintiff has not demonstrated that monetary damages are inadequate. According to Plaintiff, monetary damages paid by Defendants will not prevent further lost opportunities to license its technology to potential licensees. Plaintiff further argues that the infringed claims form the "heart" of the accused products. Infringing one's right to exclude alone, however, is insufficient to warrant injunctive relief. 126 S.Ct. at 1840. Plaintiff does not demonstrate why other potential licensees would be less likely to take a license if this case ends with monetary damages instead of equitable relief.[FN3] In either case, the Plaintiff's patent rights are vindicated. The appropriateness of an injunction is determined after considering the traditional four factors addressed here.

> FN3. The Court notes that monetary relief could result in lower licensing rates than Plaintiff would desire. The Court also recognizes that, if an injunction were to issue, Plaintiff would have a more impressive bargaining tool. This consideration, however, doe not replace the four-factor test that must be satisfied for equitable relief.

Further, the Court disagrees with Plaintiff regarding the import of the two claims found infringed to the accused vehicles as a whole. The infringed claims relate to the hybrid transmissions of the accused vehicles, but form only a small aspect of the overall vehicles. The jury's damages award also indicates that the infringed claims constitute a very small part of the value of the overall vehicles. The jury, based on the entire record, determined an appropriate reasonable royalty rate that can be easily calculated on future sales of the accused devices thereby removing uncertainty from future damages calculations.

It is also of note that Plaintiff, throughout post-trial motions, has extended Defendants an offer to license its technology. 4/25/06 Hr. Tr. at 108. This offer further demonstrates the adequacy of monetary relief from Plaintiff's point of view. Thus, the Court finds that Plaintiff has not demonstrated monetary damages are an inadequate remedy to compensate for Defendants' infringement.

**\*6** Third, the Court finds that the hardships balance against enjoining Defendants. Plaintiff again argues that this factor tips in its favor because it faces extinction absent an injunction while Defendants will experience only minor economic losses. This ignores the reality that two of the accused vehicles were

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 5
Not Reported in F.Supp.2d, 2006 WL 2385139 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

introduced to the market during the 2006 model year and enjoining their sales will likely interrupt not only Defendants' business but that of related businesses, such as dealers and suppliers. The burgeoning hybrid market could also be stifled as the research and expense of bringing its product line to market would be frustrated. And the Court finds that enjoining Defendants will damage their reputation. Defendants face significant hardships if enjoined. Plaintiff's argument that it may go out of business unless Defendants are enjoined is again premised upon their contention that only injunctive relief will lead to a successful licensing program. As discussed above, the Court does not agree with this contention. Thus, the balance of hardships tips decidedly in favor of Defendants.

Lastly, the Court concludes that the public interest does not weigh heavily in either party's favor. As Plaintiff argues, there is a long recognized public interest in enforcing patent rights. The grant of injunctive relief for such enforcement, as the *eBay* case directs, should be determined using the traditional four-factor test. Relief in non-injunctive form also serves this public interest. Insofar as Defendants argue that an injunction would be contrary to the public interest in reducing dependence of foreign oil, the Court finds this argument unavailing. Defendants' hybrid vehicles are not the only hybrid alternatives on the market, and there has been no evidence demonstrating the demand for hybrid vehicles could not be met by such alternatives. Thus, Defendants have not demonstrated that enjoining the sale of their hybrid vehicles will disserve the public interest.

Having found that Plaintiff has failed to demonstrate that injunctive relief is warranted under any of the four relevant factors, the Court will deny Plaintiff's request.

For all the above reasons, Plaintiff's Motion for Entry of an Injunction, Dkt. No. 207, is hereby **DENIED** and Defendants' Motion for a Stay of Any Injunction Entered, Dkt. No. 212, is **DENIED** as moot.

E.D.Tex.,2006.
Paice LLC v. Toyota Motor Corp.
Not Reported in F.Supp.2d, 2006 WL 2385139 (E.D.Tex.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.