Charles McCrea (NV State Bar No. 104)
**LIONEL SAWYER & COLLINS**
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel 702.383.8981
Fax 702.383.8845
cmccrea@lionelsawyer.com

James D. Nguyen (CA State Bar No. 179370)
Victor de Gyarfas (CA State Bar No. 171950)
Uleses C. Henderson, Jr. (CA State Bar No. 225246)
*Pro Hac Vice Applications To Be Submitted*
**FOLEY & LARDNER LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Tel: 310-277-2223; Fax: 310-557-8475
jnguyen@foley.com
uhenderson@foley.com

Attorneys for Specially Appearing
Defendants **BODOG ENTERTAINMENT GROUP S.A.,** and erroneously named
Specially Appearing Defendants
**BODOG.NET** and **BODOG.COM**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>RATIONAL ENTERPRISES LTDA.,<br>RATIONAL POKER SCHOOL LIMITED,<br>BODOG ENTERTAINMENT GROUP S.A.,<br>BODOG.NET, BODOG.COM, AND<br>FUTUREBET SYSTEMS LTD.,<br><br>　　　　　Defendants. | Case No: 2:06-cv-1110-RLH-GWF<br><br>**DEFENDANT'S EVIDENTIARY OBJECTIONS TO AFFIDAVITS OF MR. McANDREWS AND MR. WALLIN**<br><br>**Date: October 11, 2007**<br>**Time: 9:00 a.m.**<br>**Courtroom: 6C** |

LACA_876648.1

Specially appearing defendants, Bodog Entertainment Group S.A. (Costa Rica), Bodog.net, and Bodog.com ("Defendants") (who challenge jurisdiction), hereby submit the following objections to the affidavits of Mr. McAndrews and Mr. Wallin, submitted in support of 1st Technology LLC's Response to Motion to Set Aside Default Judgment.

In addition to the factual contentions raised in the Declaration of James D. Nguyen in support of Defendant's Motion to Set Aside Default Judgment, Defendant raises the following evidentiary objections to the affidavits:

1.   <u>AFFIDAVIT OF MATTHEW McANDREWS, LINES 11–15</u>:

"In January 2007, I attempted to contact Mr. James Nguyen to discuss the aforementioned case. It was my understanding that Mr. Nguyen had represented the Bodog Entities in previous litigation and I wanted to determine whether he would be representing them for this lawsuit which, by that time, had already been filed and served."

DEFENDANT'S OBJECTIONS: Defendant objects on the grounds that this statement misstates the evidence, lacks proper foundation, and contains attorney's arguments.

2.   <u>AFFIDAVIT OF MATTHEW McANDREWS, LINES 15–17</u>:

"I left a voice mail message for Mr. Nguyen in which I indicated that I was representing 1st Technology LLC in a patent infringement lawsuit against Bodog Entertainment Group and which had been served on the Bodog Entities."

DEFENDANT'S OBJECTIONS: Defendant objects on the grounds that this statement misstates the evidence, lacks proper foundation, and contains attorney's arguments.

3.   <u>AFFIDAVIT OF TROY A. WALLIN, LINES 7–25</u>:

"On September 11, 2007, I spoke with Mr. James Nguyen, an attorney representing the Bodog Entities. At that time, Mr. Nguyen informed me that Bodog Entities had recently entered

LACA_876648.1

into a strategic alliance and/or joint venture with the Mohawk Indians in Canada, that an announcement had already been made publicly to that effect and that Bodog Entities intended to use their sovereign immunity as a shield to prevent Plaintiff 1st Technology LLC from pursuing their claims in the instant litigation.

Mr. Nguyen also informed me that Bodog had already shifted its business to the new Bodog domain names, was happy with the results, and had already been working with the top search engines to "optimize" their listings with the new domain names to again be at the top of all related search results.

In the same discussion, I informed Mr. Nguyen of 1st Technology LLC's intention to fully pursue Bodog's assets to satisfy its claims in the event that the Nevada Judgment was upheld. To this, Mr. Nguyen replied that this would be impossible since in such an event Bodog believed it had already left U.S. jurisdiction by strategically aligning itself and/or joint venturing with the Mohawk Indians in Canada, thereby avoiding any possibility of collection."

DEFENDANT'S OBJECTIONS: Defendant objects on the grounds that these statements were made in compromise negotiations, and thus are inadmissible under FRE 408(2) ("Compromise and Offers to Compromise").

The statements are also irrelevant because they bear no logical connection to the underlying issues of patent infringement and proper service of process.

4.   AFFIDAVIT OF TROY A. WALLIN, LINES 22–24:

"As such, it appears that Bodog Entities are again attempting to hide assets and put them beyond the reach of United States Courts so that they can equate impunity and evade United States laws and litigation."

DEFENDANT'S OBJECTIONS: Defendant objects on the grounds that this statement misstates the evidence, is argumentative, contains an attorney's argument, and is irrelevant.

2

LACA_876648.1

| | | |
|---|---|---|
| Dated: October 1, 2007 | By: | /s/ Charles McCrea |
| | | Charles McCrea |
| | | **LIONEL SAWYER & COLLINS** |
| | | Attorneys for Specially Appearing Defendants |
| | | **BODOG ENTERTAINMENT GROUP S.A.,** and |
| | | erroneously named Specially Appearing Defendants |
| | | **BODOG.NET** and **BODOG.COM** |

3

LACA_876648.1