Charles McCrea (NV State Bar No. 104)
**LIONEL SAWYER & COLLINS**
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel 702.383.8981
Fax 702.383.8845
cmccrea@lionelsawyer.com

James D. Nguyen (CA State Bar No. 179370)
Victor de Gyarfas (CA State Bar No. 171950)
Uleses C. Henderson, Jr. (CA State Bar No. 225246)
*Pro Hac Vice Applications To Be Submitted*
**FOLEY & LARDNER LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Tel: 310-277-2223; Fax: 310-557-8475
jnguyen@foley.com
uhenderson@foley.com

Attorneys for Specially Appearing
Defendants **BODOG ENTERTAINMENT GROUP S.A.,** and erroneously named
Specially Appearing Defendants
**BODOG.NET** and **BODOG.COM**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RATIONAL ENTERPRISES LTDA., RATIONAL POKER SCHOOL LIMITED, BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, BODOG.COM, AND FUTUREBET SYSTEMS LTD., <br><br> Defendants. | Case No: 2:06-cv-1110-RLH-GWF <br><br> **DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EXHIBIT 4(d), COPY OF** *United States v. BETONSPORTS PLC* <br><br> **Date: October 11, 2007** <br> **Time: 9:00 a.m.** <br> **Courtroom: 6C** |

LACA_876613.1

Specially appearing defendants, Bodog Entertainment Group S.A. (Costa Rica), Bodog.net, and Bodog.com ("Defendants") (who challenge jurisdiction), hereby submit the following objections to Exhibit 4(D), submitted in support of 1st Technology LLC's Response to Motion to Set Aside Default Judgment.

Defendant objects to the admissibility of Exhibit 4(D), a copy *United States v. BETONSPORTS PLC*. The case is inadmissible because (1) it is irrelevant, (2) it is inadmissible hearsay, and (3) its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, undue delay, and waste of time.

1. *United States v. BETONSPORTS PLC* is irrelevant because it provides no information that is relevant to the underlying cause of action for patent infringement or the jurisdictional issues raised in Defendant's motion to set aside. The *BETONSPORTS* case lacks any logical connection to the central matter in this case: the elements of patent infringement contained in 18 U.S.C. § 271 ("Infringement of Patent"). Likewise, there is no information in the article that suggests one way or the other whether the Defendant was properly served process—the subject of the underlying Motion to Set Aside.

2. Obviously, if the Plaintiff in this case were the U.S. Department of Justice, and the legal theory put forth in this case the U.S. or Missouri gambling prohibitions, *United States v. BETONSPORTS PLC* might be relevant. As is, the Plaintiff in this case is 1st Technology and the legal theory they put forth is not illegal gambling, but patent infringement.

3. *United States v. BETONSPORTS PLC* is inadmissible hearsay because it is based on out-of-court assertions that took place in the United States District Court of the Eastern District of Missouri (FRE 801). Plaintiff is presumably offering these statements to prove the truth of the matters asserted in the article. Thus, *United States v. BETONSPORTS PLC* should be excluded under FRE 802.

4.      *United States v. BETONSPORTS PLC* is inadmissible under FRE 403 because its probative value—if there is any—is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time.  The article creates a substantial risk of unfair prejudice because suggests the Defendant is engaged in illegal activity (albeit in a different jurisdiction than this case is being litigated in).  For this reason, the article risks undue delay and waste of time because the information it contains bears no relationship at all to the legal issues presented in this case.

Dated:  October 1, 2007                    By:     /s/ Charles McCrea
                                                   Charles McCrea
                                                   **LIONEL SAWYER & COLLINS**
                                                   Attorneys for Specially Appearing Defendants
                                                   **BODOG ENTERTAINMENT GROUP S.A.,** and
                                                   erroneously named Specially Appearing Defendants
                                                   **BODOG.NET** and **BODOG.COM**

LACA_876613.1

2