Charles McCrea (NV State Bar No. 104)
**LIONEL SAWYER & COLLINS**
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel 702.383.8981
Fax 702.383.8845
cmccrea@lionelsawyer.com

James D. Nguyen (CA State Bar No. 179370)
Victor de Gyarfas (CA State Bar No. 171950)
Uleses C. Henderson, Jr. (CA State Bar No. 225246)
*Pro Hac Vice Applications To Be Submitted*
**FOLEY & LARDNER LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Tel: 310-277-2223; Fax: 310-557-8475
jnguyen@foley.com
vdegyarfas@foley.com
uhenderson@foley.com

Attorneys for Specially Appearing Defendants
**BODOG ENTERTAINMENT GROUP S.A.**, and erroneously
named Specially Appearing Defendants **BODOG.NET** and
**BODOG.COM**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RATIONAL ENTERPRISES LTDA., RATIONAL POKER SCHOOL LIMITED, BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, BODOG.COM, AND FUTUREBET SYSTEMS LTD., <br><br> Defendants. | Case No: 2:06-cv-1110-RLH-GWF <br><br> **SPECIALLY APPEARING DEFENDANTS BODOG ENTERTAINMENT GROUP S.A. AND ERRONEOUSLY NAMED SPECIALLY APPEARING DEFENDANTS BODOG.NET AND BODOG.COM'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** <br><br> Date: <br> Time/Dept.: |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on [INSERT DATE] at [10:00 a.m.] in the above-entitled Court located at 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101, specially appearing Defendants Bodog Entertainment Group S.A. ("Bodog Entertainment"), Bodog.net and Bodog.com (collectively "Defendants") will and hereby do move pursuant to Rule 45 of the Federal Rules of Civil Procedure, and Local Rule 26-7, to quash the subpoena served by Plaintiff 1st Technology on nonparty ION Media Networks, on September 7, 2007.

This motion is brought on the grounds that the subpoena is (1) invalid under Rule 45, (2) vague and seeks irrelevant information, (3) overly broad and seek confidential information, and (4) is untimely. In addition to the foregoing, the subpoena should be quashed or otherwise stayed because the Court has stayed Plaintiff other attempts to obtain discovery in this action, pending the outcome of Defendants' motion to set aside default judgment presently before the Court.

This motion is made pursuant to this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Uleses C. Henderson, Jr., the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

Dated: October 4, 2007            Respectfully submitted,


By:  /s/ Charles McCrea
Charles McCrea
**LIONEL SAWYER & COLLINS**

Attorneys for Specially Appearing Defendants
**BODOG ENTERTAINMENT GROUP S.A.**, and
erroneously named Specially Appearing Defendants
**BODOG.NET** and **BODOG.COM**

1

MOTION TO QUASH SUBPOENA
2:06-cv-11105-RLH-GWF

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

A.    **The Action**

Specially appearing Defendants Bodog Entertainment Group S.A., Bodog.net, and Bodog.com[1] challenge jurisdiction and oppose Plaintiff's subpoena served on ION Media Networks.

This is an action for patent infringement stemming from Plaintiff's claims that Defendants alleged online entertainment services infringe Plaintiff's patent. However, Bodog Entertainment Group, S.A. does not itself provide online entertainment services,[2] or operate any websites; it merely administered domain names, including erroneously named defendants bodog.com and bodog.net, for other businesses.

In June of this year, this Court entered a default judgment against Defendants for nearly 50 million dollars without notice. In August, without notice to Defendants, Plaintiff obtained a writ of execution in the State of Washington ordering the transfer of nearly 3,000 domain names to Plaintiff's domain account. Immediately after learning of the default judgment in Nevada, Defendants filed a motion to set aside the default judgment, which is pending before this Court. Since such time, Plaintiff has moved to take other discovery in this action,[3] but the Court has stayed such efforts pending the outcome of Defendants' motion.

---

[1] Improperly named Bodog.com and Bodog.net are not entities. They are merely domain names and the Court has no in rem jurisdiction over them because they are not registered in Nevada.

[2] It merely provided technical services, including domain name management, for various entities, including but not limited to entities that use the BODOG mark and variations thereof to provide various online entertainment services.

[3] On September 2, 2007, Plaintiff sought, ex parte, an order from the Court requiring Calvin Ayre to appear in Las Vegas for a debtor examination.

2

1   In that regard, the parties have never had a Rule 26(f) conference or exchanged Rule 26(a)(1) initial disclosures. Neither has the Court issued an order opening discovery in this action. Moreover, no protective order has been issued in this case.

