Mark A. Hutchison (4639)
L. Kristopher Rath (5749)
Hutchison & Steffen, LLC
Peccole Professional Park
10080 Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086

Venkat Balasubramani, Esq.
Balasubramani Law
8426 40th Avenue SW
Seattle, Washington 98136
Telephone: (206) 529-4827
Facsimile: (206) 260-3996

Attorneys for Plaintiff
1st TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> RATIONAL ENTERPRISES LTDA., RATIONAL POKER SCHOOL LIMITED, BODOG ENTERTAINMENT GROUP S.A., BODOG.NET, BODOG.COM, and FUTUREBET SYSTEMS LTD., <br><br> Defendants. | 2:06-cv-01110-RLH-GWF <br><br> PLAINTIFF 1ST TECHNOLOGY LLC'S OPPOSITION TO DEFENDANTS BODOG ENTERTAINMENT GROUP, S.A., BODOG.NET, AND BODOG.COM'S MOTION TO QUASH SUBPOENA |

Plaintiff 1ST TECHNOLOGY LLC (hereinafter "1st Technology") by and through its counsel of record, HUTCHISON & STEFFEN, LLC, hereby files its Opposition to Defendant BODOG ENTERTAINMENT GROUP S.A.'s ("Bodog") Motion to Quash Subpoena. 1st Technology followed the instructions of the Clerk of the Court for the United States District Court for the District of Southern Florida. Moreover, Bodog lacks standing to challenge the subpoena on ION Media Network ("ION"). Finally, Bodog's attorneys improperly interfered with ION's response to the subpoena and procured ION's non-compliance despite its willingness to produce the requested documents. Ion was willing to comply with the subpoena until Bodog told it not to.

This Opposition is made and based on the papers and pleadings on file herein, the attached Memorandum of Points and Authorities and Exhibits, and any oral argument of counsel which the Court may choose to hear.

DATED this 8th day of October, 2007.

                HUTCHISON & STEFFEN, LLC

                /s/ L. Kristopher Rath
                Mark A. Hutchison (4639)
                L. Kristopher Rath (5749)
                Hutchison & Steffen, LLC
                Peccole Professional Park
                10080 Alta Drive, Suite 200
                Las Vegas, Nevada 89145

                Venkat Balasubramani, Esq.
                Balasubramani Law
                8426 40th Avenue SW
                Seattle, Washington 98136

                Attorneys for Plaintiff
                1st TECHNOLOGY LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

This is a patent infringement matter in which 1st Technology filed suit against the defendants for infringement of 1st Technology's patent, Patent No. 5,564,001, entitled, "Method and System for Interactively Transmitting Multimedia Information Over a Network which Requires a Reduced Bandwidth". 1st Technology filed its Complaint against the Bodog Entities on September 7, 2006. The Complaint was properly served on the Bodog Entities through an officer of Bodog. Bodog ignored the Complaint and never entered an appearance, or advised through counsel or otherwise that Bodog had retained counsel in this matter. Accordingly, 1st Technology appropriately applied for a Default Judgment, which the Court granted.

Bodog finally responded to the lawsuit after 1st Technology began collections efforts, and – after giving Bodog notice – obtained writs of execution on domain names registered to Bodog through a United States registrar. Bodog's Motion to Set Aside Default is pending before the Court but the judgment is currently valid and enforceable.

On February 5, 2007, ION and Bodog entered a television "alliance." See news release, a true and correct copy of which is attached to this opposition as exhibit 1. As part of the contract, Ion agreed to televise "BodogTV" events, including mixed martial arts events, and to collaborate with Bodog on "on advertising sales as well as marketing and promotion for the programming." Id.

In early September, 2007, 1st Technology propounded a subpoena on ION pursuant to FRCP 69 and its judgement against Bodog. 1st Technology sought information relating to contracts between Bodog and ION for purposes of collecting its default judgment.

ION is located in West Palm Beach, Florida. On September 5, 2007, prior to preparing the subpoena for ION, 1st Technology's attorneys' office contacted the Clerk of the Court for the United States District Court, District of Southern Florida to determine that jurisdiction's procedure for serving subpoenas on entities located there. See affidavit of Danette Young, a true and correct copy of which is attached hereto as exhibit 2. 1st Technology explained that ION was not a party to the Nevada action. Id. In response, the Clerk of the District Court for the Southern District of Florida

told 1st Technology that the subpoena must issue in the jurisdiction where the litigation was pending. Id. The Clerk said that if the entity did not comply with the subpoena 1st Technology should seek leave from that court by filing a motion to compel, a civil cover sheet, and a filing fee. Id.

