# EXHIBIT 1

Dockets.Justia.com

**ION Media Networks Announces Exclusive Programming Partnership with Bodog Entertainment**

ION Television to Launch New Late Night Programming Block

Business Wire, Feb 5, 2007

WEST PALM BEACH, Fla. -- ION Media Networks, Inc. (AMEX:ION) today announced an exclusive television alliance with Bodog Entertainment, the digital entertainment programmer known for its innovative multi-platform content and promotional approach. ION Television will be the exclusive nationwide U.S. television network bringing various original BodogTV programs to over 90 million television homes. The shows will include "BodogFight" and "Calvin Ayre Wildcard Poker," using the unique ION-Bodog alliance to enter two of today's most popular TV categories: mixed martial arts and celebrity reality contests.

"Having revitalized ION Television's more mainstream primetime content and ratings, we are now starting to focus on expanding other important dayparts, particularly 'late night,'" said Brandon Burgess, President and CEO of ION Media Networks. "Bodog's dynamic approach to creating and promoting innovative content is a great fit for attracting and serving the typically younger late night audience."

"This agreement with ION Media Networks marks a significant step for our TV productions," said Calvin Ayre, founder of Bodog Entertainment. "ION Television's nationwide broadcast reach is a perfect platform for us to connect with our growing audience of fans. We look forward to a great partnership."

Beginning February 13th, ION Television will run original episodes of "BodogFight: St. Petersburg" Tuesdays and Saturdays at 11 p.m. ET/PT. The series will lead up to a special event in Russia later this spring, featuring some of the biggest names in the world of mixed martial arts. To celebrate the TV launch, ION Television will air a "free-per-view" world broadcast premier special of "BodogFight: USA vs. Russia" on Saturday, February 17th from 8 to 11 p.m. ET/PT.

Bodog and ION Television will collaborate on advertising sales as well as marketing and promotion for the programming, with the launch being supported by a major consumer media and marketing campaign to promote the Bodog programs airing on the network. The campaign will run across traditional and electronic media and will capitalize on the popularity of mixed martial arts and celebrity poker television events. Following the successful introduction, the partners may contemplate expanding development and launching additional content formats targeted at young late night audiences.

About ION Media Networks

ION Media Networks, Inc. owns and operates the nation's largest broadcast television station group and ION Television, reaching over 90 million U.S. television households via its nationwide broadcast television, cable and satellite distribution systems. ION Television currently features popular television series and movies from the award-winning libraries of Warner Bros., Sony Pictures Television, CBS Television and NBC Universal. In addition, the network has partnered with RHI Entertainment, which owns over 4,000 hours of acclaimed television content, to provide high-quality primetime programming beginning July 2007. Utilizing its digital multicasting capability, ION Media Networks has launched several new digital TV brands, including qubo, a television and multimedia network for children formed in partnership with Scholastic, Corus Entertainment, Classic Media and NBC Universal, as well as a television and multimedia network dedicated to health and wellness for consumers and families. For more information, please visit www.ionmedia.tv.

About BodogTV.com

BodogTV.com is a division of the international digital entertainment giant Bodog Entertainment. With six offices worldwide, the company features a diverse and growing roster of television shows. These include BodogFIGHT (www.bodogfight.com), a mixed martial arts show, Bodog Battle of the Bands (www.BodogBattleoftheBands.com), a contest for a million dollar recording contract, and Calvin Ayre Wild Card Poker, a poker lifestyle reality show. Bodog Entertainment Founder Calvin Ayre, who is recognized as a world authority on branding in the digital entertainment industry, was featured on the cover of Forbes magazine's best-selling "Billionaires" issue in March 2006.

COPYRIGHT 2007 Business Wire
COPYRIGHT 2007 Gale Group

# EXHIBIT 2

# AFFIDAVIT OF DANETTE YOUNG

STATE OF NEVADA   )
                  ) ss.
COUNTY OF CLARK   )

I, DANETTE YOUNG, being first duly sworn, deposes and states as follows:

1. I am a legal assistant at the law firm of Hutchison & Steffen, LLC and am over the age of legal majority in the State of Nevada.

2. I assisted in preparing a Subpoena issued to ION Media Networks in West Palm Beach, Florida on behalf of Plaintiff 1st Technology LLC in Case No. 2:06-cv-1110-RLH-GWF. A true and correct copy of the Subpoena is attached hereto as Exhibit A.

3. Prior to preparing the Subpoena, on September 5, 2007, I contacted the United States District Court, Southern District of Florida, to ascertain that Court's procedure for issuing a Subpoena to an entity located in West Palm Beach, Florida. I explained to the Clerk of the Court that the entity was not a party to this litigation and that the litigation is currently pending in the United States District Court, District of Nevada.

4. The Clerk of the Court informed me that the Subpoena must be issued in the jurisdiction where the litigation is pending. Thereafter, we were to serve the Subpoena on the entity. If the entity did not comply with the Subpoena, we could then seek leave from the United States District Court, Southern District of Florida, by filing a Motion to Compel, a Civil Cover Sheet, and a filing fee of $39.00 with the Court.

