1   Mark A. Hutchison (4639)
    L. Kristopher Rath (5749)
2   Hutchison & Steffen, LLC
    Peccole Professional Park
3   10080 Alta Drive, Suite 200
    Las Vegas, Nevada 89145
4   Telephone:  (702) 385-2500
    Facsimile:  (702) 385-2086
5
    William W. Flachsbart
6   Flachsbart & Greenspoon, LLC
    53 W. Jackson Blvd., Suite 652
7   Chicago, Illinois 60604
8   Attorneys for Plaintiff
    1st TECHNOLOGY LLC
9

10                UNITED STATES DISTRICT COURT

11                     DISTRICT OF NEVADA

12   1ST TECHNOLOGY LLC,              )   2:06-cv-01110-RLH-GWF
                                      )
13              Plaintiff,            )   **PLAINTIFF 1ST TECHNOLOGY**
                                      )   **LLC'S MOTION FOR SANCTIONS**
14         v.                         )   **AGAINST DEFENDANTS BODOG**
                                      )   **ENTERTAINMENT GROUP, S.A.,**
15   RATIONAL ENTERPRISES LTDA.,      )   **BODOG.COM, AND BODOG.NET,**
     RATIONAL POKER SCHOOL LIMITED,   )   **FOR AN ORDER TO SHOW CAUSE**
16   BODOG ENTERTAINMENT GROUP        )   **TO HOLD DEFENDANTS IN**
     S.A., BODOG.NET, BODOG.COM, and  )   **CONTEMPT, AND RENEWED**
17   FUTUREBET SYSTEMS LTD.,          )   **REQUEST FOR SANCTIONS**
                                      )   **AGAINST COUNSEL FOR**
18              Defendants.           )   **DEFENDANTS**
                                      )
19   _____)

20        Plaintiff, 1ST TECHNOLOGY LLC (hereinafter "1st Technology"), by and through its

21   counsel of record, HUTCHISON & STEFFEN, LLC, moves for sanctions against Defendants,

22   BODOG ENTERTAINMENT GROUP S.A.; BODOG.NET; and BODOG.COM (hereinafter

23   referred to as the "Bodog Entities"), including an order to show cause why the Bodog Entities and

24   their directors, officers, managers, owners, and the person(s) directing the Bodog Entities' counsel

25   not to provide the discovery materials as ordered by the Court should not be ordered to appear

26   before this Court and be held in contempt or else face a bench warrant for their arrest. The Bodog

27   Entities failed to comply with the Court's Order (#142) granting 1st Technology's Motion to

28   Compel, which required the Bodog Entities to "provide substantive responses to 1st Technology's

1  written discovery requests on or before April 21, 2008." Accordingly, sanctions should be issued

2  against the Bodog Entities, including monetary penalties, an order striking all of defendants' past

3  and future pleadings and other filings, defenses, and evidence, an order holding the Bodog Entities

4  and all of their corporate officers and the person(s) directing counsel for the Bodog Entities to not

5  provide the discovery materials ordered by the Court to appear before the Court and be held in

6  contempt or else face a bench warrant for their arrest, and an award of attorneys' fees in 1st

7  Technology's behalf against the Bodog Entities and their counsel.

8      This motion is brought pursuant to FRCP 37 and the attached affidavit of Kevin M.

9  Sutehall.

10     DATED this _____ day of May, 2008.

HUTCHISON & STEFFEN, LLC

Mark A. Hutchison (4639)
L. Kristopher Rath (5749)
Hutchison & Steffen, LLC
Peccole Professional Park
10080 Alta Drive, Suite 200
Las Vegas, Nevada 89145

William W. Flachsbart
Flachsbart & Greenspoon, LLC
53 W. Jackson Blvd., Suite 652
Chicago, Illinois 60604

Attorneys for Plaintiff
1st TECHNOLOGY LLC

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION AND FACTUAL BACKGROUND

This motion deals with the defendant Bodog Entities' failure to comply with the Court's April 8, 2008 Order granting 1st Technology's Motion to Compel Discovery Responses. *See* Order (#142), a true and correct copy of which is attached hereto as Exhibit 1. The time for the Bodog Entities to supplement their discovery responses came and went, and the Bodog Entities failed to do so.

1st Technology moved to compel discovery responses against the Bodog Entities on February 25, 2008. *See* Motion (#126), on file. The Bodog Entities opposed the Motion on March 19, 2008. See Opposition (#135). 1st Technology filed a reply brief on April 1, 2008. *See* Reply (#139). The Court issued a written Order on April 8, 2008. *See* Exhibit 1.[1] In its Order, the Court detailed the grounds for granting 1st Technology's motion. *Id.* It ordered that "the Bodog Entity Defendants shall provide substantive responses to 1st Technology's written discovery requests on or before April 21, 2008." *Id.*

April 21st came and went, and 1st Technology did not receive any substantive responses from the Bodog Entities or any communication from their counsel requesting an extension. *See* affidavit of Kevin M. Sutehall, attached hereto as Exhibit 2. On May 2, 2008, counsel for 1st Technology contacted Bodog attorney Victor de Gyarfas, who again repeated that he lacked "authority" to make respond to 1st Technology's discovery requests and to make the ordered productions. *Id.* Mr. de Gyarfas said he had not advised the Bodog Entities not to comply with the Court's order. *Id.* However, Mr. de Gyarfas refused to disclose who was denying him such authority, and did not say whether he had advised the Bodog Entities to answer the written discovery requests. *Id.*[2] Accordingly, 1st Technology moves for an order sanctioning the Bodog

---

[1] 1st Technology incorporates by reference all of the filings concerning its motion to compel and the Court's order and does not repeat all of those arguments here.

