UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 1ST TECHNOLOGY, LLC, | Case No. 2:06-cv-01110-RLH-GWF |
| Plaintiff, | **ORDER AND FINDINGS AND RECOMMENDATIONS RE:** |
| vs. | |
| RATIONAL ENTERPRISES LTDA, et al., | **Plaintiff's Motion for Sanctions and for an Order To Show Cause to Hold Defendants in Contempt and Renewed Request for Sanctions Against Counsel For Defendants (#149)** |
| Defendants. | |

This matter is before the Court on Plaintiff 1st Technology LLC's Motion for Sanctions Against Defendants Bodog Entertainment Group, S.A., Bodog.com, and Bodog.net, for an Order To Show Cause to Hold Defendants in Contempt and Renewed Request for Sanctions Against Counsel For Defendants (#149), filed on May 2, 2008; Defendants' Opposition to Plaintiff 1st Technology LLC's Motion for Sanctions and Request for Sanctions Against Counsel for Plaintiffs (#156), filed May 20, 2008; and Plaintiff 1st Technology LLC's Reply in Support of Motion for Sanctions and Opposition to Foley Lardner's "Request for Sanctions Against Counsel for Plaintiffs [Sic]" (#160), filed June 2, 2008. The Court conducted a hearing in this matter on June 10, 2008.

## BACKGROUND

On June 13, 2007, the District Court granted Plaintiff a Default Judgment against Defendants Bodog Entertainment Group S.A., Bodog.net, and Bodog.com (hereinafter the "Bodog Defendants") in the amount of $46,597,849.00.[1] *Default Judgment (#33).* The Bodog Defendants subsequently filed a motion to set aside the default judgment which was denied by the Court on October 11, 2007. *Minutes*

---

[1] According to Defendants, Data Entry & Domain Management, S.A. is the successor entity or name for the Defendant known as Bodog Entertainment Group, S.A. Defendants have previously denied that Bodog.net, and Bodog.com are actual legal entities.

*of Proceedings (#83)*, October 11, 2007. The Bodog Defendants filed a Notice of Appeal from the order denying their motion to set the default judgment aside. *Notice of Appeal (#100)*. The Bodog Defendants neither sought nor obtained any stay of proceedings in this case pending a decision on their appeal. Since entry of the default judgment, Plaintiff, as judgment creditor, has attempted to pursue discovery from the Bodog Defendants to identify and locate assets upon which it can execute to satisfy its judgment.

In December 2007, Plaintiff served requests for production of documents and interrogatories on the Bodog Defendants. In response to Plaintiff's discovery, Defendants asserted numerous boilerplate objections and also objected to the interrogatories on the grounds that the number of interrogatories, including subparts, exceed the authorized limit of 25 interrogatories under Fed.R.Civ.Pro. 33(a). Plaintiff filed a motion to compel, requesting that the Court overrule Defendants' objections and order them to respond to the discovery requests. *See Motion to Compel (#126)*, filed February 25, 2008.

In Defendants' opposition to the motion to compel, Defendants' counsel Victor De Gyarfas submitted a declaration which stated that as of September 2006, Data Entry & Domain Management, S.A. ("DEDMSA"), formerly known as Bodog Entertainment Group, S.A. ("BEGSA"), effectively ceased operating, and it has been unregistered as an active taxpayer in Costa Rica as a result of the discontinuance of its operations. *Opposition to Motion to Compel/Declaration of Victor De Gyarfas (#135)*, ¶2, filed March 18, 2008. In support of this statement, Defendants attached to their opposition a declaration by Defendants' external public accountant, Mario Jorge Chaves Salas, which had been previously filed with the Court. *Id.*, Exhibit "A."[2] Mr. De Gyarfas further stated:

> 4. After receiving the discovery requests, they were forwarded to the client. The persons who used to work for DEDMSA/BEGSA that were aware of the type of documents kept by DEDMSA/BEGSA are no longer employed by DEDMSA/BEGSA and they can be difficult to reach.