**B.     The Subpoena**

Since Defendants' filing of the motion to set aside default judgment, Plaintiff has issued a subpoena on ION Media Networks ("ION Media") seeking documents unrelated to this action. (See Ex. A). ION Media does not contract or do any business with Bodog Entertainment Group, S.A. (See Henderson Decl. ¶5, Ex. E). The subpoena, issued out of District Court of Nevada, requires ION Media to produce the documents at the offices of Plaintiff's counsel, in Las Vegas, Nevada, by October 8, 2007.

The subpoena is unreasonably vague and seeks an extraordinarily vast array of documents that do not concern the Defendants in this action, and further, have nothing to do with the subject matter of this action. This includes confidential and propriety documents that contain business terms and financial information pertinent to ION and other nonparties. Moreover, the subpoena contains no reasonable limitation in time as to the documents it seeks.

Specifically, the subpoena seeks, documents regarding:

1.      *...all contracts that you have with Bodog Entertainment Group, S.A, Bodog.Com, Bodog.Net, and any other Bodog Entities;*

2.      *...any and all documents showing all of your revenue as a result of your contracts with Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog Entities, including but not limited to, company account records, company state tax records, company federal tax records, company revenue quarterly records, company year-to-date revenue records, company bank account records, and payroll records;*

3.      *...any and all documents evidencing all of your payments to Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog*

3

*Entities, including but not limited to all company bank account records associated with said payments;*

4.   *...all documents related to and/or demonstrating the identity of the main company and Bodog contacts (both operationally and with final corporate responsibility) and the signatories of the contracts;*

5.   *...all documents related to any assets related to your contracts with Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog Entities, including bit not limited to, mater tapes, digital files, equipment, vehicles, airplanes, and the like utilized in contracting or in the staging, production, programming, or marketing of the associated program shows; and*

6.   *...all ad contracts with Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog Entities showing all ads aired in the viewing slots of the programs or associated with the program or sales of the program and any promotional agreements pertaining to the programs or contracts.*

**C.     Efforts to Resolve the Dispute**

In accordance with Local Rule 26-7, Defendants sought to resolve this issue before seeking the Court's intervention. On September 24, 2007, Defendants emailed Plaintiff's counsel seeking to meet and confer on the issue. (See Henderson Decl. ¶ 2, Ex. B). However, Plaintiff's counsel never responded to the email (See Henderson Decl. ¶ 2).

On October 2, 2007, Defendants sent Plaintiff's counsel a follow-up email requesting to meet and confer on the issue; Defendants' counsel informed Plaintiff's counsel that he would follow-up the email with a phone call later in the day to discuss that matter. (See Henderson Decl. ¶ 3, Ex. C). Later that day, the parties met via telephone to discuss the matter. (See Henderson Decl. ¶ 3). During that conversation, Defendants asked Plaintiff's counsel to state Plaintiff's basis for serving the subpoena on ION. (See Henderson Decl. ¶ 3). Plaintiff had no answer. (See Henderson Decl. ¶ 3). Further Defendants requested that, in light of Defendants' motion set aside default judgment, Plaintiff agree to withdraw or stay the subpoena pending the

4

outcome of Defendants' motion. (See Henderson Decl. ¶ 3). Plaintiff's counsel stated the he "did not expect to receive any documents from ION," however, he would not agree to withdraw or stay the subpoena until he heard from ION Media; at which time "he would take it under consideration." (See Henderson Decl. ¶ 3). Later that day, Defendants asked ION Media to contact Plaintiff, with hopes of resolving the matter. (See Henderson Decl. ¶ 3, Ex. C).

On October 3, 2007, Defendants' counsel met via telephone with ION Media's counsel and was informed that ION Media had spoken with Plaintiff's counsel earlier that day. (See Henderson Decl. ¶ 4). To Defendants' surprise, Defendants' were told that Plaintiff now insists that ION Media comply with the subpoena and, further, refuses to withdraw or stay the subpoena. (See Henderson Decl. ¶ 4). Later that day, Defendants sent an email to Plaintiff's counsel asking Plaintiff to reconsider its position or Defendants will seek to quash the subpoena. (See Henderson Decl. ¶ 4). Shortly thereafter, Plaintiff confirmed that it did not plan to withdraw or stay the subpoena. (See Henderson Decl. ¶ 4, Ex. D). So, Defendants are now forced to seek the Court's intervention to quash Plaintiff's invalid and overly broad subpoena.

### D. ION Media Has Consented to Consideration of This Motion

On October 4, 2007, Defendants informed ION Media of its intent to quash the subpoena in the District Court of Nevada. (See Henderson Decl. ¶ 5). Later that day, ION Media sent an email to Plaintiff's counsel stating, among other things, that it understood that Plaintiff's subpoena is invalid and that its production of documents will depend on the outcome of this motion to quash and Plaintiff's service of a valid subpoena. (See Henderson Decl. ¶ 5, Ex. E).