On September 5, 2007, 1st Technology retained a process server to serve the subpoena on ION in West Palm Beach. Id. On September 7, 2007, the process server served the subpoena on ION's Senior Vice President Adam Weinstein. Id; see also certificate of service, a true and correct copy of which is attached to exhibit 2 at exhibit B.

On October 2, 2007, Uleses Henderson, Jr., an attorney for Bodog, called counsel for 1st Technology. See affidavit of L. Kristopher Rath, a true and correct copy of which is attached hereto as exhibit 3. Mr. Henderson asserted that the subpoena on ION should be stayed until after the Court hears Bodog's motion to set aside. Id. In response, 1st Technology attorney Kristopher Rath indicated that it had not heard from ION but would consider any objection or request ION made. Id.

On October 3, 2007, R.J. Murillo, Director of Business and Legal Affairs for ION, called Mr. Rath. Id. Mr. Murillo indicated that Bodog attorneys had contacted ION and that Bodog objected to the subpoena. Id. ION's sole concern was that the financial terms of the agreement with Bodog be kept confidential. Id. ION indicated that it had responsive documents and would provide them so long as the documents were kept confidential and that financial information be redacted or kept under seal if filed with the Court. Id. 1st Technology agreed to these terms. Id.

Later in the day on October 3, 2007, Mr. Murillo wrote an email to Mr. Rath indicating that ION was now unwilling to comply with the subpoena. Id; see also email, a true and correct copy of which is attached to exhibit 3 as exhibit A. In the email, Mr. Murillo indicated that "we have been informed that the above referenced subpoena is invalid and the defendants in this action plan to file a motion to quash the subpoena." See exhibit A to exhibit 3. The email also noted that ION's response to the subpoena would include a "Distribution and Marketing Agreement dated as of January 30, 2007." Id. Finally, the email asked that the terms and conditions be kept confidential. Id. As noted above, 1st Technology had already agreed to such confidentiality. See

1 exhibit 3.

2     It appears that Bodog counsel "persuaded" ION not to comply with 1st Technology's subpoena after the conference call between 1st Technology' counsel and ION on October 3rd. Id. Accordingly, only Bodog's counsel's influence is preventing ION's compliance with the legal subpoena. Id.

## 2. ANALYSIS

### A. 1st Technology's Subpoena is Valid and Proper

    Judgment creditors are permitted wide discovery rights. Pursuant to FRCP 69 ("Execution"):

> [T]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. **In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.**

FRCP 69 (emphasis added). 1st Technology therefore may engage in discovery as provided by the Federal Rules of Civil Procedure, including the issuance of subpoenas on non-parties pursuant to FRCP 45.[1]

    The Clerk of the Court for the Southern District of Florida instructed 1st Technology that its rules of practice required 1st Technology to first serve the Nevada subpoena on ION. See exhibit 2. Accordingly, 1st Technology adhered to the Clerk's directive and served the subpoena directly on ION. Id. Accordingly, Bodog's arguments concerning the validity of the subpoena are unconvincing.

    The subpoena is neither vague nor irrelevant. The subpoena requested documents relating to the defendants/judgment debtors in this action, Bodog Entertainment Group, S.A., Bodog.com, and Bodog.net. However, Bodog is believed to operate a legion of different businesses under the

---

[1] NRCP 69 similarly states that "In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules." NRCP 69.

1 "Bodog Entertainment Group, S.A." umbrella. While Bodog failed to answer 1st Technology's complaint and accordingly no discovery was performed on this issue, 1st Technology believes that Bodog has many subsidiaries, some of which may engage in contracts with third parties. Therefore, the subpoena requested contracts relating to the judgment debtors and other entities in the Bodog family. The request is neither vague nor difficult to comprehend. As discussed below, ION apparently understood the subpoena well enough to respond to it until Bodog's counsel muscled it into not complying. See exhibit 3.

Bodog's relevance arguments are flat wrong. As discussed above, FRCP 69 permits judgment creditors to "obtain discovery from **any person**, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." FRCP 69 (emphasis added). 1st Technology's subpoena is issued pursuant to this rule and its judgment against Bodog. The information is sought solely to discover what assets Bodog maintains that 1st Technology may collect. It has nothing to do with harassing a third-party. Again, ION did not claim it was under any harassment and was willing to produce the subpoenaed documents until Bodog's counsel prevented the production. See exhibit 3.