5. On that same date, September 5, 2007, I retained a process server to serve the Subpoena on ION Media Networks in West Palm Beach, Florida. The process server received the Subpoena on September 7, 2007 and, on that same date, served Mr. Adam Weinstein, the Senior Vice President of ION Media Networks, personally. A true and correct copy of the process server's

///

1

affidavit is attached hereto as Exhibit B.

Further your affiant sayeth naught.

DATED this 8th day of October, 2007.

_____
DANETTE YOUNG

Sworn to and subscribed before me this 8th day of October, 2007.

_____
Notary Public

RACHEL EWING
Notary Public State of Nevada
No. 02-76172-1
My appt. exp. July 18, 2010

≋AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY LLC<br>V.<br>RATIONAL ENTERPRISES, LTDA., et al | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  2:06-cv-1110-RLH-GWF |

TO: ION MEDIA NETWORKS
     601 Clearwater Park Road
     West Palm Beach, Florida 33401

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attachment for list of documents and objects.

| PLACE | DATE AND TIME |
|---|---|
| Hutchison & Steffen, LLC located at Peccole Professional Park, 10080 W. Alta Drive, Suite 200, in Las Vegas, Nevada 89145 | 10/8/2007 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
L. Kristopher Rath, Esq., 10080 W. Alta Drive, Suite 200, Las Vegas, Nevada, 89145; Tel: (702) 385-2500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                          SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# **DOCUMENTS AND THINGS TO BE PRODUCED**

1. Please produce copies of all contracts that you have with Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog Entities.

2. Please produce copies of any and all documents showing all of your revenue as a result of your contracts with Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog Entities, including but not limited to, company account records, company state tax records, company federal tax records, company revenue quarterly records, company year-to-date revenue records, company bank account records, and payroll records.

3. Please produce copies of any and all documents evidencing all of your payments to Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog Entities, including but not limited to all company bank account records associated with said payments.

4. Please produce all documents related to and/or demonstrating the identity of the main company and Bodog contacts (both operationally and with final corporate responsibility) and the signatories to the contracts.

5. Please produce all documents related to any assets related to your contracts with Bodog Entertainment Group, S.A., Bodog.Com, Bodog.Net, and any other Bodog Entities, including but not limited to, master tapes, digital files, equipment, vehicles, airplanes, and the like utilized in contracting or in the staging, production, programming, or marketing of the associated program shows.

6. Please produce all ad contracts with Bodog Entertainment Group, S.A, Bodog.Com, Bodog.Net, and any other Bodog Entities showing all ads aired in the viewing slots of the programs or associated with the program or sales of the program and any promotional agreements pertaining to the programs or contracts.

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### District of Nevada

Case Number: 2:06-CV-1110-RLH-GWF

PLAINTIFF:
**1ST TECHNOLOGY LLC,**

vs.

DEFENDANT:
**RATIONAL ENTERPRISES, LTDA, et al.,**

For:
L. Christopher Rath
HUTCHISON & STEFFEN, LLC
10080 W. Alta Drive
#200
Las Vegas, NV 89145

Received by LEGAL PROCESS SERVICE on the 7th day of September, 2007 at 11:00 am to be served on **ION MEDIA NETWORKS, 601 CLEARWATER PARK ROAD, WEST PALM BEACH, FL 33401**.

I, Teresa R. Leonard, being duly sworn, depose and say that on the **7th day of September, 2007 at 3:45 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Subpoena in a Civil Case** with the date and hour of service endorsed thereon by me, to: **ADAM WEINSTEIN as SENIOR VICE PRESIDENT** for **ION MEDIA NETWORKS**, at the address of: **601 CLEARWATER PARK ROAD, WEST PALM BEACH, FL 33401**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the 15th Judicial Circuit in and for Palm Beach County, Florida.

Vickie J. Myers
MY COMMISSION # DD222859 EXPIRES
October 15, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

9/17/07

SUBSCRIBED AND SWORN TO BEFORE ME ON
the 13th day of September, 2007 BY THE AFFIANT
WHO IS PERSONALLY KNOWN TO ME.

NOTARY PUBLIC

Teresa R. Leonard
PBC 266

**LEGAL PROCESS SERVICE**
626 S. Eighth Street
Las Vegas, NV 89101
(702) 471-7255

Our Job Serial Number: 2007000866
Ref: 0709119

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9s

EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

1ST TECHNOLOGY LLC

V.