[2] During the call, Mr. de Gyarfas said his firm plans to ask the Court's permission for it to withdraw as counsel for the Bodog Entities. 1st Technology hereby puts the Bodog Entities' counsel on notice of their duty to retain and not destroy all of the documents and other evidence they received from the Bodog Entities. 1st Technology will consider any destruction or disposal of Court-ordered documents and evidence to be in violation of the Court's order and therefore complicit with the Bodog Entities' contempt.

HUTCHISON & STEFFEN

A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145

1   Entities and their counsel for their noncompliance with the Court's order and for certification of

2   facts to hold the Bodog Entities and their corporate representatives in contempt.  1st Technology

3   also requests that the Court direct counsel for the Bodog Entities to deliver to the Court or to 1st

4   Technology all documents and other items that are responsive to 1st Technology's written

5   discovery requests.

6   **2.     LEGAL ARGUMENT**

7        **A.     Law Governing Sanctions for Failure to Adhere to a Court's Order**

8            FRCP 37(b)(2) governs a party's failure to comply with a Court order.  That provision

9   states, in relevant part, as follows:

10           (2) Sanctions in the District Where the Action Is Pending.

11           (A) For Not Obeying a Discovery Order. If a party or a party's officer,
             director, or managing agent--or a witness designated under Rule 30(b)(6)
12           or 31(a)(4)--fails to obey an order to provide or permit discovery,
             including an order under Rule 26(f), 35, or 37(a), the court where the
13           action is pending may issue further just orders. They may include the
             following:

14           (i) directing that the matters embraced in the order or other designated
15           facts be taken as established for purposes of the action, as the prevailing
             party claims;

16           (ii) prohibiting the disobedient party from supporting or opposing
17           designated claims or defenses, or from introducing designated matters in
             evidence;

18
             (iii) striking pleadings in whole or in part;
19
             (iv) staying further proceedings until the order is obeyed;
20
             (v) dismissing the action or proceeding in whole or in part;
21
22           (vi) rendering a default judgment against the disobedient party; or

23           (vii) treating as contempt of court the failure to obey any order except an
             order to submit to a physical or mental examination.

24           . . .

25           (C) Payment of Expenses. Instead of or in addition to the orders above,
             the court must order the disobedient party, **the attorney advising that**
26           **party, or both** to pay the reasonable expenses, including attorney's fees,
             caused by the failure, unless the failure was substantially justified or other
27           circumstances make an award of expenses unjust.

28   FRCP 37(b) (emphasis added).

- 4 -

1    **B.    Sanctions Should be Entered Against the Bodog Entities**

2         This is an unusual case because the Bodog Entities never answered 1st Technology's

3    complaint, a default judgment was entered against them, and the case has proceeded to post-

4    judgment discovery.[3]   For that reason, several of the punitive measures under FRCP 37(b)(2)(A)

5    would be ineffective to sanction the Bodog Entities.   For example, the following remedies

6    would not punish the Bodog Entities or help 1st Technology: "staying further proceedings until

7    the order is obeyed"; "dismissing the action or proceeding in whole or in part"; or "rendering a

8    default judgment against the disobedient party." FRCP 37(b)(2)(A)(iv), (v), and (vi).   1st

9    Technology does not request those remedies here.

10        1st Technology respectfully requests that the Court invoke the other remedies under

11   FRCP 37(b)(2)(A), including: "prohibiting the disobedient party from supporting or opposing

12   designated claims or defenses, or from introducing designated matters in evidence"; and

13   "striking pleadings in whole or in part."   FRCP 37(b)(2)(A)(ii) and (iii).   As discussed below, 1st

14   Technology also seeks certification of the facts constituting the Bodog Entities' contempt to the

15   District Court.

16        1st Technology respectfully requests that the Bodog Entities be prohibited from

17   "supporting or opposing designated claims or defenses, or from introducing designated matters

18   in evidence," as such claims or defenses or evidence was presented in the past or the future.

19   FRCP 37(b)(2)(A)(ii).   In other words, the Bodog Entities should not be permitted to assert any

20   defenses or present any evidence until they comply with the Court's order.   The Bodog Entities

21   have not shown themselves to respect the Court's authority, and this sanction will shut down the

22   Bodog Entities' tactic of cherry picking instances when they want to present arguments to the

23   Court.

24        1st Technology also respectfully requests that the Court strike all of the Bodog Entities

25   past and future pleadings and all other filings in whole.   FRCP 37(b)(2)(A)(iii).   Until the Bodog

26   Entities actively participate in discovery, they should be barred from presenting any arguments,

27   _____

28        [3] The Bodog Entities appealed the Court's default judgment and the order denying their
     motion to set aside the default judgment, but there is no order to stay execution in place.

HUTCHISON & STEFFEN

A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145

1  filing any documents, or otherwise defending themselves.  Moreover, all of their prior filings

2  should be stricken.

3       Finally, 1st Technology requests that the Bodog Entities and their counsel, Foley Lardner,

4  be held jointly and severally liable for 1st Technology's attorneys' fees.  Pursuant to FRCP

5  37(b)(2)(C), "instead of or in addition to the orders above, the court must order the disobedient

6  party, *the attorney advising that party*, or both to pay the reasonable expenses, including

7  attorney's fees, caused by the failure, unless the failure was substantially justified or other

8  circumstances make an award of expenses unjust."  FRCP 37(b)(2)(C) (emphasis added).

9  Notably, the rule does not require that counsel for the disobedient party advise their client to

10  disobey the order.  Instead, it merely states that the attorney who is "advising" the party can be

11  ordered to pay such fees.