---

[2] In his Declaration, Mr. Salas identified himself as a business consultant with Nimroad Consultants in Costa Rica and stated that he previously served as Bodog Entertainment Group, S.A.'s "external accountant". The lists of officers and directors for Defendant Bodog Entertainment Group, S.A. and Domain Name & Data Entry, S.A., filed in the Republic of Costa Rica, which are attached to Plaintiff's Motion for Sanctions, indicates, however, that Mr. Salas was/is the treasurer of Bodog Entertainment Group, S.A. and Domain Name & Data Entry, S.A. *See Motion for Sanctions (#149), Exhibit "3."*

> Without revealing the content of communications with the client, I spoke with the client about the subject of the discovery requests, but I was not given authorization to produce documents or information responsive to the interrogatories.

*Id., De Gyarfas Declaration (#135)*, ¶4.

Defendants' Opposition (#135) did not disclose the identity of Defendants' officer(s) or managing agent(s) who have declined to give Defendants' counsel authorization to produce documents or information responsive to Plaintiff's interrogatories. Nor did Defendants provide any sworn affidavit or signed interrogatory answer by any corporate officer or managing agent of the Defendants stating that, after reasonable effort, they were unable to produce documents or provide information in response to Plaintiff's discovery requests. Mr. De Gyarfas' statement that he was not given authorization to produce documents or information responsive to the interrogatories indicates that Defendants were not willing to produce any documents or information. The Court therefore granted Plaintiff's Motion to Compel and required Defendants to serve answers to interrogatories and produce documents responsive to requests for production. *See Order (#142),* filed on April 8, 2008.

Plaintiff also sought an award of attorney's fees and costs against Defendants and their counsel for bringing the motion to compel. The Court granted the request for an award of attorney's fees and costs against the Defendants but denied the request for fees against Defendants' counsel. In this regard, the Court accepted Defendants' counsel's representations that his clients had not authorized him to respond to Plaintiff's discovery requests. The Court, however, cautioned Defendants' counsel that the Court would in the future consider the imposition of sanctions against counsel if he/they represented positions that have no legitimacy under the Federal Rules of Civil Procedure. *See Defendants' Counsel's Reply re Motion to Withdraw (#159)* p. 2; April 4, 2008 Hearing Transcript (#145) page 14. The Court required the Bodog Defendants to provide substantive responses to Plaintiff's written discovery requests on before April 21, 2008. The Bodog Defendants have not provided discovery responses in compliance with the Court's order. *See Order (#142).*[3]

---

[3] On May 27, 2008, the Court awarded Plaintiff attorney's fees and costs against the Bodog Defendants in regard to the motion to compel in the total amount of $13,746.00. *See Order (#157).* No information has been provided to the Court that any portion of those expenses has been paid.

3

On May 2, 2008, Defendants' counsel filed their motion to withdraw as counsel, stating that they had been instructed by the Defendants to withdraw. *Motion to Withdraw (#147)*. That same day, Plaintiff filed its motion for sanctions and for an order to show cause why Defendants should not be held in contempt for their failure to comply with the Court's order (#142). Plaintiff also made a renewed request for sanctions against Defendants' counsel. *See Motion for Sanctions, Etc. (#149)*. Based on the Opposition filed by Defendants' counsel to Plaintiff's Motion for Sanctions, it appears that the Bodog Defendants, and/or the person(s) controlling those entities or their successors refuse to comply with the order to compel. *See Opposition to Plaintiff's Motion for Sanctions and Request for Sanctions Against Counsel for Plaintiffs (sic) (#156)*. Once again, Defendants have provided no information or proof that they are unable to comply, in whole or in part, with Plaintiff's discovery requests or the Court's discovery order. Defendants' counsel took no position whether sanctions should be imposed on the Bodog Defendants or whether Defendants should be required to show cause why they should not be held in contempt for violating the Court's order. *See Opposition (#156)*, p. 5 n. 1. Defendants' counsel argued, however, that there is no authority for the Court to impose sanctions on or hold Bodog IP Holdings, a nonparty in this action, in contempt. Defendants' counsel also deny that they have advised or caused the Defendants not to comply with the order granting Plaintiff's motion to compel and argue that no basis exists for imposing sanctions on Defendants' counsel.