In light of these and other reasons previously set forth in Defendants' motion, Defendants respectfully asks that this Court set aside the default judgment entered in this action.

## II. THE SUBPOENA SERVED ON ION MEDIA SHOULD BE QUASHED

### A. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure requires the court by which a subpoena was issued to quash or modify the subpoena, on timely motion, if it, among other things: (a) requires a person who is not a party to travel to (or produce documents at) a place more than 100

5

miles from the place where that person resides, is employed or regularly transactions business in person; (b) subjects a party to undue burden; or (c) requires disclosure of trade secret or other confidential research, development, or commercial information. FED. R. CIV. P. 45(3)(A)(ii)&(iv), (B)(i). This motion may be bought by any party. See FED. R. CIV. P. 45(c)(3)(A). Plaintiff's subpoena should be quashed because it, among other reasons, (1) requires ION to produce documents at a location more than 100 miles from its offices in Miami, Florida, (2) is unduly burdensome and is not narrowly tailored to the subject matter of this action, (3) seeks confidential commercial information pertaining to ION and Defendants' related, (4) is not timely, and (5) this Court has essentially stayed all activities in this action pending the Court's ruling on Defendants' motion to set aside default judgment.

**B.   The Subpoena is Invalid**

A subpoena requiring a nonparty to produce documents at a place of inspection more than 100 miles from that party's place of business must be quashed or modified. FRCP 45(c)(3)(A). In a practical sense, this means that documents do not have to be gathered from facilities located more than 100 miles from the city where the depositions or inspections are scheduled. See McCloskey v. United Parcel Service General Services Co., 1996 WL 684466, at *2 (D. Or. 1996); Romano v. United Parcel Service General Services Co., 1996 WL 684467, at *2 (D. Or. 1996).

Here, Plaintiff issued the subpoena from the District Court of Nevada and seeks to require ION Media, who is located in Florida, to produce documents at its counsel's offices in Las Vegas, Nevada. Plaintiff's subpoena is defective on its face for at least two reasons. First, the district court of Nevada does not have jurisdiction over ION Media to require them to produce documents in Nevada. Second, the subpoena requires ION Media to produce documents at a location more than 100 miles from its offices, which violates Rule 45(c)(3)(A), and constitutes immediate grounds for the Court to quash or modify the subpoena.

C.  **The Subpoena is Vague and Seeks Irrelevant Information**

A subpoena is sufficiently limited and specific in its directive where compliance to its terms would not be unreasonably burdensome. Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 695 (D. Nev. 1994). Thus, practically speaking, subpoena request should not be vague. In the same light, litigants may only "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). Implicit in this limitation is the need for a party to "tailor the information request to the immediate needs of the case." See Mattell Inc. v. Walking Mountain Prod., 353 F.3d 792, 813 (9th Cir. 2003) (finding that a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation.). Plaintiff's subpoena fails to stratify this standard for several reasons.

First, Plaintiff's subpoena is purposely vague. For instance, in each of the subpoena requests Plaintiff seeks various agreements between ION Media and "Bodog Entities," however, Plaintiff never defines what "Bodog Entities" means. Likewise, Plaintiff seeks documents relating to "Bodog" (see Request No. 4), "the associated program shows" (See Request No. 5), and "the programs" (See Request No. 6), however those terms are not defined. These Requests are deceptively vague and will require ION to guess at which documents are relevant, at the cost of inadvertently producing confidential information unrelated to this action.

Second, as this Court is aware, this is an action for patent infringement stemming from Plaintiff's claims that Defendants provide online entertainment services that infringe Plaintiff's patents. ION Media has no relationship to the activities alleged by Plaintiff in this action. In fact, ION Media itself has confirmed that it has no agreements with any of the Defendants in this action (See Henderson Decl. ¶ 5, Ex. E). Thus, Plaintiff's request for documents relating to ION's financial information, assets and advertising relating to various program shows are completely irrelevant to this action. It is clear from Plaintiff's gamesmanship that it is seeking discovery from ION Media for no other purpose than to harass or annoy nonparties to this action; not for the purposes of actually getting useful information. As such, the Court should quash the

7

MOTION TO QUASH SUBPOENA

subpoena. See Mattel, 353 F.3d at 813-14 (holding subpoenas properly quashed where their overbreadth led the court to conclude that subpoenas were "served for the purpose of annoying and harassment and not really for the purpose of getting information").