Likewise, the discovery sought is neither overbroad nor seeks proprietary or confidential information. Neither Bodog nor ION have demonstrated why the subpoena is overbroad or unduly burdensome. In fact, exhibit E to Bodog's opposition (exhibit A to exhibit 3 to his opposition) indicates that the responsive document is a single January 30, 2007 contract. Until ION indicates what is proprietary or confidential about the responsive document, 1st Technology cannot adequately respond to the argument. For purposes of this opposition, 1st Technology is willing to stipulate to a protective order if the responsive documents actually contain proprietary or confidential information.

**B.     Bodog Lacks Standing to Contest This Subpoena**

Bodog's arguments concerning the alleged burden on ION was misplaced because Bodog has no standing to raise that issue. Bodog only has standing to raise one objection on a subpoena to a non-party like ION: a privilege. Bodog's motion does not mention any privilege as a basis for

- 6 -

its desired relief.[2] Accordingly, it lacks standing and its motion should be denied.

"As a general matter, a party has no standing to seek to quash a subpoena directed to one who is not a party. However, a party may raise objections in situations where the party claims some personal right or privilege relating to the documents sought." Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York, 519 F.Supp. 668, 680 (D.C.Del. 1981); see also Green v. Sauder Mouldings, Inc., 223 F.R.D. 304, 306 (E.D. Va. 2004) ("A motion to quash should be made by the person or entity from whom or from which the documents or things are requested. Generally, a party to litigation has no standing to move to quash a third-party subpoena duces tecum unless the movant claims some personal right or privilege to the documents sought."); see also Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995) ("A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.")

Bodog does not assert a personal right or privilege in its motion. It merely asserts defenses applicable to ION. Accordingly, it lacks standing to bring this motion.

## C.  The Subpoena Is Not Untimely

Bodog's argument concerning untimeliness is incorrect because 1st Technology's subpoena is made pursuant to FRCP 69, not FRCP 26. FRCP 69 does not require a conference pursuant to FRCP 26. Moreover, Bodog purposely ignored 1st Technology's complaint and accordingly Rule 26's discovery planning mechanism was not enacted. Had Bodog chosen to answer the underlying complaint, the parties would have proceeded to a FRCP 26 conference. It failed to do so. The subpoena is valid pursuant to FRCP 69.

## D.  Bodog Improperly Interfered With The Subpoena

As explained above, ION intended to comply with 1st Technology's subpoena. See exhibit 3. As also explained above, Bodog has no standing to raise objections on ION's behalf because it does not assert personal rights or a privilege. However, Bodog intentionally interfered with ION's

---

[2] 1st Technology agreed to ION's proposed protective order and confidentiality stipulations. See exhibit 3.

- 7 -

voluntary compliance with the subpoena. Id. Its interference was improper and is another ground to deny its motion.

### 3. CONCLUSION

For the foregoing reasons, 1st Technology respectfully requests the Court deny Bodog's improper motion to quash.

DATED this 8th day of October, 2007.

        HUTCHISON & STEFFEN, LLC

        /s/ L. Kristopher Rath

        Mark A. Hutchison (4639)
        L. Kristopher Rath (5749)
        Hutchison & Steffen, LLC
        Peccole Professional Park
        10080 Alta Drive, Suite 200
        Las Vegas, Nevada 89145

        Venkat Balasubramani, Esq.
        Balasubramani Law
        8426 40th Avenue SW
        Seattle, Washington 98136

        Attorneys for Plaintiff
        1st TECHNOLOGY LLC

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC and that on this 8th day of October, 2007, I caused the above and foregoing document entitled: **PLAINTIFF 1ST TECHNOLOGY LLC'S OPPOSITION TO DEFENDANTS BODOG ENTERTAINMENT GROUP, S.A., BODOG.NET, AND BODOG.COM'S MOTION TO QUASH SUBPOENA** to be served via electronically through ECF/PACER to the attorneys listed below:

**Charles McCrea, Esq.**
Lionel, Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
*Counsel for Defendant Bodog Entertainment Group, S.A.*

**James D. Nguyen, Esq.**
Foley & Lardner, LLP
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
*Co-Counsel for Defendant Bodog Entertainment Group, S.A.*

**Andrew P. Gordon, Esq.**
McDonald Carano Wilson
2300 W Sahara Avenue
Suite 1000-10
Las Vegas, Nevada 89102
*Counsel for Defendant Rational Poker School Limited*

_____
An employee of Hutchison & Steffen, LLC