RATIONAL ENTERPRISES, LTDA., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06-cv-1110-RLH-GWF

TO: ION MEDIA NETWORKS
601 Clearwater Park Road
West Palm Beach, Florida 33401

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see attachment for list of documents and objects.

| PLACE: Hutchison & Steffen, LLC located at Peccole Professional Park, 10080 W. Alta Drive, Suite 200, In Las Vegas, Nevada 89145 | DATE AND TIME 10/8/2007 9:30 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
L. Kristopher Rath, Esq., 10080 W. Alta Drive, Suite 200, Las Vegas, Nevada, 89145; Tel: (702) 385-2600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Untitled (409).max

# EXHIBIT 3

## AFFIDAVIT OF L. KRISTOPHER RATH

STATE OF NEVADA     )
                    ) ss.
COUNTY OF CLARK     )

I, L. KRISTOPHER RATH, being first duly sworn, deposes and states as follows:

1. I am an attorney licensed to practice in the State of Nevada and am over the age of legal majority in the State of Nevada. I am a Partner with the law firm of Hutchison & Steffen, LLC, counsel of record for Plaintiff 1st Technology LLC.

2. On Tuesday, October 2, 2007, I received a telephone call from Uleses Henderson, Jr., an attorney representing the Defendant Bodog Entities in this action at the law firm of Foley & Lardner, LLP. Mr. Henderson asserted that the subpoena to ION Media Networks was premature and unnecessary and requested that the document production pursuant to that subpoena scheduled for October 8, 2007, be stayed until after the hearing on the Motion to Set Aside Default Judgment presently set for October 11, 2007. In response to Mr. Henderson, I replied that I had received no communications at that point from the party that had been subpoenaed, ION Media Networks. As the subpoenaed party had offered no objection to the subpoena, I indicated to Mr. Henderson that I did not see any reason why it could not go forward; however, if ION had an objection it wished to discuss with me, I was open to discussing it with the subpoenaed party. Also, I indicated that I would be willing to give ION some accommodation, should it require additional time to gather documents. However, I was unaware of any such request or need at that time.

3. The next day, October 3, 2007, I was contacted by R. J. Murillo, Director of Business and Legal Affairs at ION Media Networks. Mr. Murillo also informed me that his general counsel was present on our conference call. Mr. Murillo indicated to me that Bodog's lawyers had been in contact with them and that Bodog was objecting to the subpoena. The one issue that ION had with the subpoena was that it wanted to ensure that financial terms and the agreements they had with Bodog be kept confidential. However, the ION officials informed me that they had documents responsive to the subpoena. After some discussion, they indicated that they would be willing to provide us with these documents, as long as we agreed to keep them confidential and redact financial

1  terms or file documents under seal if the documents were used incorrect. I indicated we could agree
2  to such a confidentiality provision and they indicated that they could produce the documents subject
3  to such an agreement.
4      4.    I later received an email from Mr. Murillo, a true and correct copy of which is
5  attached to this affidavit as Exhibit A. At that time, Mr. Murillo implied that he now thought the
6  subpoena was invalid. Apparently, Bodog counsel had discussed the issue further with ION and
7  "persuaded" them not to comply with it. It appears the only reason that ION is now deciding not to
8  comply with the subpoena is that it had been unduly influenced by Bodog's counsel.
9      5.    In any event, ION had agreed to provide us with responsive documents pursuant to
10 certain confidentiality terms which Plaintiff is willing to accept. Thus, the subpoena document
11 production should proceed as scheduled, as the subpoenaed party has not objected to the production
12 of the documents.
13     Further your affiant sayeth naught.
14     DATED this __5th__ day of October, 2007.
15
16                                             L. KRISTOPHER RATH
17 Sworn to and subscribed before
18 me this 5th day of October, 2007.
19
20 Notary Public

**DANETTE YOUNG**
Notary Public, State of Nevada
Appointment No. 06-102395-1
My Appt. Expires Jan. 9, 2010

2

## L. Kristopher Rath

**From:** Murillo, Robert [RobertMurillo@ionmedia.tv]
**Sent:** Wednesday, October 03, 2007 2:57 PM
**To:** L. Kristopher Rath
**Cc:** Zand, Marc; Weinstein, Adam; Henderson Jr., Uleses C.; Nguyen, James D.
**Subject:** RE: RE: U.S. District Court of Nevada Subpoena re Bodog Document Production

Kristopher:

Following our conference call, please note that we have been informed that the above referenced subpoena is invalid and the defendants in this action plan to file a motion to quash the subpoena.

Depending on the outcome of that motion and in the event that a valid subpoena is served, we would expect that our response would include a copy of the Distribution and Marketing Agreement dated as of January 30, 2007 between Modern Remedies, S.A. on behalf of its clients (including Bodog Fight Club International S.A.) and ION ("Agreement").

As we discussed, ION requests that the terms and conditions of the Agreement be kept confidential and if required to be produced in any proceeding, that the financial terms be redacted or filed under seal. Please let us know if the foregoing is acceptable to you and your client.

Thank you,

R.J. Murillo
Director of Business & Legal Affairs
ION Media Networks
601 Clearwater Park Road
West Palm Beach, FL 33401
Phone: 561-682-4211
Fax: 561-659-4754
E-mail: rjmurillo@ionmedia.tv



EXHIBIT A

10/4/2007