12       1st Technology requested an award of its fees and costs against both the Bodog Entities

13  and their counsel when it moved to compel discovery responses.  *See* Motion to Compel (#126),

14  on file.  The Court elected not to enter an award of fees and costs against the Bodog Entities'

15  counsel at the time, ruling that "at this time, the Court declines to award expenses against

16  Defendants' counsel, although it cautions Defendants' counsel that they may be subject to

17  sanctions, including an award of Plaintiff's expenses, if they assert groundless objections on

18  behalf of Defendants to proper discovery requests and/or motions."  *See* Exhibit 1.

19       Under FRCP 37(b)(2)(C), it is undisputed that the Bodog Entities "must" be ordered to

20  "pay the reasonable expenses, including attorney's fees."  The Court also possesses authority to

21  order the Bodog Entities' counsel to pay those fees.  FRCP 37(b)(2)(C).  Counsel for the Bodog

22  Entities is presumably being paid very well to advise their clients in this matter.[4]  Whatever

23  advice counsel for the Bodog Entities has given, that advice has resulted in the Bodog Entities'

24  blatant defiance of the Court's order.  Under FRCP 37(b)(2)(C), the content of counsel's advice

25  to a disobedient client is irrelevant; instead, the rule says that "*the attorney advising that party*,"

26  can be ordered to pay the "attorney's fees . . . caused by the failure."  FRCP 37(b)(2)(C)

---

28  [4] While, at the same time, the Bodog Entities have paid nothing to satisfy the judgment against them.

HUTCHISON & STEFFEN

A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145

1 (emphasis added). It is undisputed that Mr. de Gyarfas and Foley Lardner are "advising" the

2 Bodog Entities (whatever advice they are giving), they can and should be ordered to pay 1st

3 Technology's attorneys' fees.

4      As a preliminary matter, the Bodog Entities' counsel should be required to identify, with

5 or without disclosing privileged communications, who from the Bodog Entities is ordering them

6 to defy the Court's order. The Bodog Entities' counsel have repeatedly stated that they lack

7 authority to comply with discovery. *See* Exhibit 2. However, counsel for the Bodog Entities

8 has refused to disclose: (1) who is denying them of "authority" to comply with the Court's

9 order; and (2) whether they – counsel – have advised the Bodog Entities to comply with the

10 order. Counsel for the Bodog Entities should explain why exactly their clients are in contempt

11 of the Court.

12      Authority exists to impose such monetary sanctions against both the Bodog Entities and

13 Foley Lardner and Mr. de Gyarfas. FRCP 37(b)(2)(C). There is no justification or

14 circumstances excusing the Bodog Entities' refusal to adhere to the Court's order. The Bodog

15 Entities' and their counsel Foley Lardner should be ordered to pay 1st Technology's reasonable

16 attorneys' fees.

17     **C.**    **The Matter Should be Referred to the District Court for Contempt Charges**

18      Pursuant to FRCP 37(b)(2)(A)(vii), "if a party or a party's officer, director, or managing

19 agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide

20 or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action

21 is pending may issue further just orders. They may include the following: . . . treating as

22 contempt of court the failure to obey any order except an order to submit to a physical or mental

23 examination." FRCP 37(b)(2)(A)(vii). Here, an order holding in contempt the Bodog Entities,

24 and all of their officers, directors, and managing agents, and the person(s) directing counsel for

25 the Bodog Entities to not provide the discovery materials ordered by the Court should issue.

26      This Court has noted that "pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge is

27 required to refer contempt charges to the District Court and is required to certify the facts to a

28 district judge and may serve or cause to be served on the party subject to contempt an order

HUTCHISON & STEFFEN

A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145

requiring such person to appear before the district judge on a date certain to show cause why

that person should not be adjudged by reason of the facts so certified." *Koninklike Phillips*

*Electronics N.V. v. KXD Technology, Inc.*, 2007 WL 3101248, *13 (D. Nev. 2007)(slip copy).

28 U.S.C. § 636(e)(6) states that

> (6) Certification of other contempts to the district court.--Upon the commission of any such act--
>
> (A) in any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, or in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, that may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection, or
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--
>
> (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
>
> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>
> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

1st Technology respectfully requests that the Magistrate Judge certify facts to the District

Judge requiring the Bodog Entities, through one or more corporate representatives who are

responsible for the Bodog Entities' illegalities, to appear to show cause why they should not be

held in contempt for their failure to adhere to the Order granting 1st Technology's motion to

- 8 -

1  compel.[5]  At that time, 1st Technology requests the opportunity to present evidence and request

2  that the Bodog Entities and their representatives be held in contempt.

3  **3.      CONCLUSION**

4        For the foregoing reasons, the Bodog Entities should be sanctioned for their failure to

5  adhere to the Court's order granting 1st Technology's motion to compel, and the Court should

6  certify the matter to the District Court to hold the Bodog Entities and their corporate officers,

7  directors, managers, and/or owners in contempt.

8        DATED this 2nd day of May, 2008.

9

10                                              HUTCHISON & STEFFEN, LLC

11

12                                              Mark A. Hutchison (4639)
                                                L. Kristopher Rath (5749)
13                                              Hutchison & Steffen, LLC
                                                Peccole Professional Park
14                                              10080 Alta Drive, Suite 200
                                                Las Vegas, Nevada 89145
15

16                                              William W. Flachsbart
                                                Flachsbart & Greenspoon, LLC
17                                              53 W. Jackson Blvd., Suite 652
                                                Chicago, Illinois 60604
18

19                                              Attorneys for Plaintiff
                                                1st TECHNOLOGY LLC

20

21

22

23

24  _____

25        [5] Attached to this motion as exhibit 3 are true and correct copies of lists of officers and
    directors of both defendant Bodog Entertainment Group, S.A., and Domain Name & Data Entry,
26  S.A., the name Bodog Entertainment Group claims it now operates under.  *See* Notice of Name
    Change, on file (#123).  1st Technology believes that defendant Bodog.com operates as a d/b/a of
27  an entity called Bodog IP Holdings. Accordingly, 1st Technology respectfully request that the Court
    order all of the corporate officers of both Bodog Entertainment Group, S.A., and Domain Name
28  & Data Entry, S.A., and Bodog IP Holdings to appear and be held in contempt.