## **DISCUSSION**

Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that in aid of the judgment or execution, the judgment creditor may obtain discovery from any person, including the judgment debtor, as provided in the Federal Rules of Civil Procedure or by the procedure of the state where the court is located. Here, Plaintiff has pursued discovery in aid of its judgment or execution and has obtained an order compelling Defendants to respond to its discovery requests. Defendants have failed and apparently refuse to comply with the Court's discovery order.

Fed.R.Civ.Pro. 37(b)(2)(A) provides that if a party or a party's officer, director or managing agent fails to obey an order to provide or permit discovery, including an order under Rule 37(a), the court where the action is pending may issue further just orders, which may include the following: . . .

(i) directing that the matter embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey an order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(C) further provides that instead of or in addition to the foregoing orders, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure to comply with the court's order, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

As the Plaintiff notes, because a default judgment has already been entered against the Defendants and the Court's order (#142) relates to post-judgment discovery pursuant to Rule 69(a)(2), some of the sanction orders referenced in Rule 37(b)(2)(A) are inapplicable or would be ineffective in the context of this case. As a sanction for Defendants' failure or refusal to comply with Order (#142), Plaintiff requests that the Court enter the following sanction orders pursuant to Rule 37(b)(2)(A):

1. That the Bodog Defendants be prohibited from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, as such claims or defenses or evidence was presented in the past or the future. In other words, Plaintiff requests that the Bodog Defendants should not be permitted to assert any defenses or present any evidence until they comply with the Court's order (#142);

2. That the Court strike all of the Bodog Defendants' past and future pleadings and other filings as a whole. I.e., that the Bodog Defendants should be barred from presenting any arguments, filing any documents, or otherwise defending themselves until they actively participate in discovery, and that all of their prior filings should be stricken; and

3. That the Bodog Defendants and their counsel, Foley Lardner, be held jointly and severally liable for Plaintiff's attorney's fees pursuant to Rule 37(b)(2)(C).

5

1    In addition to the foregoing, Plaintiff requests pursuant to Rule 37(b)(2)(A)(vii) and 28 U.S.C. §
2  636(e)(6) that the magistrate judge certify facts to the District Judge requiring the Bodog Defendants,
3  through one or more corporate representatives who are responsible for the Bodog Defendants
4  "illegalities," to appear to show cause why they should not be held in contempt for their failure to obey
5  Order (#142) and that the Plaintiff be afforded the opportunity to present evidence and request the
6  District Judge to hold the Bodog Defendants and their representatives in contempt.  Plaintiff also
7  requests that non-party Bodog IP Holdings, which it believes operates Bodog.com as a "d/b/a," be
8  ordered to show cause why it should not be held in contempt for failure to comply with the Court's
9  discovery order.
10   As to the facts which support the imposition of sanctions against the Bodog Defendants under
11 Rule 37(b)(2)(A) and (C) and which support a certification of facts regarding an order to show cause for
12 contempt pursuant to Rule 37(b)(2)(A)(vii) and 28 U.S.C. § 636(e)(6), it is clear that the Bodog
13 Defendants have failed to comply with the Court's order (#142).  It is also implicit from Defendants'
14 counsel's statement in his Declaration submitted with the Opposition to the Motion to Compel (#135),
15 and the absence of any additional or contrary statement in response to Defendants' Motion for Sanctions
16 (#149), that the Bodog Defendants have no present intention of complying with the Court's discovery
17 order.

18   **1.   Appropriate Sanctions Under Rule 37(b)(2)(A)(i)-(vi).**

19   A default judgment has already been entered against the Bodog Defendants.  The Bodog
20 Defendant's motion to set aside the default judgment was denied by the District Court and Defendants
21 have filed a notice of appeal from that order.  Unless and until the default judgment is set aside by the
22 Court of Appeals, there are no defenses that the Bodog Defendants can assert to the merits of the case or
23 the enforcability of the judgment.  Other than the Bodog Defendants' pending appeal from the order
24 denying their motion to set aside the default judgment, the Bodog Defendants have no pending motions
25 or pleadings, the striking of which would have a punitive or coercive effect on Defendants.  An order
26 striking the Bodog Defendants' past post-judgment filings, which have already been disposed of by the
27 Court, could result in uncertainty or confusion as to whether orders entered by the Court on those
28 matters, some of which were favorable or partially favorable to the Bodog Defendants, are still in force.