### D.  The Subpoena Is Overbroad And Seeks Proprietary And Confidential Information

Rule 45 affirmatively provides that a court shall quash a subpoena if it "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3). Courts have broad discretion to determine whether a subpoena is unduly burdensome. See Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 779 (9th Cir. 1994). For example, an abusively drawn subpoena may be quashed because it imposes and undue burden on the witness. See Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 813 (9th Cir. 2003). The Rule further directs a court to quash subpoenas requiring disclosure of confidential information. Id.; see also Diamond State Ins., 157 F.R.D. at 697-98 (D. Nev. 1994). Consequently, Rule 45 affords nonparties special protection against the time and expense of complying with subpoenas. Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 779 (9th Cir. 1994)

Plaintiff's subpoena seeks essentially all documents pertaining to the contractual relationship between ION Media and the Defendants, and any and all "Bodog Entities" (which Plaintiff has not defined). The subpoena contains no reasonable limitation as to time, much less subject matter, of the documents sought. Notwithstanding the irrelevancy of this information to the Plaintiff's claims, requiring ION Media to guess at the documents it deems would be responsive to this demand and producing them for inspection would be burdensome and would outweigh any potential benefit to the plaintiff. See Millenium Holding Group, Inc. v. Sutura, Inc., 2007 WL 121567, at *4 (D. Nev. 2007) (finding that an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the benefit of the information to the serving party.).

Furthermore, by demanding production of any and all documents relating to all of ION's revenues, assets, and advertising contracts relating to the Defendants and "any other Bodog

8

1 Entities," the subpoena potentially encompasses substantial proprietary and confidential
2 information. Such request would not only include the financial arrangements between ION and
3 nonparties to this action, but also company sensitive financial information, and confidential
4 business terms, methods and strategic plans between those parties. Indeed, ION Media is only
5 agreeable to produce documents, pursuant to a valid subpoena, if the terms and conditions of any
6 produced agreement are kept confidential and if required to be produced in any proceeding, that
7 the financial terms of such agreements be redacted or filed under seal. (See Henderson Decl. ¶ 5,
8 Ex. E). No protective order has been entered in this case. Since Plaintiff seeks information
9 beyond the scope of this litigation, the risk of disclosing sensitive information pertinent to parties
10 unrelated to this action outweighs the minimal value Plaintiff would gain from such information.
11 Plaintiff's attempt to delve into this information having no bearing on its patent claims, offends
12 the protections created by Rule 45, and should not be permitted. *Accord Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006).

### E. The Subpoena is Untimely

A party "may not seek discovery under [the Federal Rule of Civil Procedure] from any source before the parties have conferred as required by Rule 26(f)." See FED. R. CIV. P. 26(d). In the instant action, there is a final judgment, the Court has not opened any discovery in this action, and the parties have not conferred as required by Rule 26(f). Thus, Plaintiff's subpoena is untimely and should be quashed.

### F. Other Discovery Attempts Have Been Stayed In This Action

On September 2, 2007, Plaintiff sought, ex parte, an order from the Court requiring Calvin Ayre to appear in Las Vegas for a debtor examination. On September 4, 2007, the Court granted the order. However, in consideration of Defendants pending motion to set aside default judgment, the Court later stayed the order pending the outcome of the motion. In the same way, Plaintiff's subpoena should be quashed or, in the alternative, stayed pending the outcome of Defendants' motion to set aside default judgment.

### III. NOTICE

9

On October 3, 2007, Defendants' notified Plaintiff of its intent to file this motion to quash. (See Henderson Decl. ¶ 4, Exhibit B). It is or understanding that Plaintiff intends to pursue the subpoena. (See Henderson Decl. ¶ 4, Exhibit D).

## IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that the Court grant its motion to quash in its entirety.

Dated: October 4, 2007                    Respectfully submitted,

By:    /s/ Charles McCrea
       Charles McCrea
       **LIONEL SAWYER & COLLINS**

       Attorneys for Specially Appearing Defendants
       **BODOG ENTERTAINMENT GROUP S.A.**, and
       erroneously named Specially Appearing Defendants
       **BODOG.NET** and **BODOG.COM**

## TABLE OF CONTENTS

**Page**

memorandum of points and authorities ........................................................................ 2

I. INTRODUCTION ........................................................................................................ 2
    A. The Action ......................................................................................................... 2
    B. The Subpoena .................................................................................................... 3
    C. Efforts to Resolve the Dispute ........................................................................... 4
    D. ION Media Has Consented to Consideration of This Motion ........................... 5

II. THE SUBPOENA SERVED ON ION MEDIA SHOULD BE QUASHED ................. 5
    A. Legal Standard ................................................................................................... 5
    B. The Subpoena is Invalid ..................................................................................... 6
    C. The Subpoena is Vague and Seeks Irrelevant Information ................................ 7
    D. The Subpoena Is Overbroad And Seeks Proprietary And Confidential Information ........................................................................................................ 8
    E. The Subpoena is Untimely ................................................................................. 9
    F. Other Discovery Attempts Have Been Stayed In This Action .......................... 9

III. NOTICE ........................................................................................................................ 9

IV. CONCLUSION ........................................................................................................... 10

LA\CA_876960.1

i