**CERTIFICATE OF SERVICE**

Pursuant to L-R 5, I certify that I am an employee of HUTCHISON & STEFFEN, LLC

and that on this 2nd day of May, 2008, I caused the above and foregoing document entitled:

**PLAINTIFF 1ST TECHNOLOGY LLC'S MOTION FOR SANCTIONS AGAINST**

**DEFENDANTS BODOG ENTERTAINMENT GROUP, S.A., BODOG.COM, AND**

**BODOG.NET, FOR AN ORDER TO SHOW CAUSE TO HOLD DEFENDANTS IN**

**CONTEMPT, AND RENEWED REQUEST FOR SANCTIONS AGAINST COUNSEL**

**FOR DEFENDANTS** to be served via electronically through ECF/PACER to the attorneys

listed below:

**Charles McCrea, Esq.**
Lionel, Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
*Counsel for Defendants*
*Bodog Entertainment Group, S.A.,*
*Bodog.Net, and Bodog.Com*

**James D. Nguyen, Esq.**
Foley & Lardner, LLP
2029 Century Park East, 35th Floor
Los Angeles, California  90067-3021
*Counsel for Defendants*
*Bodog Entertainment Group, S.A.,*
*Bodog.Net, and Bodog.Com*

**Victor S. de Gyarfas, Esq.**
Foley & Lardner, LLP
555 South Flower Street, Suite 3500
Los Angeles, California  90071
*Counsel for Defendants*
*Bodog Entertainment Group, S.A.,*
*Bodog.Net, and Bodog.Com*

- 10 -

1   **Andrew P. Gordon, Esq.**
  McDonald Carano Wilson
2   2300 W Sahara Avenue
  Suite 1000-10
3   Las Vegas, Nevada 89102
  *Counsel for Defendant Rational Poker School Limited*

4

5

6   An employee of Hutchison & Steffen, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUTCHISON & STEFFEN

A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145

# EXHIBIT 1

1
2
3
4
5               **UNITED STATES DISTRICT COURT**
6                     **DISTRICT OF NEVADA**
7
8    1ST TECHNOLOGY, LLC,                        )
9                              Plaintiff,        )      Case No.  2:06-cv-01110-RLH-GWF
10   vs.                                         )      **ORDER**
11   RATIONAL ENTERPRISES LTDA, et al.,          )      **Motion to Compel - #126**
12                              Defendants.      )
13   _____     )

14          This matter is before the Court on Plaintiff 1st Technology LLC's Motion to Compel Discovery

15   Responses Against Defendants Bodog Entertainment Group, S.A., Bodog.com and Bodog.net (#126)

16   filed February 25, 2008; Defendants' Opposition to Plaintiff's Motion to Compel (#135), filed March

17   19, 2008; and Plaintiff 1st Technology LLC's Reply in Support of its Motion to Compel (#139), filed

18   April 1, 2008.  The Court conducted a hearing in this matter on April 4, 2008.[1]

19                                    **DISCUSSION**

20          Plaintiff has moved to compel Defendants to provide responsive answers to interrogatories and

21   responses to requests for production of documents which Plaintiff has served in aid of execution of their

22   judgment pursuant to Fed.R.Civ.Pro. 69(b).  In response to Plaintiff's discovery, Defendants asserted

23   numerous boilerplate objections and also objected to the interrogatories on the grounds that the number

24   of interrogatories, including subparts, exceed the authorized number of 25 interrogatories under

25   Fed.R.Civ.Pro. 33(a).  Defendants also opposed Plaintiff's motion to compel on the grounds that

26   Plaintiff did not adequately meet and confer with Defendants' counsel in an attempt to resolve the

27
28   _____

            [1]Plaintiff's counsel submitted a proposed order to the Court.  Although the Court incorporates
     portions of that order, it hereby enters its own order in this matter.

dispute without the need for court action.  In response to Plaintiff's discovery requests, Defendants provided no answers to interrogatories and produced no responsive documents.  Defendants have not provided privilege logs regarding allegedly privileged documents or information with their discovery responses or in opposition to the motion.  Additionally, Defendants' counsel has stated in response to the motion, that he has not been authorized by the Defendants to provide substantive responses to Plaintiff's discovery requests.  Under these circumstances, the Court finds that Plaintiff's attempt to meet and confer with Defendants' counsel prior to filing the motion complies with the requirements of Rule 37 and the decision in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D.Nev. 1996).  The Court has also reviewed Plaintiff's interrogatories and concludes that the number, including independent or separate subparts, within the meaning of *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997), does not exceed the authorized limit.

Defendants have also objected to Plaintiff's discovery requests to the extent they seek confidential proprietary business information or private information regarding Defendants' employees. Defendants previously submitted a proposed protective order to Plaintiff, which the latter declined to accept.  Defendants have not, however, formally moved the Court for entry of a protective order.  As the Court has previously stated in this case, the scope of discovery of a judgment debtor pursuant to Rule 69(b) is broad due to the need for the judgment creditor to obtain a broad range of information to identify and locate assets for purposes of executing its judgment. *See Scioto Construction, Inc. v. Morris*, 2007 WL 108906 (W.D. Tenn. 2007); *Fuddruckers, Inc. v. KCOB I, L.L. C.,* 31 F.Supp.2d 1274, 1278 (D.Kan.1998); *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.* 200 F.R.D. 586, 588 (W.D.Tex.2000); and *Securities and Exchange Com'n v. Tome,* No. 81 CIV. 1836(MP), 1987 WL 9415, * 1 (S.D.N.Y. Apr. 3, 1987).  The discovery requests propounded by Plaintiff appear to be directed toward those efforts.  A limited protective order to prevent the disclosure of Defendants' confidential proprietary information, trade secrets or private information regarding its employees to third parties who have no interest in this litigation or Plaintiff's efforts to execute its judgment is, however, warranted.