1  The Court will, therefore, not order or recommend such a sanction order in this case.

2  There is no specific provision in Rule 37(b)(2)(A) which broadly authorizes the court to enter a sanction order barring the disobedient party from presenting *any* argument or filing *any* documents, although an order pursuant to subparts (i) - (vi) would, by implication, bar a party from further litigating matters that the court has disposed of pursuant to its sanction order. While the Court is not limited to the kinds of orders specified in Rule 37(b)(2), courts are reluctant to impose novel sanctions of a sort not mentioned in the rule. *See Wright, Miller & Marcus, Federal Practice and Produce: Civil 2d §* 2289. The Court cannot anticipate all of the motions, arguments or filings that the Bodog Defendants may seek to assert in the future. It is conceivable, however, that there are potential future matters that the Court would and should permit the Bodog Defendants to address, notwithstanding their failure and refusal to comply with the discovery order. If, for example, the Court of Appeals reverses the District Court's order denying Defendants' motion to set aside the default judgment, the Court may be required to entertain motions, arguments or filings by the Defendants relating to the set aside of the default judgment, notwithstanding Defendants' failure to comply with the Court's discovery order. It is therefore inappropriate to enter a sanction order that bars the Bodog Defendants from presenting *any* argument or filing *any* document in the future. Nothing stated herein, however, precludes the Plaintiff from arguing, or the Court concluding, that Defendants should be denied certain future relief based on their continuing noncompliance with the Court's discovery order. This is especially true where Defendants' failure or refusal to provide discovery is relevant to the type of relief being sought by Defendants.

**2.   Certification of Facts Supporting Order to Show Cause for Contempt.**

Plaintiff has not specified in its Motion (#149) whether it requests that Defendants be held in civil contempt, criminal contempt, or both. Whether contempt is criminal or civil is determined by the purpose of the sanction. Generally, if the sanction is intended to punish past conduct, and is imposed for a definite amount or period without regard to the contemnor's future conduct, it is criminal. If the sanction is intended to coerce the contemnor to comply with the court's order in the future, and the sanction is conditioned upon continued noncompliance, it is civil. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992), citing *Hicks v. Feiock*, 485 U.S. 624, 632, 108 S.Ct.

1423, 1429, 99 L.Ed.2d 721 (1988); *Portland Feminist Women's Health Center v. Advocates for Life*, 877 F.2d 787, 790 (9th Cir. 1989); *SEC v. Elmas Trading Corp.*, 824 F.2d 732 (9th Cir. 1987).  *F.J. Hanshaw Enterprises Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1137-38 (9th Cir. 2001), citing *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).  Where the court imprisons or imposes fines on the contemnor in order to coerce him or her to comply with the court's order, and which the contemnor can avoid or terminate by complying with the order, the contempt sanction is civil.  *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).  Civil contempt may, however, become criminal over time.  *Richmark*, 959 F.2d at 1480.  Sanctions which are imposed to compensate the other party or the court for the harm caused by the contemnor's disobedience are also civil.  *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110.

     *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228 (9th Cir. 1999) states that the standard for finding a party in civil contempt is well settled:  "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they were unable to comply."  *Id.,* quoting *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992) (citations omitted).  Criminal contempt is established when there is a clear and definite order of the court, the contemnor knows of the order, and the contemnor willfully disobeys the order.  *United States v. Rylander*, 714 F.2d 996, 1001 (9th Cir. 1983).  A finding of civil or criminal contempt is inappropriate where a party has taken "'all reasonable steps'" it can take to comply.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992), citing *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989).  *Richmark* also states that the contempt sanction is improper if it is being used an execution tool to collect the judgment, but is appropriate to coerce the judgment debtor into compliance with a discovery order.  *Id.* 959 F.2d at 1480.