Fed.R.Civ.Pro. 37(a)(5)  provides that if a motion to compel discovery responses is granted, the court must, after giving the opposing party an opportunity to be heard, grant the movant's reasonable

2

1   expenses incurred in making the motion, including attorney's fees.  The court, however, must not order

2   this payment, if the movant filed the motion before attempting in good faith to obtain disclosure or

3   discovery without court action, the opposing party's non-response was substantially justified, or other

4   circumstances make an award of fees unjust.  As indicated above, the Defendants have, for the most

5   part, asserted improper boilerplate objections, have not provided any substantive discovery responses,

6   have not provided privilege logs and, according to Defendants' counsel, have not authorized him to

7   provide substantive discovery responses.  The Court therefore finds that Plaintiff adequately fulfilled its

8   obligations to meet and confer, that Defendants' failure to respond by providing any information is not

9   substantially justified, and there are no other circumstances that would make an award of expenses

10  unjust.  Plaintiff has also requested that the Court award expenses against Defendants' counsel based on

11  their assertion of improper objections on behalf of Defendants and their acknowledgment that they have

12  not been authorized by their client to provide discovery responses.  At this time, the Court declines to

13  award expenses against Defendants' counsel, although it cautions Defendants' counsel that they may be

14  subject to sanctions, including an award of Plaintiff's expenses, if they assert groundless objections on

15  behalf of Defendants to proper discovery requests and/or motions.  *See* Fed.R.Civ.Pro. 26(g).

16      Accordingly,

17      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#126) is **granted** as follows:

18      1.     The Bodog Entity Defendants shall provide substantive responses to 1st Technology's

19  written discovery requests on or before April 21, 2008.  The Court hereby overrules Defendants'

20  objections to the discovery requests on the ground that Defendants have failed to reasonably

21  demonstrate the validity of such objections.

22      2.     Defendants' discovery responses shall be subject to the following limited protective

23  order to which Plaintiff, its attorneys and other agents shall be subject:

24      Plaintiff, its counsel, agents and representatives shall not disclose the information contained in

25  Bodog Entities' responses and/or any documentation the Bodog Entities provide to any third party

26  except as otherwise provided herein or as may hereafter be authorized by court order.  This order shall

27  not restrict Plaintiff from undertaking any and all proper efforts to execute on its judgment against the

28  Defendant Bodog Entities by disseminating the subject information to Plaintiff's agents and

3

1   representatives, such as its private investigators or others involved in judgment collection activities.

2       3.    The Court awards 1st Technology its reasonable attorney's fees and costs incurred in

3   filing this motion pursuant to FRCP 37(a)(5) subject to the following:

4          (a)    Counsel for Plaintiff shall, no later than 15 days from entry of this order, serve

5   and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's

6   fees and costs incurred in the motion addressed in this order. The memorandum shall provide a

7   reasonable itemization and description of the work performed, identify the attorney(s) or other staff

8   member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work,

9   and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit

10  shall authenticate the information contained in the memorandum, provide a statement that the bill has

11  been reviewed and edited, and a statement that the fees and costs charged are reasonable.

12         (b)    Counsel for Defendants Bodog Entities shall have 15 days from service of the

13  memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the

14  reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for

15  the court to consider in determining the amount of costs and fees which should be awarded.

16         (c)    Counsel for Plaintiff shall have 11 days from service of the responsive

17  memorandum in which to file a reply.

18      DATED this 8th day of April, 2008.

19

20  GEORGE FOLEY, JR.
    United States Magistrate Judge

21

22

23

24

25

26

27

28

4

# EXHIBIT 2

**AFFIDAVIT OF KEVIN M. SUTEHALL**

STATE OF NEVADA )
                     ) ss.
COUNTY OF CLARK )

I, Kevin M. Sutehall, being first duly sworn, depose and say:

1.     I am an attorney with the law firm of Hutchison & Steffen, LLC, counsel of record for the plaintiff/judgment creditor in this case, 1st Technology LLC.

2.     I am fully knowledgeable about all matters except for those facts made on information and belief, and as to those facts, I believe them to be true.

3.     I make this affidavit in support of 1st Technology's motion for sanctions against defendants, for an order to show cause to hold defendants in contempt, and for sanctions against defendants' counsel.

4.     On April 8, 2008, this Court entered an Order granting 1st Technology's Motion to Compel Discovery Responses (#142).

5.     The Order held that "the Bodog Entity Defendants shall provide substantive responses to 1st Technology's written discovery requests on or before April 21, 2008." *See* Order, a true and correct copy of which is attached hereto as Exhibit 1.

6.     April 21st came and went and 1st Technology did not received substantive responses from the Bodog Entities.

7.     Accordingly, 1st Technology moves here for sanctions and an order to show cause pursuant to FRCP 37(b)(2).

8.     I spoke to Victor de Gyarfas, counsel for the Bodog Entities, the morning of May 2, 2008. I asked Mr. de Gyarfas if the Bodog Entities intended to produce information and documents pursuant to the Court's April 8, 2008 order. Mr. de Gyarfas said he still lacked authority to provide the responses. Mr. de Gyarfas refused to tell me who in particular was denying him the authority to comply with the Court's order.