     To protect against abuse and ensure that parties receive due process, individuals subject to sanction are afforded procedural protections, the nature of which varies depending upon the violation, and type and magnitude of the sanction.  The more punitive the nature of the sanction, the greater the protection to which the individual is entitled.  *Hanshaw Enterprises Inc. v. Emerald River Development, Inc.*, 244 F.3d at 1137.  A party subject to civil or criminal contempt sanction is entitled to notice and an

8

1  opportunity to be heard. *Lasar v. Ford Motor Co.*, 244 F.3d at 1109-10. In *Hanshaw*, the district court

2  imposed a $500,000 fine on the contemnor which the Ninth Circuit concluded was a punitive, criminal

3  sanction. The court stated that before serious criminal penalties can be imposed for a direct or indirect

4  contempt, the contemnor must be afforded the full protection of a criminal jury trial. *Hanshaw*, 244

5  F.3d at 1138, citing *Bagwell, supra. Hanshaw* further states:

> "Still further procedural protections are afforded for contempts occurring out of court, where the considerations justifying expedited procedures do not pertain." *Bagwell,* 512 U.S. at 833, 114 S.Ct. 2552. An individual charged with an indirect criminal contempt is entitled to the right to be advised of the charges, *Young,* 481 U.S. at 794, 107 S.Ct. 2124; the right to a disinterested prosecutor, *id.* at 808, 107 S.Ct. 2124; the right to assistance of counsel, *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 69 L.Ed. 767 (1925); a presumption of innocence, *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797 (1911); proof beyond a reasonable doubt, *id.;* the privilege against self-incrimination, *id.;* the right to cross-examine witnesses, *Davis v. Alaska,* 415 U.S. 308, 315-16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); the opportunity to present a defense and call witnesses, *Cooke,* 267 U.S. at 537, 45 S.Ct. 390; and the right to a jury trial if the fine or sentence imposed will be serious, *Bagwell,* 512 U.S. at 837 n. 5, 114 S.Ct. 2552.

14  *Hanshaw*, 244 F.3d at 1138-39.

15    *Hanshaw* noted that the Supreme Court has not decided where the line between serious and

16  petty fines should be drawn, but noted that in *Blanton v. City of North Las Vegas, Nev.*, 489 U.S. 538,

17  544, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), the Supreme Court implied that $5,000, in 1989 dollars,

18  was the cutoff for a serious fine warranting a jury trial. *Id.,* 244 F.3d at 1139 n. 9, 1140 n. 10.

19    **A.**  **Certification of Facts Warranting Contempt Citation Against Bodog Defendants.**

20    In this case, there are certifiable facts warranting the issuance of an order requiring Defendants

21  to show cause why they should not be held in civil contempt for violating the Court's discovery order.

22  Defendants' counsel stated in his declaration in support of the opposition to the motion to compel that

23  "[t]he persons who used to work for DEDMSA/BEGSA that were aware of the type of documents kept

24  by DEDMSA/BEGSA are no longer employed by DEDMSA/BEGSA and can be difficult to reach."

25  *De Gyarfas Declaration (#135)*, ¶4. Defendants have not provided signed answers to interrogatories or

26  an affidavit by an officer or managing agent of Defendants, however, setting forth what efforts

27  Defendants have made to locate and produce relevant documents or information in response to

28  Plaintiff's discovery requests. Moreover, Defendants' counsel's generalized and vague statement did

not aver that Defendants do not have any documents and information which are partially responsive to Plaintiff's discovery requests. More tellingly, Defendants' counsel stated that he was not authorized by Defendants to produce documents or information responsive to the interrogatories. *Id.* In response to Plaintiff's Motion for Sanctions (#149), Defendants and their counsel have not even attempted to argue that it is impossible to comply with the Court's order or that they have taken all reasonable steps within their ability to do so.

These facts are clearly sufficient to justify the issuance of an order to Defendants to show cause why they should not be held in civil contempt based on their failure or refusal to comply with the Court's discovery order. These facts also arguably support the issuance of an order to show cause why the Defendants should not be held in criminal contempt for willfully violating the Court's order since it appears that Defendants have knowledge of the Court's discovery order and there is no indication that they are willing to comply with it. If the Court issues an order to show cause why Defendants should not be held in criminal contempt, however, they may be entitled to panoply of procedural protections cited by the court in *Hanshaw* depending upon the severity of criminal contempt sanctions potentially contemplated by the Court.