9.     Mr. de Gyarfas said he did not instruct his clients to not comply with the Court's order. However, Mr. de Gyarfas did not confirm that he has advised his clients to comply with the order. Mr. de Gyarfas requested that 1st Technology not move for sanctions against him

1  again.

2      10.    Mr. de Gyarfas told me that his firm intends to move to withdraw as counsel for

3  the Bodog Entities soon.  Counsel for 1st Technology was electronically served the motion to

4  withdraw minutes before filing this motion.

5      11.    Mr. de Gyarfas's advice to his clients, whatever it has been, has not resulted in

6  compliance with the Court's order.

7      12.    I have reviewed all of the exhibits to this motion and can verify that they are

8  true and correct copies of what they purport to be.

9      DATED this ＿2nd＿ day of May, 2008.

10

11

12                                    KEVIN M. SUTEHALL

13  SUBSCRIBED AND SWORN to before
    me this  2nd day of May, 2008.
14

15  _____
    Notary Public
16

17                JAMIE L. SCHULTZ
                Notary Public State of Nevada
18                   No. 02-77748-1
                My appt. exp. Nov. 2, 2010
19

20

21

22

23

24

25

26

27

28

- 2 -

# EXHIBIT 3

N° 2762231



**REGISTRO NACIONAL**
REPUBLICA DE COSTA RICA

**REPUBLICA DE COSTA RICA**
**REGISTRO NACIONAL**
**CERTIFICACION LITERAL**
**NUMERO DE CERTIFICACION: *-*569101-2007*-***
**PERSONA JURIDICA: 3-101-351874**

---

### DATOS GENERALES

**RAZON SOCIAL O DENOMINACION:** BODOG ENTERTAINMENT GROUP SOCIEDAD ANONIMA
**ESTADO ACTUAL:** INSCRITA
**CITAS DEL ANTECEDENTE:** TOMO:1716 FOLIO:248 ASIENTO:00242
**DOCUMENTO ORIGEN:** TOMO: 522 ASIENTO: 14893 FECHA INSCRIPCION: 26/08/2004
**DOMICILIO:** SAN JOSE- SAN JOSE AVENIDA TRECE Y QUINCE, CALLE TREINTA Y TRES, CASA MIL TRESCIENTOS TREINTA Y DOS.
**OBJETO/FINES (SINTESIS):** SERVICIOS EXTERNO DE ADMINISTRACION CONTABLE Y FINANCIERA,COMERCIO, AGRICULTURA, GANADERIA, TURISMO, PODRA VENDER, HIPOTECAR, PIGNORAR, ADQUIRIR BIENES MUEBLES E INMUEBLES, ARRENDARLOS, GRAVARLOS, OTORGAR GARANTIAS REALES O FIDUCIARIAS.-
**PLAZO DE LA ENTIDAD JURIDICA:** INICIO: 30/07/2003 VENCIMIENTO: 30/07/2102

### CONFORMACION DEL CAPITAL O PATRIMONIO

**FECHA DE INSCRIPCION:** 26/08/2004 **TIPO DE CAPITAL:** SUSCRITO Y PAGADO **TIPO DE MONEDA:** COLONES
**CLASE DE ACCION O TITULO:** ACCIONES COMUNES Y NOMINATIVAS
**CANTIDAD TITULOS:** 100 MONTO: 1,000.00 **TOTAL:** 100,000.00

**NO EXISTEN MAS REGISTROS DE CAPITAL/PATRIMONIO PARA LA PERSONA JURIDICA**

### A D M I N I S T R A C I O N

**PLAZO DE DIRECTORES Y/O PRORROGAS:** JUNTA DIRECTIVA, FISCAL Y AGENTE RESIDENTE, DURARAN EN SUS CARGOS POR TODO EL PLAZO SOCIAL
**LA JUNTA DIRECTIVA NO TIENE FACULTAD PARA OTORGAR PODERES**

### R E P R E S E N T A C I O N

CORRESPONDE AL PRESIDENTE, LA REPRESENTACION JUDICIAL Y EXTRAJUDICIAL DE LA SOCIEDAD CON FACULTADES DE APODERADO GENERALISIMO CON LIMITE DE SUMA DE DOS MIL DOLARES Y TENDRA FACULTADES DE APODERADO GENERALISIMO SIN LIMITE DE SUMA CUANDO EXPRESAMENTE ASI LO AUTORICE LA ASAMBLEA GENERAL DE SOCIOS. TENDRA LAS FACULTADES DE OTORGAR PODERES SUSTITUIR SU MANDATO EN TODO EN PARTE REVOCAR SUSTITUCIONES Y HACER OTRAS DE NUEVO RESERVANDOSE O NO SU EJERCICIO DEL PODER SUSTITUIDO.

### N O M B R A M I E N T O S
#### JUNTA DIRECTIVA

**FECHA DE INSCRIPCION:** 07/08/2006 **CARGO:** PRESIDENTE
**OCUPADO POR:** GERARDO ALBERTO UMAÑA JUAREZ CEDULA DE IDENTIDAD 1-0826-0545
**REPRESENTACION:** REPRESENTACIÓN JUDICIAL Y EXTRAJUDICIAL
**VIGENCIA:** INICIO 20/01/2006 **VENCIMIENTO** 30/07/2102

**FECHA DE INSCRIPCION:** 07/08/2006 **CARGO:** SECRETARIO
**OCUPADO POR:** DAVID FERGUSON PASAPORTE JK 370972
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 20/01/2006 **VENCIMIENTO** 30/07/2102

**FECHA DE INSCRIPCION:** 01/02/2007 **CARGO:** TESORERO
**OCUPADO POR:** MARIO CHAVEZ SALAS CEDULA DE IDENTIDAD 1-0227-0419
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 14/11/2006 **VENCIMIENTO** 30/07/2102