**B.      Certification of Facts Warranting Contempt Citation Against Defendants' Responsible Officers or Managing Agents.**

In addition to the named Defendants, Bodog Entertainment Group S.A./ Domain Name & Data Entry, S.A., Bodog.net and Bodog.com, Plaintiff requests that "one or more corporate representatives who are responsible for the Bodog Entities' illegalities [should be required] to appear to show cause why they should not be held in contempt for their failure to adhere to the Order granting 1st Technology's motion to compel." *Motion for Sanctions (#149)*, pp. 8-9. Rule 37(b)(2)(A) provides that sanction orders, including contempt, may be imposed if a party or a party's officer, director or managing agent fails to obey an order to provide or permit discovery. In *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Service Co.*, 340 F.3d 373 (6th Cir. 2003), the court held that the sole officer and shareholder of the defendant, who was not himself a party, could be held in contempt for the defendant's failure to obey the court's judgment and order and that the district court abused its discretion in denying plaintiff's request that the officer be held in contempt. The Sixth

Circuit quoted the Supreme Court's statement in *Wilson v. United States*, 221 U.S. 361, 376, 31 S.Ct. 538, 55 L.Ed.2d 771) (1911) as follows:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt.

*Electrical Workers Pension Trust Fund,* 340 F.3d at 380.

In order to hold a corporate officer in contempt, the movant must show that he or she had notice of the order and its contents. *Electrical Workers Pension Trust Fund*, 340 F.3d at 380. *See also United States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988) ("A nonparty may be held liable for contempt if he or she either abets or is legally identified with the named defendant." ... "An order to a corporation binds those who are legally responsible for the conduct of its affairs."); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313,1323-24 (9th Cir. 1998) ("'To be held liable in contempt, it is necessary that a non-party respondent must either abet the defendant [in violating the court's order] or be legally identified with him,' *NLRB v. Sequoia District Council of Carpenters*, 568 F.2d 628, 633 (9th Cir. 1977)").

In this case, Defendants' oppositions to the motions to compel and for sanctions did not identify the corporate officer(s) or managing agent(s) who refused to authorize Defendants' counsel to produce documents or information responsive to the interrogatories. In its Order (#169), however, the Court ordered Defendants' counsel to provide the Court and Plaintiff with the names and current or last known addresses of the representatives of Defendants who have authorized and/or directed Defendants' counsel's actions and with whom Defendants' counsel have communicated regarding Plaintiff's discovery requests or the Court's order (#142). Once Defendants' counsel identifies Defendants' responsible representatives in compliance with the Court's order, the Court can and should order those representatives to appear and show cause why they should not be held in contempt of the Court's order. Alternatively, Plaintiff has attached to its Motion for Sanctions, copies of the lists of officers and directors of Defendant Bodog Entertainment Group, S.A. and Domain Name & Data Entry, S.A., filed in the Republic of Costa Rica. *See Motion for Sanctions (#149), Exhibit "3."* Although these documents are in the Spanish language, it appears that the president of both companies is Geraldo

Alberto Umana, the secretary is David Ferguson and the treasurer is Mario Chavez Salas. The Court may, therefore, issue an order requiring these corporate officers to appear and show cause why they should not be held in contempt for Defendants' failure or refusal to comply with the Court's discovery order.

### C. Contempt Citation Against Nonparty Bodog IP Holdings.

Plaintiff also asserts that it believes that Defendant Bodog.com operates as a d/b/a of an entity called Bodog IP Holdings. *Motion for Sanctions (#149)*, p. 9 n. 5. Plaintiff requests that in addition to ordering the responsible corporate officers of both Defendant Bodog Entertainment Group S.A. and Domain Name & Data Entry, S.A. to show cause why they should not be held in contempt for violating the Court's order (#142), that Bodog IP Holdings should also be required to show cause why it should not be held in contempt for Bodog.com's failure or refusal to comply with the Court's order. Defendants' counsel strenuously objects to an order including Bodog IP Holdings as a party against whom a contempt citation may be issued. In this regard, Defendants' counsel argues that Plaintiff's motion for sanctions seeks to have Bodog IP Holdings bound by the judgment in this case. *See Opposition to Motion for Sanctions (#156)*, pp. 8-12. Plaintiff's Motion for Sanctions, however, does not seek an order declaring that Bodog IP Holdings is bound by or liable for the default judgment. Rather, Plaintiff's motion seeks an order to show cause why Bodog IP Holdings should not be held in contempt for Bodog.com's failure or refusal to comply with the Court's discovery order.