**NO EXISTEN MAS NOMBRAMIENTOS EN JUNTA DIRECTIVA**

**NOMBRAMIENTOS U OTROS CARGOS DE LA PERSONA JURIDICA**

ABRIL 2007

Nº 2762232

**FECHA DE INSCRIPCION:** 01/02/2007 **CARGO:** AGENTE RESIDENTE
**OCUPADO POR:** SILVIA ALEJANDRA DIAZ SOLANO CEDULA DE IDENTIDAD 1-0622-0857
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 14/11/2006 **VENCIMIENTO** 30/07/2102
OFICINA: SAN JOSE, BUFETE NIEHAUS ABOGADOS, BARRIO DENT, DE AUTOS SUBARU, DOSCIENTOS METROS AL NORTE, EDIFICIO BLANCO ESQUINERO MANO IZQUIERDA.-

**FECHA DE INSCRIPCION:** 06/12/2005 **CARGO:** FISCAL
**OCUPADO POR:** VICTORIA MORA FLORES CEDULA DE IDENTIDAD 1-1026-0250
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 09/05/2005 **VENCIMIENTO** 30/07/2102

### FIN DE LOS NOMBRAMIENTOS O CARGOS DE LA PERSONA JURIDICA

### PODERES QUE HA OTORGADO LA PERSONA JURIDICA
### INFORMACION DETALLADA O POSIBLES MOVIMIENTOS EN LA CERTIFICACION DEL PODER CORRESPONDIENTE

CITAS DE INSCRIPCION DEL PODER: 568-77809-1-1 **FECHA:** 19/01/2007
TIPO DE PODER: PODER GENERALISIMO **ESTADO ACTUAL DEL PODER:** INSCRITO

### NO EXISTEN MAS PODERES OTORGADOS POR LA PERSONA JURIDICA
### NO EXISTE INFORMACION DE AFECTACIONES SOBRE LA PERSONA JURIDICA
### NO EXISTE INFORMACION DE MOVIMIENTOS PENDIENTES SOBRE LA PERSONA JURIDICA
### NO EXISTE INFORMACION DE OBSERVACIONES SOBRE LA PERSONA JURIDICA

LA PRESENTE CERTIFICACION CONSTITUYE DOCUMENTO PUBLICO CONFORME LO ESTABLECE EL ARTICULO 71 DEL DECRETO EJECUTIVO NUMERO 26771-J DEL 18 DE MARZO DE 1998 Y EL ARTICULO 369 DEL CODIGO PROCESAL CIVIL.

*- DADO EN EL REGISTRO NACIONAL A LAS 13 HORAS 1 MINUTOS Y 6 SEGUNDOS, DEL 17 DE SETIEMBRE DEL 2007-*

FIRMA DEL FUNCIONARIO AUTORIZADO.
SILVIA PACHECO RAMIREZ

NULA SIN LOS TIMBRES DE LEY CANCELADOS EN SOLICITUD ADJUNTA Y SELLOS CORRESPONDIENTES.

ABRIL 2007



**REPUBLICA DE COSTA RICA**
**REGISTRO NACIONAL**
**CERTIFICACION LITERAL**
**NUMERO DE CERTIFICACION: *-*790799-2008*-***
**PERSONA JURIDICA: 3-101-351874**

№   0891130

---

### DATOS GENERALES

**RAZON SOCIAL O DENOMINACION:** DATA ENTRY AND DOMAIN MANAGEMENT, SOCIEDAD ANONIMA
**ESTADO ACTUAL:** INSCRITA
**CITAS DEL ANTECEDENTE:** TOMO:1716 FOLIO:248 ASIENTO:00242
**DOCUMENTO ORIGEN:** TOMO: 522 ASIENTO: 14893 FECHA INSCRIPCION: 26/08/2004
**DOMICILIO:** SAN JOSE- SAN JOSE AVENIDA TRECE Y QUINCE, CALLE TREINTA Y TRES, CASA MIL TRESCIENTOS TREINTA Y DOS.
**OBJETO/FINES (SINTESIS):** SERVICIOS EXTERNO DE ADMINISTRACION CONTABLE Y FINANCIERA,COMERCIO, AGRICULTURA, GANADERIA, TURISMO, PODRA VENDER, HIPOTECAR, PIGNORAR, ADQUIRIR BIENES MUEBLES E INMUEBLES, ARRENDARLOS, GRAVARLOS, OTORGAR GARANTIAS REALES O FIDUCIARIAS.-
**PLAZO DE LA ENTIDAD JURIDICA:** INICIO: 30/07/2003 VENCIMIENTO: 30/07/2102

### CONFORMACION DEL CAPITAL O PATRIMONIO

**FECHA DE INSCRIPCION:** 26/08/2004 **TIPO DE CAPITAL:** SUSCRITO Y PAGADO **TIPO DE MONEDA:** COLONES
**CLASE DE ACCION O TITULO:** ACCIONES COMUNES Y NOMINATIVAS
**CANTIDAD TITULOS:** 100 **MONTO:** 1,000.00 **TOTAL:** 100,000.00

**NO EXISTEN MAS REGISTROS DE CAPITAL/PATRIMONIO PARA LA PERSONA JURIDICA**

### A D M I N I S T R A C I O N

**PLAZO DE DIRECTORES Y/O PRORROGAS:** JUNTA DIRECTIVA, FISCAL Y AGENTE RESIDENTE, DURARAN EN SUS CARGOS POR TODO EL PLAZO SOCIAL
**LA JUNTA DIRECTIVA NO TIENE FACULTAD PARA OTORGAR PODERES**