As set forth above, a nonparty may be held liable for contempt if it either abets or is legally identified with the named defendant. An order to a corporation or other entity binds those who are legally responsible for the conduct of its affairs. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323-24 (9th Cir. 1998). Thus, if Defendant Bodog.com was and is a "d/b/a" of Bodog IP Holdings, which is legally responsible for its compliance with the discovery order, then Bodog IP Holdings is potentially subject to a contempt for Bodog.com's failure or refusal to comply with the Court's order. The burden is upon Plaintiff to show that Bodog.com is a d/b/a of Bodog IP Holdings. Plaintiff has attached to its Reply (#160), trademark documents which it alleges show that the trademark for Bodog.com was assigned to Bodog IP Holdings in February 2007. Frankly, it is not clear to the Court from these documents whether Bodog.com is a d/b/a of Bodog IP Holdings. The Court, therefore, finds that there

is presently insufficient evidence or information that Bodog.com was or is a "d/b/a" of Bodog IP Holdings to support the issuance of an order to Bodog IP Holdings to show cause why it should not be held in contempt. This conclusion, however, is without prejudice to Plaintiff demonstrating facts or evidence which would support an issuance of an order to show cause to Bodog IP Holdings.

### 3. Plaintiff's Request for Rule 37(b)(2)(C) Sanctions against Defendants' Counsel.

Plaintiff is entitled to an award of expenses, including its reasonable attorney's fees, against the Bodog Defendants caused by their failure to comply with the Court's discovery order. Defendants' counsel has presented no explanation for Defendants' failure to comply with the Court's order, other than that he has not been authorized to respond to Plaintiff's discovery requests. Thus, there is no substantial justification for the Bodog Defendants' failure to comply with the Court's order and no circumstances exist that would render an award of expenses against the Bodog Defendants unjust.

Plaintiff has not made a sufficient showing, however, that sanctions should be awarded against Defendants' counsel pursuant to Rule 37(b)(2)(C). The Third Circuit has held that under Rule 37, an attorney may only be sanctioned for personally violating a discovery order or for advising a client to do so. *Naviant Marketing Solutions v. Larry Tucker*, 330 F.3d 180, 185 (3rd Cir. 2003); *Bolger v. District of Columbia*, — F.R.D. — , 2008 WL 697417 (D.D.C. 2008) *7; *See also Stuart I Levin & Associates, P.A. v. Rogers*, 156 F.3d 1135, 1139 (11th Cir. 1998). In this case, the Court arguably could have imposed sanctions on Defendants' counsel for asserting the invalid boilerplate objections to Plaintiff's discovery requests. The Court, however, exercised its discretion not to award sanctions against Defendants' counsel under Rule 37(a)(5), but did caution Defendants' counsel that the Court would impose sanctions on counsel in the future if he took positions which have no legitimacy under the Federal Rules of Civil Procedure. The Court further advised Defendants' counsel that if his clients continued to refuse to comply with their discovery obligations, he would be placed in the position where he would have to consider withdrawing from the case. *See Defendants' Opposition to Motion for Sanctions (#156),* Exhibit "3," Hearing Tr., p. 14:14-23. Plaintiff did not file an objection to the Court's Order (#142) which declined to impose sanctions on Defendants' counsel.