### R E P R E S E N T A C I O N

CORRESPONDE AL PRESIDENTE LA REPRESENTACION JUDICIAL Y EXTRAJUDICIAL CON FACULTADES DE APODERADO GENERALISIMO SIN LIMITE DE SUMA. TENDRA LAS FACULTADES DE OTORGAR PODERES, SUSTITUIR SU MANDATO EN TODO O EN PARTE, REVOCAR SUSTITUCIONES Y HACER OTRAS DE NUEVO, RESERVANDOSE O NO EL EJERCICIO DEL PODER SUSTITUIDO. PODRA ABRIR CUENTAS CORRIENTES A NOMBRE DE LA SOCIEDAD Y FIRMAR TODO LO RELACIONADO CON EL MANEJO DE DICHAS CUENTAS. PODRA AUTORIZAR A TERCEROS PARA QUE EN NOMBRE DE LA SOCIEDAD PUEDAN ABRIR CUENTA CORRIENTES Y FIRMAR TODO LO RELACIONADO CON DICHAS CUENTAS. SIN EMBARGO PARA PODER VENDER Y DE CUALQUIER FORMA ENAJENAR ACTIVOS DE LA COMPAÑIA, ASI COMO PARA ADQUIRIR DEUDAS EN NOMBRE DE ESTA, DEBERA CONTAR CON LA AUTORIZACION PREVIA Y EXPRESA DE LA ASAMBLEA DE ACCIONISTAS.

### N O M B R A M I E N T O S
#### JUNTA DIRECTIVA

**FECHA DE INSCRIPCION:** 07/08/2006 **CARGO:** PRESIDENTE
**OCUPADO POR:** GERARDO ALBERTO UMAÑA JUAREZ CEDULA DE IDENTIDAD 1-0826-0545
**REPRESENTACION:** REPRESENTACIÓN JUDICIAL Y EXTRAJUDICIAL
**VIGENCIA:** INICIO 20/01/2006 **VENCIMIENTO** 30/07/2102

**FECHA DE INSCRIPCION:** 01/02/2007 **CARGO:** TESORERO
**OCUPADO POR:** MARIO CHAVEZ SALAS CEDULA DE IDENTIDAD 1-0227-0419
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 14/11/2006 **VENCIMIENTO** 30/07/2102

**FECHA DE INSCRIPCION:** 03/10/2007 **CARGO:** SECRETARIO
**OCUPADO POR:** CRISTIAN ALBERTO MORA GARBANZO CEDULA DE IDENTIDAD 1-0830-0186
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 12/09/2007 **VENCIMIENTO** 30/07/2102

**NO EXISTEN MAS NOMBRAMIENTOS EN JUNTA DIRECTIVA**

#### NOMBRAMIENTOS U OTROS CARGOS DE LA PERSONA JURIDICA
**FECHA DE INSCRIPCION:** 06/12/2005 **CARGO:** FISCAL
**OCUPADO POR:** VICTORIA MORA FLORES CEDULA DE IDENTIDAD 1-1026-0250
**REPRESENTACION:** NO APLICA
**VIGENCIA:** INICIO 09/05/2005 **VENCIMIENTO** 30/07/2102

**FECHA DE INSCRIPCION:** 03/10/2007 **CARGO:** AGENTE RESIDENTE
**OCUPADO POR:** FERNANDO SOLIS AGUERO CEDULA DE IDENTIDAD 1-1021-0065
**REPRESENTACION:** NO APLICA
**VIGENCIA INICIO** 12/09/2007 **VENCIMIENTO** 30/07/2102
**DIRECCION:** SAN JOSE, BUFETE NIEHAUS ABOGADOS, SITUADO EN BARRIO DENT DE AUTOS SUBARU 200 AL NORTE, EDIFICIO BLANCO ESQUINERO A MANO IZQUIERDA

Nº  0891131

**FIN DE LOS NOMBRAMIENTOS O CARGOS DE LA PERSONA JURIDICA**

**REGISTRO NACIONAL**
REPUBLICA DE COSTA RICA

**PODERES QUE HA OTORGADO LA PERSONA JURIDICA**
**INFORMACION DETALLADA O POSIBLES MOVIMIENTOS EN LA CERTIFICACION DEL PODER CORRESPONDIENTE**
**CITAS DE INSCRIPCION DEL PODER:** 568-77809-1-1 **FECHA:** 19/01/2007
**TIPO DE PODER:** PODER GENERALISIMO **ESTADO ACTUAL DEL PODER:** INSCRITO

**NO EXISTEN MAS PODERES OTORGADOS POR LA PERSONA JURIDICA**
**NO EXISTE INFORMACION DE AFECTACIONES SOBRE LA PERSONA JURIDICA**
**NO EXISTE INFORMACION DE MOVIMIENTOS PENDIENTES SOBRE LA PERSONA JURIDICA**
**NO EXISTE INFORMACION DE OBSERVACIONES SOBRE LA PERSONA JURIDICA**

LA PRESENTE CERTIFICACION CONSTITUYE DOCUMENTO PUBLICO CONFORME LO ESTABLECE EL ARTICULO 71 DEL DECRETO EJECUTIVO NUMERO 26771-J DEL 18 DE MARZO DE 1998 Y EL ARTICULO 369 DEL CODIGO PROCESAL CIVIL.

*- DADO EN EL REGISTRO NACIONAL, A LAS 10 HORAS 55 MINUTOS Y 16 SEGUNDOS, DEL 13 DE MARZO DEL 2008-*

FIRMA DEL FUNCIONARIO AUTORIZADO.
GERARDO RODRIGUEZ PEÑARANDA

NULA SIN LOS TIMBRES DE LEY CANCELADOS EN SOLICITUD ADJUNTA Y SELLOS CORRESPONDIENTES.