No evidence has been provided that Defendants' counsel advised the Bodog Defendants not to respond to Plaintiff's discovery requests or that Defendants' counsel advised the Defendants not to

1 comply with the Court's discovery order (#142). The information available to the Court indicates the contrary. Defendants' counsel stated in his Declaration (#135) that Defendants had not authorized him to respond to the Plaintiff's discovery requests. Furthermore, following the entry of Order (#142), Defendants' counsel filed a motion to withdraw and has not attempted to defend the Bodog Defendants' failure or refusal to comply with the Court's order in a manner that would indicate that he has advised his clients to disobey that order. While an attorney surely has the obligation to advise his client to comply with court orders, *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1160-63 (11th Cir. 1993), the Court is not persuaded that Defendants' counsel has not provided such advice, or that his possible failure to do so is a contributing factor to the Defendants' failure and refusal to comply with the order. Under these circumstances, the Court exercises its discretion against entering an award of sanctions against Defendants' counsel under Rule 37(b)(2)(C).

## CONCLUSION

Based on the foregoing, the Court finds that Defendants have failed to comply with the Court's discovery order (#142). Defendants have provided no evidence that they are unable to comply with the Court's order, in whole or in part, or that they have made reasonable efforts to comply with the order. Sanctions may therefore be properly awarded against Defendants pursuant to Fed.R.Civ.Pro. Rule 37(b)(2)(A) and (C). The Court further finds and certifies the foregoing facts which support the issuance of an order to Defendants and their corporate officers and/or managing agents to show why they should not be held in civil contempt for their failure to comply with the discovery order. The Court also concludes that Plaintiff is entitled to an award of reasonable attorney's fees and costs against Defendants in regard to Plaintiff's Motion for Sanctions and for an Order To Show Cause to Hold Defendants in Contempt and Renewed Request for Sanctions Against Counsel For Defendants (#149). The Court, however, declines to award attorney's fees and costs against Defendants' counsel. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions and for an Order To Show Cause to Hold Defendants in Contempt and Renewed Request for Sanctions Against Counsel For Defendants (#149) is **granted**, in part, as follows:

. . .

1.    Plaintiff is awarded its reasonable attorney's fees and costs in regard to the filing of its motion for sanctions and for an order to show cause to hold Defendants in contempt.

    (a)    Counsel for Plaintiff shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

    (b)    Counsel for Defendants Bodog Entities shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

    (c)    Counsel for Plaintiff shall have 11 days from service of the responsive memorandum in which to file a reply.

2.    Plaintiff's request for an award of attorney's fees and costs against Defendants' counsel is **denied**.

3.    Plaintiff's request that Defendants' prior pleadings and filings in this case be stricken and that they be barred from filing any future pleadings, motions or other documents until they comply with the Court's discovery order is **denied,** without prejudice to Plaintiff's right to oppose any future motion or pleading filed by Defendants on the grounds that they have not complied with the Court's discovery order.

### FINDINGS AND RECOMMENDATIONS

Based on the foregoing, the Court hereby finds and recommends as follows:

1.    That an order be issued to Defendants Bodog Entertainment Group S.A., now known as Data Entry & Domain Management, S.A., Bodog.net, and Bodog.com to show cause why they should not be held in civil contempt for violating the Court's Order (#142);

2. That an order be issued to Defendants Bodog Entertainment Group S.A., now known as Data Entry & Domain Management, S.A.'s corporate officers to show cause why they should not be held in civil contempt for said Defendants' failure to comply with the Court's Order (#142). Once Defendants' counsel identifies the corporate representatives who have authorized and/or directed Defendants' counsel's actions and with whom Defendants' counsel have communicated regarding Plaintiff's discovery requests or the Court's order (#142), the Court will supplement this recommendation that an order be issued to those corporate officers or representatives to show cause why they should not be held in civil contempt;

3. That Plaintiff's request that an order be issued to Bodog IP Holdings to show cause why it should not be held in contempt for Defendant Bodog.com's failure to comply with the Court's Order (#142) be denied without prejudice.

4. The Court further finds that the facts certified herein also support the issuance of an order to Defendants Bodog Entertainment Group S.A., now known as Data Entry & Domain Management, S.A. , Bodog.net, and Bodog.com, and their responsible corporate officers and/or managing agents to show cause why they should not be held in criminal contempt for willfully violating the Court's Order (#142). If the District Judge agrees, then it is recommended that the Court issue the appropriate order to show cause regarding criminal contempt commensurate with the potential criminal contempt sanctions that may be imposed by the Court.

DATED this 29th day of July, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge